IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DEATLEY CONSTRUCTION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Judge Edward J. Damich ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 are admitted.

2. The allegations contained in paragraph 2 are admitted.

3. The allegations contained in paragraph 3 are admitted.

4. The allegations contained in paragraph 4 are admitted to the extent supported by the contract cited, which is the best evidence of its terms.

5. The allegations contained in paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. The allegations contained in the first sentence of paragraph 6 are admitted except to deny that

plaintiff was using a "WFLHD provided source," as that term is used in the contract. The allegations contained in the second sentence of paragraph 6 are denied except to admit that the WFLHD performed testing on the Aggregate D base. The allegations contained in the third sentence of paragraph 6 are deneid except to the extent supported by the contract, which is the best evidence of its contents.

7. The allegations in paragraph 7 are denied.

8. The allegations contained in the first sentence of paragraph 8 are admitted except to deny that

the materials were placed on a "temporary roadway." The allegations contained in the second sentence of paragraph 8 are denied.

9. The allegations contained in the first and third sentences of paragraph 9 are denied. The allegations contained in the second sentence of paragraph 9 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. The allegations contained in the first sentence of paragraph 10 are denied for lack of knowledge

or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second, third, and fourth sentences of paragraph 10 are denied.

11. The allegations contained in paragraph 11 are denied.

12. The allegations contained in the first sentence of paragraph 12 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second and third sentences of paragraph 12 are denied except to admit that DeAtley notified the Government of certain test results.

13. The allegation that representatives from DeAtley, DeAtley Crushing, and Budinger met with

representatives from WFLHD on February 14, 2003 to discuss the Grading D material is admitted; the remaining allegations in paragraph 13 are denied.

14. The allegations in paragraph 14 are admitted except to state that DeAtley's claim was filed

on September 23, 2003, not on September 18, 2003.

15. The allegations in paragraph 15 are admitted.

16. The allegation in paragraph 16 are admitted except to state that the project number, not the claim number, is "WA PFH 158-1(2)."

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Defendant incorporates by reference its responses contained in paragraphs 1 through 17 of its answer as though fully set forth here.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations in paragraph 20 are denied.

21. The allegations in paragraph 20 are denied.

22. The allegations in paragraph 20 are denied.

23. The allegations in paragraph 20 are denied.

24. Defendant incorporates by reference its responses contained in paragraphs 1 through 23 of its answer as though fully set forth here.

25. To the extent that plaintiff implies that all of the specifications were design specifications, the allegations in paragraph 25 are denied; while there were some design specifications, most of the specifications were performance specifications.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is

required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied.

29. Defendant incorporates by reference its responses contained in paragraphs 1 through 28 of its

answer as though fully set forth here.

30. The allegations in paragraph 20 are denied.

31. The allegations in paragraph 20 are denied.

32. The allegations in paragraph 20 are denied.

33. The allegations in paragraph 20 are denied.

34. Defendant incorporates by reference its responses contained in paragraphs 1 through 33 of its

answer as though fully set forth here.

35. The allegations in paragraph 20 are denied.

36. The allegations in paragraph 20 are denied.

37. The allegations in paragraph 20 are denied.

38. The allegations in paragraph 20 are denied.

39. Defendant incorporates by reference its responses contained in paragraphs 1 through 38 of its

answer as though fully set forth here.

40. The allegations in paragraph 20 are denied.

41. The allegations in paragraph 20 are denied.

42. Defendant incorporates by reference its responses contained in paragraphs 1 through 41

of its

answer as though fully set forth here.

43. The allegations in paragraph 20 are denied.

44. The allegations in paragraph 20 are denied.

45. The allegations in paragraph 20 are denied.

46. The allegations in paragraph 20 are denied.

47. The allegations in paragraph 20 are denied.

48. The allegations in paragraph 20 are denied.

49. The allegations in paragraph 20 are denied.

50. The allegations in paragraph 20 are denied.

51. The allegations in paragraph 20 are denied.

Defendant denies each and every allegation not previously admitted or denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief

immediately

following paragraph 51, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just

and proper.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

/s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

October 6, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2004, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ Leslie Cayer Ohta

________________________________________