IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DEATLEY CONSTRUCTION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Judge Edward J. Damich ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OUT OF TIME OPPOSITION TO PLAINTIFF'S MOTION TO AMEND DISCOVERY SCHEDULING ORDER

Defendant respectfully submits this out-of-time opposition to plaintiff's motion to amend the discovery scheduling order. Our response was due by July 7, 2005. Due to counsel's oversight, the response date was not properly calendered. Defendant opposes plaintiff's motion upon the following grounds:

1.) Plaintiff has not demonstrated good cause for amending the scheduling order.

2.) A settlement meeting was held in Spokane, Washington, on March 23, 2005. That meeting was attended by three attorneys, the principals, six employees, and Alan Gifford, DeAtley's engineering expert, representing DeAtley Construction and its subcontractor, DeAtley Crushing. Also in attendance was Frank Leathers, president of GEI Consultants, defendant's expert witness in the area of geotechnical engineering. Mr. Leathers presented a detailed briefing of his educational background, his experience, his review of the pertinent records, photographs, and test data, his testing of aggregate samples from the project site, his opinions, and the bases therefore. In addition, Mr. Leathers answered questions posed to him by plaintiff's expert and others. Thus, plaintiff is well aware of the scope and depth of Mr. Leather's opinions.

3.) Plaintiff has the burden of proving its allegation that the Government breached the

contract by failing to provide an adequate source material for the aggregate in accordance with the contract specifications. Thus, plaintiff is obligated to present its evidence on this issue in its case -in-chief. Based upon the opinions expressed by Mr. Gifford, at the settlement meeting, plaintiff's is prepared to do so.

4.) Rebuttal evidence is generally limited to witnesses and documents that tends to rebut unanticipated facts that are presented it its adversary's case in chief, not expert testimony.

5.) Additional and unnecessary time and expense will be incurred by the parties if rebuttal expert testimony is permitted, including the cost of having the designated experts prepare supplemental reports, retaining additional experts as rebuttal witnesses, and the cost of deposing such experts about their rebuttal opinions. In a case involving a claim for less than $300,000, such additional expenditures can not be justified.

6.) Since expert reports in this matter are going to be exchanged simultaneously, defendant submits that the more rationale and expeditious approach is to permit the experts to prepare supplemental reports addressing points made by the opposing party's experts, not already addressed in their reports, within two weeks of the submission of the underlying report, but in no event less than two weeks prior to the scheduled deposition of the expert submitting a supplemental report.

For all of the foregoing reasons, defendant respectfully requests that plaintiff's motion be denied. In the alternative, defendant respectfully requests that the scheduling order be amended to allow for the submission of supplemental expert reports sufficiently in time for both parties to

depose the experts at one deposition that covers both the underlying expert report and any supplements thereto.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

July 12, 2005

Attorneys for Defendant