IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DEATLEY CONSTRUCTION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SECOND MOTION TO EXTEND DISCOVERY DEADLINES

Pursuant to Rule 6(b) of the Court of Federal Claims, the United States respectfully requests that the current discovery schedule be extended by approximately eleven weeks. This is our second request for an enlargement of time for this purpose. Counsel for both parties have discussed this motion, and plaintiff's counsel has indicated that plaintiff opposes the granting of this motion.

The United States requests this enlargement of time because additional time is needed to take the depositions of plaintiff's fact witnesses and to obtain additional documents. The parties agreed not to conduct any formal discovery until settlement discussions were completed. At the time the parties proposed the initial discovery schedule, it was contemplated that the settlement meeting would occur in January 2005. Because of scheduling and other conflicts, the parties did not meet until March 23, 2005. Despite the efforts of the parties, settlement negotiations were unsuccessful. Because of the two-month delay in scheduling the settlement meeting, on June 9, 2005, defendant filed an unopposed motion for a 60-day enlargement of time within which to conduct discovery, thereby extending the time within which to depose fact witnesses to and including October 1, 2005. That motion was granted on July 13, 2005.

Government counsel defended depositions taken by plaintiff in Vancouver, Washington, the week of August 22, 2005, and intended to take the depositions of plaintiff's fact witnesses in Spokane, Washington, the week of September 12, 2005. However, in June 2005 defendant's counsel was transferred a case captioned Die Casters International v. United States, Fed. Cl. 04-1333. Die Casters is seeking approximately $117,000,000, claiming that the Defense Threat Reduction Agency breached a Defense Conversion Program contract to convert a military weapons production facility in Ukraine into a commercial die casting plant. That case is scheduled to be tried before Judge Braden in November 2005. Since defendant's motion to extend the discovery deadlines was denied, substantially all of counsel's time has been consumed by activities relating to that matter, including obtaining about 60,000 pages of documents; retaining experts in the areas of business planning, accounting, die casting processes, and the valuation of die casting equipment; consulting with numerous former employees of Die Casters; traveling to Ukraine to interview potential witnesses and to observe the die casting facility involved in the case; subpoenaing records from approximately 40 financial institutions and equipment vendors; exchanging expert reports; and researching pertinent legal issues. In addition, counsel is leaving on September 2, 2005, for a ten-day trip to Russia, Moldova, and Ukraine to interview additional potential witnesses and to confer with a number of consultants that are addressing specific issues in the case, and will return the day before the scheduled trip to Spokane, Washington, in connection with depositions in this matter.

A settlement conference is scheduled in the Die Casters case in Washington, D.C., on September 20, 2005. If the settlement negotiations are unsuccessful, expert witness

depositions will commence the following day; the following two-month period will be consumed by pre-trial activities and the trial itself. In that event, counsel will not be able to take the depositions in this case until the week of December 12, 2005. If, on the other hand, settlement negotiations are successful, counsel would be able to take fact witness depositions and defend the remaining fact witness depositions plaintiff intends to take the week of October 10, 2005.

Therefore, it is respectfully requested that the schedule be extended as follows:

The October 1, 2005, deadline for the completion fact discovery be extended until December 16, 2005.[1]

The November 1, 2005 deadline for the exchange of expert reports be extended until January 13, 2006.

The November 3, 3005, deadline for the completion of expert witness discovery be extended until March 1, 2006.

The December 18, 2005, deadline for the submission of the Joint Status Report be extended until March 15, 2006.

---

[1] In addition to the need to take the depositions of key witnesses, the Government has requested the opportunity to inspect and copy the documents within the possession, custody, or control of M.A. DeAtley and DeAtley Crushing. Initially, the Government did not inspect plaintiff's documents based upon plaintiff's representation that all relevant documents had been provided. However, it has recently been discovered that two key letters that should have been turned over were not. For that reason, the Government's position is that plaintiff must allow the Government access to its document. Such a request was made to plaintiff on August 26, 2005.

Accordingly, we respectfully request the Court to extend the current discovery schedule by approximately six weeks in accordance with this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

September 1, 2005

Attorneys for Defendant