IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., Plaintiff, vs. UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF TRANSPORTATION; UNITED STATES FEDERAL HIGHWAY ADMINISTRATION, WESTERN FEDERAL LANDS HIGHWAY DIVISION, Defendant. | Case No.: 041052C (Judge Edward J. Damich) **PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION TO EXTEND DISCOVERY DEADLINES** |

## I. INTRODUCTION

Without citation to legal authority, Defendant United States seeks, for the second time, an extension of the discovery deadline. Its sole basis for doing so is the fact that its counsel has been assigned to another case. However, considering that the discovery deadline has already been extended once, that discovery will essentially be complete by the current deadline, and based upon the legal authority

cited below, Plaintiff M.A. DeAtley Construction, Inc. ("M.A. DeAtley") respectfully requests this Court to deny the Motion.

## II. LEGAL AUTHORITY

RCFC (6)(b) provides a follows:

> Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court **for cause shown** may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under RCFC 52(b), 54(d)(1), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them.

(Emphasis added.) Counsel's assertion that more time is needed because of the press of business falls far short of sufficient cause under the Rule. In M.R.K. Corp. v. United States, 6 Cl. Ct. 544, 545 (1984), the Court discussed what constitutes sufficient cause to enlarge time. Although it is a Court of Claims case, the discussion therein is nevertheless helpful in determining whether sufficient cause exists to grant Defendant's Motion. In that case, the Plaintiff brought a motion to add additional parties. The United States moved for an extension of time to file a response to the motion. However, the United States did not explain why the extra time was needed; why there was not sufficient time to file a

response; and why other commitments should be allowed to take priority over counsel's responsibility to the court. Id. at 545. The Court denied the motion, stating that

> defendant's motion contains little more than counsel's bald assertion that additional time is needed … This does not constitute a showing of good cause upon which a court may exercise its discretion to waive the time limits set forth in the rules.

Id. at 545 (citation omitted).

Here, the United States seeks to delay this matter by requesting an 11-week extension to the discovery deadline, but has failed to establish sufficient cause for doing so. Similar to the position it took in M.R.K., the United States has not stated: 1) why it has done only minimal discovery to date; 2) why counsel's obligations in another matter make it impossible to conduct discovery in this case; and 3) why counsel's other commitments should take priority over its responsibility to this Court. Moreover, the United States' assertion that it needs more time to complete the necessary depositions and discovery is completely disingenuous. First, the United States has already noticed the deposition of M.A. DeAtley and DeAtley Crushing (M.A. DeAtley's subcontractor) personnel for the week of September 26, 2005, which is before the current discovery deadline of October 3, 2005. (Affid. of Michael Bissell). After these depositions, the United States will have taken the maximum number of depositions allowed by the

Standard Special Procedures. (Affid. of Bissell.) In other words, it does not need more time, because it is precluded from taking any additional depositions. Second, as far as M.A. DeAtley is aware, the United States has completed document discovery, so no additional time is necessary for that endeavor. (Affid. of Bissell.) Third, the United States has failed to provide any reason why, given the fact that the discovery deadline in this matter was already enlarged 60 days, it has been unable to complete discovery. These dilatory efforts should not be rewarded.

## III. CONCLUSION

Pursuant to the foregoing, The United States' Second Motion to Extend Discovery Deadlines should be denied.

DATED this 13th day of September, 2005.

s/MICHAEL S. BISSELL
JOHN C. BLACK
MICHAEL S. BISSELL
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

wpdocs\1742\1806\Resp.Disc.090805

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of September, 2005, a copy of the foregoing *Plaintiff's Response Re: Discovery Deadline* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/MICHAEL S. BISSELL
JOHN C. BLACK
MICHAEL S. BISSELL