IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DEATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S SECOND MOTION TO EXTEND DISCOVERY DEADLINES

Defendant hereby submits its reply to Plaintiff's Response To Defendant's Second Motion To Extend Discovery Deadlines.

In our September 1, 2005 motion to extend the discovery deadlines, brought pursuant to Rule 6(b) of the Court of Federal Claims,[1] we requested that the current discovery schedule be extended by approximately eleven weeks because additional time is needed to take the depositions of plaintiff's fact witnesses and to obtain additional documents.[2]

The gravamen of plaintiff's September 14, 2005, opposition is that an extension is not

---

[1] Plaintiff incorrectly asserts that our motion was brought "without citation to legal authority." Plaintiff's Response to Defendant's Second Motion To Extend Discovery Deadlines ("Pl.'s Resp.") at 1. Rule 6(b) of the Court of Federal Claims is the legal authority upon which our motion rests. Rule 6(b) provides that the Court has the discretion to enlarge the time that an act must be performed for "cause shown" if the request for the enlargement is made before the expiration of the period originally prescribed or as extended. Our motion to extend the discovery period was filed on September 1, 2005, 32 days prior r to the October 3, 2005, deadline for the completion of fact witness discovery.

[2] While this is the second motion for an enlargement of the discovery period filed by defendant, the first enlargement was necessitated entirely because plaintiff refused to participant in the settlement meeting that the Government had proposed for January 2005. The settlement meeting was eventually held in March 2005 under the same parameters and conditions that the Government had originally proposed. The proposed settlement meeting was discussed with the Court during a telephone status conference on December 17, 2004, and with Judge Bruggink on January 13, 2005.

necessary because discovery will be completed by the October 3, 2005 fact discovery deadline, and that the "press of business" does not constitute "cause" as that term is used in RCFC 6(b). Pl.'s Resp. 1-2.

Plaintiff's assertion that discovery will be complete by the October 3, 2005 deadline is not well-taken. Defendant had no choice but to notice depositions for September 28, 29, and 30, 2005, in Spokane, Washington, to insure that in the event defendant's motion is denied, defendant will be able to take fact witness depositions.[3]

The only authority cited by plaintiff for the proposition that the "press of other business" does not constitute " cause" under RCFC 6(b) is M.R.K. Corp. v. United States, 6 Cl. Ct. 544 (1984). Pl.'s resp. 2. Plaintiff's reliance on M.R.K. is misplaced. Firstly, in M.R.K., the party seeking the extension did not explain why additional time was needed. Id. In contrast, defendant here set forth in detail in its motion why additional time is needed. Secondly, the extension sought in M.R.K. was to respond to a motion to add additional parties. Id. In contrast, the extension here is sought to take depositions of fact witnesses in Spokane, Washington. Besides the time needed to prepare to take the depositions (significantly more time that the time it would take to respond to a motion to add additional parties,) the travel involved and the need to issue and serve subpoenas on individuals in Washington and Idaho is time consuming.

---

[3] Even if defendant is able to take some of the noticed depositions prior to the October 3, 2005 deadline, there is no guarantee that all of the witnesses noticed will appear unless defendant is able to effectuate service of subpoenas upon them. Moreover, additional depositions may be deemed necessary based upon what is learned during the depositions that have been noticed. In fact, following the three depositions that plaintiff took on August 24, 25, and 26, 2005, in Vancouver, Washington, plaintiff identified three additional deponents. Defendant made those three individuals, including an out-of-state non-government employee, available for depositions on September 15 and 16, 2005.

Plaintiff's assertion that defendant failed to state "why counsel's other commitments should take priority over its responsibility to the Court," Pl.'s Resp. 3, borders on the frivolous. It is precisely because defendant's counsel has the responsibility to be fully prepared to try the case captioned Die Casters International v. United States, Fed. Cl. 04-1333, before the Honorable Susan Braden in November 2005, that the requested extension is needed.

Finally, plaintiff does not assert in its opposition that it would be in any way prejudiced by the requested extension.

Accordingly, we respectfully request the Court to extend the current discovery schedule by approximately eleven weeks in accordance with our motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

September 20, 2005

Attorneys for Defendant