IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DEATLEY CONSTRUCTION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss count six of the complaint and the prayer for relief to the extent it seeks interest in an amount greater than permitted by statute and attorney fees for lack of subject matter jurisdiction. In addition, pursuant to RCFC 12(b)(6), the United States respectfully requests that the Court dismiss counts one, two, four, and five of the complaint for failure to state a claim upon which relief may be granted. In support of this motion, we rely upon the complaint and the following brief.

STATEMENT OF THE ISSUES

1. Whether plaintiff's counts pertaining to breach of contract, defective specifications, constructive change, and failure to mitigate fail to state claims upon which relief may be granted.

2. Whether this Court possesses jurisdiction over count six of plaintiff's complaint to the extent it seeks damages based upon an implied-in-fact contract or an implied-in-law contract.

3. Whether this Court possesses jurisdiction over plaintiff's complaint to the extent it seeks interest in an amount greater than that provided for under the Contract Disputes Act.

4. Whether this Court possesses jurisdiction over plaintiff's complaint to the extent it seeks to recover attorneys fees.

# STATEMENT OF THE CASE

## I. Nature of the Case

The case arises out of a contract to construct or re-pave approximately 14 kilometers of the Flowery Trail Road in the state of Washington. In its complaint, M.A. DeAtley Construction, Inc. ("DeAtley" ) alleges that the Government breached the contract when it failed to provide a suitable source material for aggregate (count one); that the contract contained defective specifications (count two); that a differing site condition was encountered (count three); that the Government constructively changed the contract (count four); that the Government failed to mitigate damages (count five); and that the Government has been unjustly enriched by DeAtley's performance (count six). DeAtley seeks damages in an unspecified amount, prejudgment interest at 12% per annum, and attorneys fees.

The gravamen of DeAtley's complaint is that the rock crushed for aggregate from the Government-provided source was not suitable for its intended purpose.

## II. Statement Of The Facts

On February 9, 2001, the Federal Highway Administration awarded a contract to DeAtley. The contract provided that rock at a specified location was suitable for the production of aggregate needed for the roadbed. DeAtley crushed aggregate for the project using rock from the Government-provided source. The aggregate placed in the roadbed failed to meet the contract gradation specifications and was, therefore, rejected. The Government required that DeAtley remove the aggregate and replace it with aggregate that met the contract specifications.

DeAtley used rock from another source and completed the project.[1]

SUMMARY OF THE ARGUMENT

Given that the gravamen of DeAtley's complaint is a differing site condition, that is, that the rock from the Government-provided source was unsuitable for its intended purpose, those counts alleging breach of contract, defective specifications, constructive change, and failure to mitigate should be dismissed for failure to state a claim upon which relief can be granted. Because the jurisdiction of this Court in this matter is premised upon the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., this Court is without jurisdiction to entertain DeAtley's complaint to the extent it seeks equitable relief based upon an implied-in-fact contract or an implied-in-law contract or to the extent it seeks interest in an amount greater than that provided for under the Contract Disputes Act or to the extent it seeks to recover attorneys fees.

ARGUMENT

I. Standard of Review For Dismissal for Lack of Subject Matter Jurisdiction

Plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

---

[1] On September 18, 2003, DeAtley submitted a certified claim to the contracting officer requesting $164,223.55 for DeAtley and $113,610.00 for DeAtley Crushing for damages due to the costs incurred to remove and replace the rejected aggregate. DeAtley's claim was denied on December 11, 2003.

The United States is immune from suit unless it has specifically waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

B. Standard of Review For Dismissal For Failure To State A Claim

An action may be dismissed pursuant to RCFC 12(b)(6) where the complaint fails to state a claim upon which relief may be granted. Dismissal for failure to state a claim is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In resolving a

motion to dismiss for failure to state a claim, the Court must assume the facts in the complaint are true and "indulge in all reasonable inferences in favor of the non-movant," and should not be dismissed unless it is "'beyond doubt that a plaintiff could prove no set of facts which would entitle him to relief.'" Sommers Oil. Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (quoting Hamlet v. United States, 873 F.2d 1414 (Fed. Cir. 1989)).

## II. This Court Should Dismiss DeAtley's Breach Of Contract Count For Failure To State A Claim Upon Which Relief Can Be Granted.

In count one of its complaint, DeAtley alleges that the Government breached the contract by providing a source material that was unsuitable for producing aggregate that met the contract specifications. Where a contract provides for the very condition alleged, that is, a differing site condition, there is not a breach. PCL Const. Services, Inc. v. U.S., 47 Fed. Cl. 745, 752 (2000). This Court has characterized this type of claim as being the plaintiff's attempt to get two bites at the apple; one through a changes clause argument and one through a contract breach argument. L.W. Matteson, Inc. v. United States, 61 Fed. Cl. 296, 315 (2004). Accordingly, count one of DeAtley's complaint should be dismissed for failure to state a claim upon which relief can be granted.

## III. This Court Should Dismiss DeAtley's Defective Specifications Count For Failure To State A Claim Upon Which Relief Can Be Granted.

DeAtley alleges in count two of its complaint that the contract contained defective specifications, apparently referring to DeAtley's underlying allegation that the Government-provided source for the production of aggregate was unsuitable. Although differing site conditions and defective specifications claims are distinct in theory, they collapse into a single claim where the alleged defect in the specification is the failure of the Government-provided

source to provide suitable rock from which the aggregate was crushed. Where the differing site condition claimed and the defective specification claim are so intertwined as to constitute a single claim, that claim will be governed by the specific differing site conditions clause. Comtrol, Inc. v. U.S., 294 F.3d 1357, 1362 (Fed. Cir. 2002). Here, the defective specification claim is based on the same set of facts as the differing site condition claim in count three. Accordingly, count two should be dismissed for failure to state a claim upon which relief can be granted.

IV. This Court Should Dismiss DeAtley's Constructive Change Count For Failure To State A Claim Upon Which Relief Can Be Granted.

In count four of its complaint, DeAtley alleges that the Government constructively changed the contract when DeAtley was required to remove the defective aggregate from the roadbed and replace it with aggregate that met the contract specifications.

To establish a constructive change, DeAtley must show that the work the Government required was outside of the scope of the contract. CTA Inc. v. U.S., 44 Fed. Cl. 684, 696-697 (1999). Under the contract's inspection of construction clause, FAR 52.246-12, however, DeAtley was required to replace or correct work, without charge, found by the Government not to conform to contract requirements. FAR 52.246-12(f). There is no dispute that the aggregate placed on the roadbed did not meet the contract specifications. Accordingly, such additional work does not constitute a constructive change under the contract and count four should be dismissed for failure to state a claim upon which relief can be granted.

V. This Court Should Dismiss DeAtley's Failure To Mitigate Count For Failure To State A Claim Upon Which Relief Can Be Granted.

In count five of its complaint, DeAtley alleges that the Government failed to mitigate its

damages when it ordered DeAtley to replace the defective aggregate that had been placed in the roadbed with aggregate that met the contract specifications. Failure to mitigate is an affirmative defense that is raised to reduce the amount of damages. See, First Federal Sav. and Loan Ass'n of Rochester v. United States, 58 Fed. Cl. 139, 159 (2003).

DeAtley cannot, and apparently does not, argue that the Government cannot insist upon compliance with the contract specifications. The Government undisputedly has the right to insist upon compliance with contract specifications except in the presence of substantial performance involving economic waste. Granite Const. Co. v. U.S., 962 F.2d 998, 1006, 1007 (Fed. Cir. 1992) , cert. denied, 506 U.S. 1048 (1993); Hannon Electric Co. v. U.S., 31 Fed. Cl. 135, 149 (1994), aff'd, 52 F.3d 343 (1995). The essence of DeAtley's claim, as previously stated, is that the Government-provided source was not suitable for its intended use, that is, for the production of aggregate that met the contract specifications. If DeAtley prevails upon its differing site condition claim (count three of the complaint), it will be entitled to damages resulting therefrom. Accordingly, failure to mitigate does not constitute a claim upon which relief can be granted and count five therefore should be dismissed.

VI. This Court Does Not Possess Jurisdiction Over Plaintiff's Complaint To The Extent It Seeks Damages Based Upon "Quantum Meruit/Unjust Enrichment."

In count six of its complaint, DeAtley seeks damages based upon the theory of "quantum meruit/unjust enrichment."[2] To the extent that DeAtley is seeking equitable relief based upon a theory of quantum meruit or unjust enrichment premised upon an implied-in-law contract, this

[2] The only jurisdictional basis set forth in DeAtley's complaint is the CDA. See compliant ¶ 17 ("This Court has jurisdiction over this action pursuant to 41 U.S.C. § 609(a)(2))."

Court does not possess jurisdiction to entertain it.[3] See, Wells Fargo Bank v. United States, 26 Cl. Ct. 805 (1992)(suit based upon unjust enrichment was suit on contract implied in law over which Claims Court does not have jurisdiction under the Tucker Act). See e.g. United States v. Mitchell, 463 U.S. 206, 208 (1983); Fincke v. United States, 675 F.2d 289,296-97, 230 Ct. Cl. 233, 246-47 (1982). See also, Hercules, Inc. v. United States, 516 U.S. 417, 423, (1996); D.V. Gonzalez Elec. & General Contractors v. U.S., 55 Fed. Cl. 447, 460 (2003), appeal dismissed, 79 Fed. Appx. 428 (Fed. Cir. 2003). Accordingly, to the extent that count six sets forth a cause of action based upon an implied-in-law contract, that count should be dismissed.

Similarly, to the extent that DeAtley is seeking damages based upon a theory of quantum meruit or unjust enrichment premised upon a implied-in-fact contract, DeAtley is precluded from maintaining it because it is based upon the same facts as its cause of action arising under the Contract Disputes Act.[4] See Medina Constr., Ltd. v. United States, 43 Fed. Cl. 537, 558 (1999). Moreover, only where the express contract is determined to be invalid or unenforceable due to some defect will an implied-in-fact contract be found. Perri v. United States, 340 F.3d 1337, 1343-1344 (Fed. Cir. 2003). Accordingly, to the extent that count six sets forth a cause of action based upon an implied-in-fact contract, that count should be dismissed.

---

[3] An implied-in-law contract is a fiction created by the court to provide an equitable remedy; the court imposes a quasi-contractual obligation on the parties to bring about justice. Wells Fargo, 26 Cl. Ct. at 817.

[4] In order for a court to find an implied-in-fact contract, there must have been a meeting of the minds of the parties to the contract which is inferred from the parties' conduct such that a tacit understanding and agreement was reached. Wells Fargo, 26 Cl. Ct. at 817.

VII. This Court Does Not Possess Jurisdiction Over Plaintiff's Complaint To The Extent It Seeks Interest In An Amount Greater Than Provided For Under The Contract Disputes Act.

In its prayer for relief, DeAtley seeks an award of prejudgment interest at the rate of 12 percent per annum. Complaint, Prayer for Relief, paragraph 2. This Court does not possess jurisdiction to grant the relief requested.

DeAtley having entered into a contract with the Government covered by the CDA, DeAtley is bound by its provisions. The CDA provides for the payment of interest to a prevailing contractor from the date the contracting officer receives the claim until payment thereof at the rate established by the Secretary of the Treasury. 41 U.S.C. § 611.[5] Accordingly, DeAtley's request for prejudgment interest at the rate of 12% is contrary to the provisions of the CDA and should be dismissed.

VIII. This Court Does Not Possess Jurisdiction Over Plaintiff's Complaint To The Extent It Seeks Attorney Fees.

In its prayer for relief, DeAtley seeks an award for attorneys fees. Complaint, Prayer for Relief, paragraph 3. The Court of Federal Claims derives its jurisdiction to make awards of attorneys' fees from the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. EAJA permits a qualified party who prevails against the United States in a civil action to seek an award of attorneys' fees and other expenses. 28 U.S.C. § 2412(d)(1)(B). This court is without jurisdiction to consider DeAtley's request for attorneys fees until there is a final judgment on the action. After the final judgment is rendered DeAtley must file a separate application seeking attorneys fees, and satisfy additional jurisdictional prerequisites. Accordingly, DeAtley's request is

[5] The current rate is 4.5%. At no time since DeAtley's claim was submitted has the rate been 12%.

premature and should be dismissed for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that counts one, two, four, and five the complaint be dismissed for failure to state a claim upon which relief can be granted, and that count six and the prayer for relief for interest and attorneys fees be dismissed for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

November 28, 2005

Attorneys for Defendant