42. These breaches caused damage to DeAtley in an amount to be proven at time of trial, plus interest.

**COUNT II**
**(Defective Specifications)**

43. DeAtley realleges paragraphs 1 through 42 as if set forth in their entirety.

44. The Government provided design specifications on the project. These specifications included a gradation specification which did not have a tolerance for the finer material.

45. The Government's specifications were defective. The Government specified an unsuitable source with highly variable, highly weathered rock. The Government specifications contained no criteria which would allow for normal degradation of this material after the crushing operation. DeAtley properly crushed the material which was tested to be in compliance with the specifications. The material naturally degraded outside of the allowable specification range. The Government should have recognized the natural gradation process in the material in question and allowed either a pay factor adjustment or a larger allowable range of gradation.

46. The Government impliedly warranted that such specifications, when followed, would produce a satisfactory result.

47. DeAtley followed the defective specifications and was unable to produce a satisfactory result, which was a breach of the Government's warranty.

48. DeAtley incurred costs as a result of following the defective specifications and the Government failed to pay such costs, damaging DeAtley thereby, in an amount to be proven at time of trial, including interest.

**COUNT III**
**(Differing Site Conditions)**

49. DeAtley realleges paragraphs 1 through 48 as if set forth in their entirety.

50. DeAtley encountered subsurface physical conditions differing materially from those indicated in the contract.

51. The differing site condition could not have been ascertained by a reasonable pre-bid inspection because it was a subsurface physical condition to be determined by a laboratory test.

52. The specifications misrepresented the conditions actually encountered.

53. DeAtley is entitled to an equitable adjustment in contract price under the Changed Conditions Clause of the contract, in an amount to be determined at time of trial, plus interest.

**COUNT IV**
**(Constructive Change)**

54. DeAtley realleges paragraphs 1 through 53 as if set forth in their entirety.

55. The Government constructively changed the contract specifications when the project engineer instructed DeAtley to remove the stockpiled Aggregate D base material and replace it with new material. The contract required application of tolerances for acceptance testing. But, the Government refused to allow application of tolerances, thereby constructively changing the contract scope. The contract required and the Government confirmed that they would perform all durability testing during production. The Government did not. The contractor is contractually entitled to rely upon a Government designated source to consistently make a quality product that will satisfy contract durability requirements. The government adopted an interpretation that the contractor was required to "hunt and peck" for competent rock is a constructive change for which the contractor is entitled to compensation.

56. DeAtley suffered delays, disruptions and additional costs to its planned performance due to the constructive changes and is entitled to equitable adjustments to the contract price under the Changes Clause of the contract.

57. DeAtley notified the Government about the effects of these constructive changes within the appropriate time.

58. DeAtley was damaged by the Government's conduct in an amount to be determined at trial.

**COUNT V**
**(Economic Waste)**

59. DeAtley realleges paragraphs 1 through 58 as if set forth in their entirety.

60. The Government committed economic waste by unreasonably rejecting the delivered material and ordering DeAtley to replace the material. Using a pay factor approach, DeAtley would have been entitled to payment at a 90% rate. Ultimately, the Government rejected the entire material as being out of specification even though its own contract required application of industry standard tolerances. Faced with no viable option to bring the subject material into specification, the contractor was forced to remove the material from the roadway and to move to a new material source and recrush.

61. DeAtley was damaged as a result of this failure in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. That this Court enter a judgment in an amount to be determined at trial against Defendant for the amounts owing.

2. Judgment to include the award of prejudgment interest at the rate of twelve percent (12%) per annum on the principle amount owed.

3. Judgment to include the award of Plaintiff's reasonable attorney fees.

4. Such other and further relief as the Court deems just and equitable.

DATED this ____ day of December, 2005.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

wpdocs\1742\1806\Amend.Complaint.122205

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ____ day of December, 2005, a copy of the foregoing *Plaintiff's [Proposed] Amended Complaint* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK