IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. A. DEATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this reply to the opposition filed by M. A. DeAtley Construction, Inc. ("DeAtley") to our motion to dismiss.

DeAtley's opposition to our motion is wholly lacking in merit.

As set forth in our November 28, 2005 motion pursuant to RCFC 12(b)(1), the first issue is whether this Court possesses jurisdiction to entertain count six of DeAtley's complaint, to the extent it seeks damages based upon an implied-in-fact contract or an implied-in-law contract, and to entertain the prayer for relief to the extent it seeks interest in an amount greater than that permitted by statute and attorney fees. In addition, pursuant to RCFC 12(b)(6), we moved for the dismissal of counts one, two, four, and five of the complaint, counts pertaining to breach of contract, defective specifications, constructive change, and failure to mitigate, for failure to state claims upon which relief may be granted. Nothing in DeAtley's motion warrants the denial of our motion.

As previously stated in our motion to dismiss, this case arises out of a contract to construct or re-pave approximately 14 kilometers of a road in the state of Washington. In its

complaint, DeAtley alleges that the Government breached the contract when it failed to provide a suitable source material for aggregate (count one); that the contract contained defective specifications (count two); that a differing site condition was encountered (count three); that the Government constructively changed the contract (count four); that the Government failed to mitigate damages (count five); and that the Government has been unjustly enriched by DeAtley's performance (count six). DeAtley seeks damages in an unspecified amount, prejudgment interest at 12% per annum, and attorneys fees.

It is clear beyond cavil that the gravamen of DeAtley's complaint is that the rock crushed for aggregate from the Government-provided source was not suitable for its intended purpose. As discussed in our motion, given that the gravamen of DeAtley's complaint is a differing site condition, that is, that the rock from the Government-provided source was unsuitable for its intended purpose, those counts alleging breach of contract, defective specifications, constructive change, and failure to mitigate should be dismissed for failure to state a claim upon which relief can be granted.

DeAtley's opposition to our motion is largely irrelevant to our arguments. DeAtley, instead of responding with legal authority refuting the purely legal bases for our motion, sets forth a myriad of facts, obtained through discovery, that DeAtley contends support its theories of liability. DeAtley misses the point. The Government did not file a motion for summary judgement in this matter. We only attacked the legal sufficiency of the DeAtley's June 22, 2004 complaint. In it s opposition, DeAtley utterly failed to demonstrate that our motion should not be granted. It is also significant to note that the granting of our motion in no way impairs DeAtley's ability to fully litigate this matter: DeAtley has set forth a legally

cognizable claim for a differing site condition and all of the damages that DeAtley claims, to the extent they are legally cognizable,[1] are the direct result of that alleged differing site condition.

While DeAtley may or may not be permitted to amend its complaint to assert the new causes of action it describes in its opposition to our motion to dismiss, in the context of the pending motion to dismiss, the Government declines to address the factual issues and the legal issues that are not set forth in DeAtley's complaint in this reply.[2]

CONCLUSION

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that counts one, two, four, and five the complaint be dismissed for failure to state a claim upon which relief can be granted, and that count six and the prayer for relief for interest in an amount greater than the statutory amount[3] and attorneys fees[4] be dismissed for lack of

---

[1] On December 22, 2005, we filed our motion for leave of Court to amend our answer to assert affirmative defenses and counterclaims based upon the False Claims Act, 31. U.S. C. § 3729 et seq., the antifraud provision of the Contract Disputes Act ("CDA"), 41 U.S.C. § 604, and the Special Pleas in Fraud, pursuant to 28 U.S.C. § 2514. Our motion is premised upon our belief that, even if Deatley were to prevail upon the merits of its claim, the amount of damages claimed is not legally cognizable.

[2] Among the new causes of action alleged in DeAtley's opposition to our motion to dismiss are the following: breach of the contractual obligation to perform testing of the source material; breach of the contractual provision to sample and test the production material; breach of the industry standard regarding tolerances in acceptance inspections; defection specifications because the specifications did not allow for "normal degradation" of the material after crushing; and a claim based upon the doctrine of "economic waste." Plaintiff's Memorandum of Points and Authorities in Response to Defendant's United States' Motion to Dismiss ("Pl.'s Opp.") at 16, 17, 19, 20.

[3] DeAtley now acknowledges that it is seeking only the amount of interest that is allowable by law. Pl.'s Opp. at 22.

[4] DeAtley's sole response to our jurisdictional argument that without an assertion of jurisdiction under EAJA, and without allegations that DeAtley was met the jurisdictional

jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

January 20, 2006

Attorneys for Defendant

---

prerequisites for asserting a claim for attorney fees under EAJA, this Court does not possess jurisdiction to entertain that claim, is that our position is "wholly without merit" and that the facts "do not deprive this Court of jurisdiction [DeAtley's] attorney fee and cost request." Pl.'s Opp. at 22.