IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| M.A. DeATLEY CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF TRANSPORTATION; UNITED STATES FEDERAL HIGHWAY ADMINISTRATION, WESTERN FEDERAL LANDS HIGHWAY DIVISION,<br><br>Defendant. | Case No.: 041052C<br>(Judge Edward J. Damich)<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER; MOTION FOR ORDER DIRECTING ADDITIONAL BRIEFING TO SETTLEMENT JUDGE AND MOTION FOR CONFERENCE CALL** |

## I. INTRODUCTION

M.A. DeAtley Construction Co. ("M.A. DeAtley"), by and through its attorneys of record, Dunn & Black, P.S., has moved this Court for: 1) a protective order preventing the deposition of Alan Gifford on February 28, 2006 in Spokane, Washington; 2) a conference call between the parties and the Court to establish a

reasonable deposition schedule; and 3) an order granting Settlement Judge Bruggink the authority to order mediation, after the parties submit additional briefing to him.

Pursuant to an agreement between counsel, Mr. Gifford's deposition was originally scheduled for January 13, 2006 because Mr. Gifford had previously scheduled a two-month commitment out of state. The parties agreed that the Government would take Mr. Gifford's deposition on January 13, 2006 and that M.A. DeAtley would take the Government's expert's deposition on February 15, 2006 (the only time that the Government says its expert was available prior to the close of discovery). Based on this agreement, M.A. DeAtley agreed to expedite production of its expert report to the Government so that the Government would receive the same on January 6, 2006. M.A. DeAtley complied with the agreement. On January 9, 2006, after receipt of the Report, the Government's attorney reneged on her agreement and said she was "too busy" to take Mr. Gifford's deposition on January 13, 2006, as agreed. She then unilaterally set Mr. Gifford's deposition for February 28 after counsel could not agree to a mutually accommodating schedule. This Motion would not have been necessary had the Government's counsel honored her agreement concerning scheduling of discovery.

In addition, M.A. DeAtley requests this Court to enter an order directing additional briefing to Settlement Judge Bruggink regarding the question of whether mediation would be appropriate. M.A. DeAtley asserts that the government did not attempt to settle this dispute in good faith. However, evidence of the government's lack of good faith occurred during settlement negotiations and cannot be presented to this Court. Fed. R. Evid. 408. Thus, M.A. DeAtley requests that this Court grant Settlement Judge Bruggink the authority to order mediation, if he deems it appropriate, after the parties submit additional briefing to him.

## II. FACTS

### EXPERT DEPOSITIONS

On or about December 12, 2005, the parties, through counsel, agreed on a deposition schedule with regards to the three expert witnesses. (**Exh. A** to Aff. of Black). At that time, M.A. DeAtley's counsel advised the United States' counsel that Mr. Gifford was going to be unavailable from January 16, 2006 through March 14, 2006. (Aff. of Black). Mr. Gifford will be traveling throughout the southwestern United States with his wife. (Aff. of Gifford). They will be hauling their camper during this time frame and thus, it would be virtually impossible to depose him in Spokane. (Aff. of Gifford).

The Agreement between counsel provided that the expert reports would be mutually exchanged on January 6, 2006 with Mr. Gifford's deposition to occur on January 13, 2006. (**Exh. A** to Aff. of Black). It was further agreed that the United States' expert, Mr. Leathers, would be deposed on February 15, 2006 and Mr. Schwotzer, M.A. DeAtley's rebuttal expert, would be deposed thereafter. (Aff. of Black).

M.A. DeAtley complied with the terms of the agreement and supplied the Government with an expedited report on January 6, 2006. Incredibly, after receipt of the report, the Government's counsel informed DeAtley's counsel that she was "too busy" to take Mr. Gifford's deposition as agreed. (**Exh. B** to Aff. of Black). In discussing a possible solution to this problem, M.A. DeAtley's counsel offered to conduct the expert depositions after March 14, 2006 when Mr. Gifford returns and agreed to extend the discovery cutoff for experts for an additional 45 days, provided that the Government agreed to mediation. (**Exh. B** to Aff. of Black). The Government refused this proposal. The United States' counsel then unilaterally set Mr. Gifford's deposition for February 28, 2006 in Spokane, Washington, after the deposition of the Government's expert and before Mr. Gifford's return. (**Exh. C** to Aff. of Black).

M.A. DeAtley has no choice but to seek court assistance to address the Government's conduct of this litigation. First, it makes no economic sense to depose the Plaintiff's expert *after* the Defendant's expert. Undoubtedly, the Defendant's expert's deposition will need to be taken since the expert's opinions will not be complete. Secondly, the Government's counsel's shenanigans of agreeing to an appropriate schedule, reneging on the schedule because she is too busy, and unilaterally changing both the order of the depositions and requiring the Plaintiff's expert to travel to Spokane is completely unreasonable.

Requiring a deposition somewhere in the southwestern United States or in Spokane, Washington likewise not only puts an undue burden upon Mr. Gifford by interrupting his previously made plans, but also requires M.A. DeAtley to incur additional undue expense. (Aff. of Gifford; Aff. of Black).

On or about December 17, 2004, this Court entered an Order directing the parties to informally work with Settlement Judge Eric Bruggink for developing a methodology and/or framework within which settlement negotiations can proceed. (Order dated December 17, 2004). Pursuant to that Order, Judge Bruggink entered an Order stating that he is available at the joint request of the parties or by the Chief Judge to conduct mediation. (Judge Bruggink's Order dated April 5, 2005).

From the outset of this litigation, M.A. DeAtley has been concerned with the lack of good faith on behalf of this agency. M.A. DeAtley asserts that the Government did not attempt to settle this dispute in good faith during the March 23, 2005 settlement discussions. (Aff. of Black). Since it is inappropriate for this evidence to be presented to this Court, M.A. DeAtley requests that additional briefing should be directed toward the Settlement Judge for his determination of whether this dispute should be ordered to mediation and Judge Bruggink should be granted the authority to order mediation, if appropriate. (Aff. of Black).

**MEDIATION**

## III. ARGUMENT

### A. A Protective Order Is Necessary To Protect Mr. Gifford And M.A. DeAtley From Undue Burden And Expense.

RCFC 26(c) provides that:

> *Upon motion by a party or by the person from whom discovery is sought, accompanied by certification that the movant had in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause to be shown, the court may make any order which justice requires to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … (2) that the disclosure or discovery may be had only on specified terms and conditions including a designation of the time or place. …*

RCFC 26(c) (2006).

Here, requiring the deposition of Mr. Gifford on February 28, 2006 in Spokane, Washington, places an undue burden on Mr. Gifford because he will be traveling throughout the southwestern United States at that time. (Aff. of Gifford). Mr. Gifford has left Spokane on a two-month camper trip. (Aff. of Gifford). He is currently scheduled to arrive in Yuma, Arizona on February 1, 2006. (Aff. of Gifford). In order to prepare for his deposition, Mr. Gifford would necessarily have to set aside his plans. (Aff. of Gifford). Moreover, Mr. Gifford would have to travel back to Spokane. (Aff. of Gifford). This additional unexpected travel places an undue burden on Mr. Gifford, a non-party to this litigation. (Aff. of Gifford).

In addition, M.A. DeAtley will either have to pay for Mr. Gifford to fly to Spokane or pay for its lawyers to travel to Arizona. (Aff. of Black). This undue expense is unreasonable, especially in light of the fact that there had been an agreement between counsel as to when and where Mr. Gifford's deposition would be taken. (Aff. of Black).

In an attempt to resolve this issue, both counsel for M.A. DeAtley and the United States conferred. (Aff. of Black). As a possible solution, M.A. DeAtley agreed to extend the expert discovery cutoff for 45 days to facilitate all the expert depositions, provided that the United States would agree to mediation. (Aff. of

Black). However, the United States will not agree to any mediation or even attempt to engage in settlement negotiations. (Aff. of Black). Therefore, pursuant to RCFC 26(c), M.A. DeAtley requests this Court to grant a protective order preventing the deposition of Mr. Gifford on February 28, 2006 in Spokane, Washington.

**B. Additional Briefing Should Be Directed To The Settlement Judge For His Determination Regarding Mediation.**

On April 5, 2005, Settlement Judge Bruggink entered an Order stating that he would be available either by joint request of the parties or by request of the Chief Judge for mediation. (See Order dated April 5, 2005). M.A. DeAtley has information that the United States did not conduct prior settlement discussions in good faith. (Aff. of Black). However, evidence of the conduct during the settlement discussion is not appropriate to discuss before this Court. Therefore, M.A. DeAtley requests that this Court order additional briefing to be submitted to the Settlement Judge for his determination of whether mediation should be ordered in this matter and further requests that Judge Bruggink be given the authority to order mediation, if appropriate.

**C. A Conference Call Should Be Scheduled Between The Parties And This Court To Establish A Reasonable Deposition Schedule.**

If M.A. DeAtley's request for a protective order is granted, it requests that this Court order a conference call between the parties and the Court to establish a

reasonable deposition schedule of all the experts in this case and perhaps extend expert discovery to accommodate the parties' schedules.

## IV. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley requests this Court grant its Motion for Protective Order and Motion for Order Directing Additional Briefing To Settlement Judge.

DATED this 26th day of January, 2006.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of January, 2006, a copy of the foregoing *Memorandum In Support Of Motion For Protective Order; Motion For Order Directing Additional Briefing To Settlement Judge And Motion For Conference Call* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK