IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. A. DEATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this opposition to plaintiff's Motion for Leave to Amend Complaint.

## BACKGROUND

On June 22, 2004, M. A. DeAtley Construction, Inc. ("DeAtley") filed its six count complaint in this matter. In our November 28, 2005 motion pursuant to RCFC 12(b)(1), we argued that this Court does not possess jurisdiction to entertain count six of DeAtley's complaint, to the extent it seeks damages based upon an implied-in-fact contract or an implied-in-law contract, or to entertain the prayer for relief to the extent it seeks interest in an amount greater than that permitted by statute and attorney fees. In addition, pursuant to RCFC 12(b)(6), we moved for the dismissal of counts one, two, four, and five of the complaint, counts pertaining to breach of contract, defective specifications, constructive change, and failure to mitigate, for failure to state claims upon which relief may be granted.

In an apparent attempt to defeat our pending motion to dismiss, DeAtley has moved to amend its complaint. DeAtley's motion comes approximately 18 months after it filed its

complaint, after all fact witness depositions have been completed, after the Government retained an expert to address the technical issues raised by DeAtley in its complaint, after the Government's expert has completed his review and analysis, including extensive testing of the aggregate that is at the heart of this dispute, and after that report has been provided to DeAtley. DeAtley's motion should be denied to the extent that it seeks to add counts to its complaint for two reasons: Firstly, DeAtley has not, and cannot, allege that it met the jurisdictional requirement of presenting its new claims to a contracting officer for a final decision addressing the merits of each new claim. Secondly, given the present posture of this case, that is, all fact witness discovery having been completed and expert reports having been exchanged, the Government would be prejudiced by the granting of DeAtley's motion. In addition, to the extent that DeAtley seeks to amend its complaint to assert factual allegations that pertain to its differing site condition claim, an amendment is neither warranted nor contemplated under the Rules. DeAtley is free to adduce those alleged facts during the trial of his matter.

## ARGUMENT

Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides in relevant part: "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The purpose of the rule is to avoid litigation by technicalities. Angelo v. U.S., 57 Fed. Cl. 100, 104 (2003). However, where the amendment will not further the cause of justice, there is no basis for granting the amendment. The Supreme Court has held that leave need not be granted if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). This court has stated that "[d]elay alone, even without a demonstration of prejudice, has thus been sufficient ground to deny amendment of pleadings." Alfa Laval Separation, Inc. v. U.S., 47 Fed. Cl. 305, 314 (2000). That case involved an attempt to amend after remand. In E.W. Bliss Co. v. U.S., 77 F.3d 445, 450 (Fed. Cir. 1996), the court denied a motion to amend made 8 months after the complaint had been filed and 7 months after a motion for summary judgment had been filed in a bid protest action. In First Interstate Bank of Billings v. U.S., 61 F.3d 876, 881-882 (Fed. Cir. 1995), the court denied a motion to amend made three weeks before trial. If it is not necessary to serve the interest of justice, a motion to amend will be denied. Spalding & Son, Inc. v. U.S., 22 Cl. Ct. 678, 680 (1991). Further, when the amendment is futile, it is not to be granted. Mitsui Foods, Inc. v, U.S., 867 F.2d 1401, 1404 (Fed. Cir. 1989); Saladino v. U.S., 62 Fed. Cl. 782, 795 (2004).

## I. To The Extent That DeAtley Seek To Add New Counts To Its Complaint, Its Motion To Amend Should Be Denied.

### A. DeAtley has not, and can not, allege that it met the jurisdictional requirement of presenting its new claims to a contracting officer for a final decision addressing the merits of each new claim.

DeAtley in its motion maintains that its "original Complaint is sufficient." Memorandum in Support of Motion for Leave to Amend Complaint ("Pl.'s Memo.") at 3. DeAtley also states in its motion that the purpose of the motion is to "merely [ ] supplement the factual allegations in its Complaint." Pl.'s Memo. at 4. If contrary t to DeAtley's assertions, this Court finds that DeAtley's proposed amendments are substantive, the addition of such counts would be futile because they constitute claims that were not presented to the contacting officer for a final

decision. While the original complaint alleged six different causes of action, as we have noted in our motion to dismiss, the gravamen of Deatley's complaint is an alleged differing site condition. DeAtley has not, and cannot, allege that its new claims were presented to the contracting officer.

Thus, even if this Court were to grant DeAtley's motion to amend, the new counts would be the subject of a motion to dismiss for lack of jurisdiction. This Court would not possess jurisdiction over DeAtley's new causes of action based upon claims arising out of the contract that is the subject matter of this dispute. DeAtley, having entered into a contract with the Government covered by the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., must allege that it met the jurisdictional prerequisite of the CDA. DeAtley, as a jurisdictional prerequisite to suit, was required to submit a claim to the contracting officer. DeAtley failed to do so for its new causes of action.

Under the CDA, this Court possesses jurisdiction over causes of action based upon a valid claim submitted to the CO that has been denied, or deemed denied, by the CO. 41 U.S.C. § 605 (a) (1988). See also Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (1999) (jurisdiction lacking over a breach of contract action not presented to the contracting officer pursuant to the CDA); Cincinnati Electronics Corporation v. United States, 32 Fed. Cl. 496, 505 (1994) (claim for breach of contract damages dismissed for lack of subject matter jurisdiction where claim was not submitted to contracting officer for final decision, ). As the court in Witherington Construction Corp. v. United States, 45 Fed.Cl. 208, 211 (1999), stated: "[T]o gain a jurisdictional foothold in this [C]ourt, a plaintiff pursuing a contract claim must satisfy two fundamental jurisdictional requirements--it must submit a claim for money presently due and must obtain a 'final decision' on that claim, either actual or deemed." In summary, in order for

this Court to possess jurisdiction over the counts of the complaint alleging that the Government breached the contract with DeAtley, DeAtley must establish that it made a written demand seeking payment of money in a sum certain to the CO and that its claim was denied or deemed denied. This DeAtley has failed to do. For this reason alone, this Court should deny DeAtley's motion to amend its complaint.

The issue presented to the contracting officer, and raised in Deatley's complaint, pertains only to a differing site condition claim. A review of the facts pled in the original complaint is instructive: DeAtley crushed the aggregate, Complaint ("Comp.") ¶4, 6; DeAtley placed the aggregate in the roadway, Comp. ¶ 8; the aggregate, as placed, failed to meet the contract specification in that it exceeded the 10% maximum passing the #200 sieve, id.; the Government shut down the placement of the aggregate, Comp. ¶9; DeAtley's test showed that the source failed the Sodium Sulfate Soundness test, Comp. ¶9, 12; and the cause of the aggregate not meeting the contract specification was the poor source material provided by the Government. Comp. ¶12. These facts were alleged in each and every count of DeAtley's complaint. Comp. ¶¶ 1-51. In essence, DeAtley alleges that the Government provided a source for the aggregate; that DeAtley crushed aggregate from that source; that unknown to DeAtley, the source turned out to be bad; and that the Government is liable to DeAtley for the costs that DeAtley incurred to re-crush the aggregate. Thus, DeAtley has alleged a classic claim based upon a differing site condition. This is the claim that Deatley presented to the contracting officer. DeAtley does not allege to the contrary. Pl.'s Memo.

DeAtley in its motion seeks to allege causes of action that were not the subject matter of a contracting officer's final decision, including claims based upon the Government's alleged

obligation to test the source material, to sample and test the production material, to use industry standard tolerances in the contract specifications, and to allow for normal degradation in the specifications. DeAtley's Proposed Amended Complaint. In addition, DeAtley alleges for the first time an economic waste claim.. Id. Given that this Court does not possess jurisdiction under the CDA to entertain claims that have not first been presented to ta contacting officer, the proposed amendments are futile. For this reason alone, DeAtley's motion should be denied.

B. Because of the prejudice to the Government if DeAtley's motion were granted, DeAtley's motion should be denied.

Given the present posture of this case, that is, all fact witness discovery having been completed and expert reports having been exchanged, the Government would be prejudiced by the granting of DeAtley's motion. The Government should not be required to defend against facts and claims it has had no chance to address during the discovery process. For instance, the Government has not question DeAtley's witnesses as to whether they knew about, or ever relied upon, the obligations that Deatley now claims were owed to DeAtley by the Government. Nor has the Government had the opportunity to question DeAtley why, throughout its discussions with the agency, it accepted the 10% maximum as a contract limitation, but now views an industry tolerance as the acceptable contract requirement. The Government, in fact, does not even understand what DeAtley is alleging when it states that the contract did not allow for "normal degradation." This is particularly significant because in its dispute with the agency, and throughout discovery, DeAtley and its witnesses seemed to be saying that what happened was not normal degradation. See e. g. Complaint, ¶ 12. ("the cause of the material degrading beyond specified limits was due to poor source material."). Without an opportunity to address these

matters in discovery, the Government would be greatly prejudiced. Moreover, an extension of the discovery deadlines does not alleviate the prejudice because of the significant costs the Government would have to incur by taking additional depositions, doing additional paper discovery, and asking our expert to address additional technical issues.

For this reason alone, DeAtley's motion to amend the complaint should be denied.

## II. To The Extent That DeAtley Seek To Add Factual Allegations To Its Complaint, Its Motion To Amend Should Be Denied.

As previously stated, DeAtley in its motion that the purpose of the motion is to "merely [ ] supplement the factual allegations in its Complaint." Pl.'s Memo. at 4. To the extent that DeAtley merely seeks to add newly asserted factual allegations, its motion to amend its complaint should be denied. DeAtley has failed to cite any authority for the proposition that a complaint can, or should be, amended merely to allege facts relevant to its well-pleaded counts that its has adduced through the discovery process. Moreover, most of the newly alleged facts have nothing to do with the differing site condition claim.. The newly discovered facts that DeAtley claims it has elicited during discovery can be simply presented at trial. To permit the filing of a new complaint in order to merely assert additional facts does not comport with the requirements of justice.

To the extent that DeAtley seeks to add factual allegation to its complaint that merely support its well-pleaded differing site condition claim, its motion to amend the complaint should be denied.

III. DeAtley's Motion To Amend Is Not Timely.

DeAtley has offered no reason why it waited so long to assert its new factual and legal allegations. All of DeAtley's additional allegations are contractual in nature. That is, to the extent that DeAtley is asserting that the Government had a duty to DeAtley, it is governed by the contract. If the contract required the Government to conduct testing on the source or on the production aggregate, that duty arises out of the contract. If there is an obligation to use industry standard tolerances, or an obligation to allow for normal degradation, those obligations must be found in the contract. As noted in Alfa Lavel, the plaintiff bears the burden of justifying its delay. Alfa Laval Separation, Inc., 47 Fed. Cl. at 313. DeAtley has provided no justification whatsoever. For this reason, DeAtley's motion to amend its complaint should be denied.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that DeAtley's Motion for Leave to Amend Complaint be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

January 27, 2006

Attorneys for Defendant