IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. A. DEATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER, MOTION FOR ORDER DIRECTING ADDITIONAL BRIEFING TO SETTLEMENT JUDGE, AND MOTION FOR CONFERENCE CALL

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this opposition to plaintiff's Motion for a Protective Order, Motion for Order Directing Additional Briefing to Settlement Judge, and Motion for Conference Call.

I. A Protective Order Is Wholly Unwarranted.

In its motion, plaintiff seeks an order from this Court preventing the Government from taking the deposition of Alan Gifford, plaintiff's expert, on February 28, 2006. Because the Government, as counsel for plaintiff is well aware, agreed to seek an extension of the discovery schedule in order for the deposition of Mr. Gifford, plaintiff's expert, to take place after he returns from his two-month vacation in March, plaintiff's motion for a protective order is completely without merit. Government counsel never suggested that Mr. Gifford needed to interrupt his vacation in order to be deposed. As plaintiff's counsel is also well aware, at the time Government counsel served a deposition notice for Mr. Gifford for February 28, 2006, the last business date prior to the expert discovery cut-off date, counsel for plaintiff was completely unwilling to accept Government counsel's representation that she could not take Mr. Gifford's

deposition on January 13, 2006, a date that was chosen solely to accommodate plaintiff, since that was the day before Mr. Gifford was scheduled to leave on his vacation. It was for that reason, and that reason alone, that the date upon which the parties agreed to exchange expert reports was moved back by one week. Because counsel for plaintiff was completely unwilling to postpone Mr. Gifford's deposition absent the Government's agreement to engage in settlement negotiations, the Government noticed Mr. Gifford's deposition for February 28, 2006. Following the service of that notice, and before the filing of plaintiff's motion, it was Government counsel's expectation that both Mr. Gifford's deposition, and the deposition of Frank Leathers, the Government's expert, would be postponed until after Mr. Gifford returned from his vacation. There is absolutely no reason why the parties cannot seek an extension of the discovery schedule for the purpose of deposing the experts and, if granted, agree upon mutually convenient dates for the taking of those depositions. Moreover, plaintiff's position regarding the order of the depositions is largely unintelligible. Plaintiff apparently believes it is entitled to take Mr. Leathers' deposition after the Government takes Mr. Gifford's deposition. Apparently plaintiff is under the mistaken assumption that Mr. Leathers' is going to rebut Mr. Gifford's deposition testimony. The schedule, however, requires that Mr. Leathers submit his rebuttal report by February 13, 2006. Thus, plaintiff's counsel will have both Mr. Leathers' expert report and his expert rebuttal report prior to Mr. Leathers' scheduled deposition on February 16, 2006, or thereafter, if plaintiff's counsel chooses to postpone Mr. Leathers' deposition.

Finally, counsel for plaintiff's statement that he offered to conduct the expert depositions after March 14, 2006, when Mr. Gifford returns, and agreed to extend the discovery cutoff for experts for an additional 45 days provided that the Government agree to mediation, Plaintiff's

Motion for a Protective Order, Motion for Order Directing Additional Briefing to Settlement Judge, and Motion for Conference Call ("Pl.'s Memo.") at 4, is accurate. What plaintiff's counsel fails to make clear is that the Government's sole reason for not agreeing to the proposed schedule was that it was inextricably intertwined with the Government's agreement to continue settlement negotiations with the plaintiff. It was inappropriate for plaintiff's counsel to make the resolution of a relatively minor scheduling issue contingent upon the Government agreeing to mediation. The Government, however, stands ready to accept plaintiff's proposed schedule with the caveat that it is no way tied to the Government's litigative posture in this case.

## II. This Court Does Not Possess The Authority To Compel The Government To Engage In Further Settlement Negotiations.

In March 2005, Government counsel met with agency counsel and the agency's personnel who were involved in the contract that is the subject matter of this dispute in Spokane, Washington, to discuss the Government's settlement posture. In attendance at the meeting were three experts retained by the Government to assist in the review and evaluation of the merits of plaintiff's claim. All three of the experts traveled from the Boston area to attend the meeting. Government counsel traveled from Washington, D.C., to participate in the meeting; the agency's personnel traveled from Vancouver, Washington. The meeting was held in Spokane, Washington, solely to accommodate plaintiff since plaintiff's counsel and the fact witnesses were from the Spokane area. Following our internal meeting, the Government met with plaintiff's counsel to pursue the settlement of this matter. In attendance upon behalf of plaintiff were key employees of the plaintiff and the plaintiff's subcontractor, and Mr. Gifford. Prior to, and during settlement negotiations, Government counsel emphasized that the Government had, and was,

putting a great deal of effort into the settlement process in the hope that the case could be resolved as efficiently and as expeditiously as possible. However, having gone through the process it was apparent that the case could not settle. Thus, we are unwilling to commit our limited resources to what appears to be a pointless endeavor.

III. The Government Has No Objection To Participating In A Conference Call.

While the Government does not believe that a conference call involving the Court is necessary for the parties to finalize a proposed expert discovery schedule and present it to the Court, the Government, of course, stands ready to do so.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Plaintiff's Motion for a Protective Order, Motion for Order Directing Additional Briefing to Settlement Judge, and Motion for Conference Call be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

February 1, 2006

Attorneys for Defendant