IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C |
| | ) | (Judge Edward J. Damich) |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S REPLY TO** |
| | ) | **DEFENDANT'S** |
| vs. | ) | **OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| THE UNITED STATES, | ) | **LEAVE TO AMEND** |
| | ) | **COMPLAINT** |
| Defendant. | ) | |

The Government completely misunderstands the purpose behind M.A. DeAtley Construction, Inc.'s ("M.A. DeAtley") Motion for Leave to Amend Complaint. This Motion was not brought to add new causes of action. M.A. DeAtley's Motion to Amend Complaint makes it clear that no new causes of action are being added and, in fact, M.A. DeAtley is withdrawing its unjust enrichment/quantum meruit claim. In addition, M.A. DeAtley is not requesting leave to amend its Complaint in order to defeat the United States' Motion to Dismiss, but rather to detail to the Court all the facts that support M.A. DeAtley's causes of action. Federal courts are notice pleading jurisdictions which only

require a short plain statement showing that the claimant is entitled to relief. RCFC 8(a). Thus, M.A. DeAtley's original Complaint is sufficient to overcome the Government's Motion to Dismiss.

Instead of filing a Motion for Summary Judgment relying on facts outside of the pleadings, the Government attempts to pigeon hole M.A. DeAtley into a single claim for differing site conditions. M.A. DeAtley moved to amend its Complaint and filed an affidavit to demonstrate all the additional facts that have a direct bearing on the Government's motion. These facts were discovered through discovery conducted within the framework of M.A. DeAtley's original Complaint.

Moreover, the Government attempts to unilaterally mischaracterize the facts upon which M.A. DeAtley's causes of action are based. Thus, justice is served by allowing the amendment to provide a full and accurate statement of the facts that support M.A. DeAtley's claims. More importantly, the Government will not suffer any prejudice as a result of this amendment.

In addition, if the motion to amend is granted, there will be no need to present any evidence or argument to the Court on the unjust enrichment/quantum meruit claim. Therefore, in the interest of justice, M.A. DeAtley's Motion for Leave of Court to Amend its Complaint should be granted.

# I. ARGUMENT

## A. M.A. DeAtley Is Not Alleging Any New Causes Of Action.

This Court is a notice pleading jurisdiction. RCFC 8(a). See also Case, Inc. v. United States, 25 Ct.Cl. 379, 382 (1992). Notice pleading requires that the defendant be given fair notice of the plaintiffs claim is and the grounds upon which it rests. Case, Inc., 25 Ct.Cl. at 382. Here, M.A. DeAtley's original Complaint sufficiently stated a short statement of the claim showing that it was entitled to relief. The Proposed Amended Complaint does not seek to add any new causes of action, but rather adds additional facts that were discovered during discovery that was conducted within the framework of the original Complaint. The proposed amendment also contains a more specific statement of jurisdiction, withdraws M.A. DeAtley's claim for unjust enrichment/quantum meruit and re-labels its original failure to mitigate claims as a claim under economic waste. (See **Exhibit A** to M.A. DeAtley's Motion for Leave to Amend Complaint).

In fact, the Government admits that M.A. DeAtley's Motion should be granted since no new causes of action are added. In its Opposition to M.A. DeAtley's Motion for Leave to Amend Complaint, the Government states, "*DeAtley's motion should be denied* ***to the extent that it seeks to add counts to its complaint***." (Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint, p. 2). As the Proposed Amended Complaint details, M.A. DeAtley is

not seeking to add new causes of action. It is seeking to add additional facts that further support M.A. DeAtley's causes of action to overcome the Government's mischaracterization of the actual basis for M.A. DeAtley's claims. If this motion is denied, the Affidavit of John C. Black will convert the Government's motion to dismiss into a motion for summary judgment. However, from a practical perspective, leave should be granted in order to have an accurate statement of the facts contained in a single pleading for consideration of the Government's RCFC 12 motion to dismiss. Consequently, M.A. DeAtley should be granted leave to amend its Complaint.

**B. The Court Of Claims Has Jurisdiction Over M.A. DeAtley's Proposed Amended Complaint.**

The Government asserts in its opposition that any new claims are barred on jurisdictional grounds because those claims were not presented to the contracting officer for its decision. This argument must fail for two reasons: (1) no new claims have been asserted by M.A. DeAtley in its Proposed Amended Complaint; and (2) jurisdiction under the CDA is based upon the contracting officer's denial of a claim based on operative facts, not legal theories for recovery. Scott Timber Co. v. United States, 333 F.3d 1358, 1365-66 (Fed. Cir. 2003).

In Scott Timber, a timber contractor brought suit contending that the Government breached timber sales contracts when the Government suspended the company's performance. Id. at 1360. In discussing jurisdiction under the

Contracts Dispute Act, the Court held that jurisdiction existed over the timber company's claims even though it presented different legal theories of recovery. Id. at 1365. The Court reasoned that an action brought under the CDA must be based on the same claim previously presented and denied by the contracting officer. Id. However, this standard does not require rigid adherence to the exact language or structure of the original claim, but rather must only be based on the same set of operative facts. Id. This Court is not deprived of jurisdiction simply because the contractor asserts different legal theories for recovery. Id.

Here, M.A. DeAtley does not seek to amend its complaint to assert new causes of action. Under Scott Timber, it is clear that this Court has jurisdiction over M.A. DeAtley's Proposed Amended Complaint. Furthermore, the Government's attempt to limit M.A. DeAtley to only a differing site conditions claim is wholly inappropriate, in light of the fact that M.A. DeAtley's theories of recovery are based on the same set of operative facts presented to the Contracting Officer. Therefore, leave to amend the Complaint should be freely given and M.A. DeAtley's Motion should be granted. See Case, Inc., 25 Ct.Cl. at 382.

**C. The Government Will Not Be Prejudiced By Amending The Complaint.**

**1. No Additional Discovery Needs To Be Completed.**

The Government argues it will be prejudiced because it will have to reopen discovery in order to defend against facts and claims it had no chance to address

during the discovery process. (Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint, p. 6-7). However, as discussed above, M.A. DeAtley is not alleging any new causes of action.

Moreover, the United States has a full opportunity to discovery all relevant facts with regards to the causes of action that were alleged in M.A. DeAtley's original Complaint. There have been a total of 12 depositions taken in this matter. The United States took seven of the twelve depositions and conducted two sets of written discovery. All of the discovery was completed within the framework of M.A. DeAtley's original Complaint. Because no additional causes of action have been asserted, there is no need to conduct additional fact discovery.

More importantly, the additional facts contained in M.A. DeAtley's Proposed Amended Complaint come directly from the deposition testimony of Linda Persoon, Kerry Cook, Rodney Prellwitz and Michael Osborne. The Government was present and fully participated in each of these depositions. It is clear that the United States will not suffer any prejudice and will not have to perform any additional discovery if the Court grants M.A. DeAtley's Motion for Leave to Amend its Complaint. Because no prejudice exists, it is in the interest of justice to grant leave to amend the Complaint; therefore, M.A. DeAtley's Motion should be granted.

**2. M.A. DeAtley's Motion For Leave To Amend Its Complaint Is Timely.**

The Government argues that M.A. DeAtley offers no reason why it waited so long to assert its new factual and legal allegations and, therefore, the Motion should be denied. (Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint, p. 8). This argument wholly lacks merit in light of the fact that the United States moved to amend its Answer and assert counterclaims even later than M.A. DeAtley's Motion to amend its Complaint. The Government's Motion to Amend its Answer was made completely independent of whether or not this Court granted M.A. DeAtley leave to amend its Complaint. For the Government to now argue that M.A. DeAtley's Motion is untimely after it made a similar motion is completely disingenuous.

In addition, M.A. DeAtley's Motion for Leave to Amend its Complaint came after the United States filed its Motion to Dismiss alleging that M.A. DeAtley's claim for unjust enrichment/quantum meruit was not proper. In order to withdraw its claim for unjust enrichment/quantum meruit and provide this Court with all the relevant facts upon which M.A. DeAtley's causes of action are based, M.A. DeAtley made its Motion for Leave to Amend Complaint. M.A. DeAtley's Motion would not be necessary if the United States moved for summary judgment on some of M.A. DeAtley's claims instead of electing to have the claims dismissed under RCFC 12.

As the Court is aware, the standard under RCFC 12 is one that is confined to the pleadings. As discussed above, M.A. DeAtley's original Complaint sufficiently states the facts that show M.A. DeAtley is entitled to relief and meets the pleading rules of RCFC 8(a). Therefore, allowing M.A. DeAtley's amendment will not only speed up the administration of justice by not arguing or having to present any evidence of an unjust enrichment/quantum meruit claim, but will also provide a complete factual record for this Court. Therefore, M.A. DeAtley's Motion for Leave to Amend its Complaint should be granted.

## II. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion for Leave to Amend its Complaint should be granted.

DATED this 10th day of February, 2006.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of February, 2006, a copy of the foregoing *Plaintiff's Reply To Defendant's Opposition To Plaintiff's Motion For Leave To Amend Complaint* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK