IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C |
| | ) | (Judge Edward J. Damich) |
| | ) | |
| Plaintiff, | ) | **REPLY TO DEFENDANT'S** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **A PROTECTIVE ORDER,** |
| THE UNITED STATES, | ) | **MOTION FOR ORDER** |
| | ) | **DIRECTING ADDITIONAL** |
| Defendant. | ) | **BRIEFING TO** |
| | ) | **SETTLEMENT JUDGE, AND** |
| | ) | **MOTION FOR** |
| | ) | **CONFERENCE CALL** |

The Government's Response makes it clear that they have no objection to a conference call to set the expert discovery schedule. Furthermore, it appears that the Government has no objection to taking Mr. Gifford's deposition after he returns from his prior two-month commitment. Therefore, a protective order should be granted preventing the deposition of Mr. Leathers from going forward on February 28, 2006. After the protective order is entered, the Court could then schedule a conference call to then determine the expert discovery schedule,

including the depositions of Mr. Gifford, Mr. Leathers and Mr. Schwotzer, and visit the issue of extending the expert discovery deadline.

The only point of contention the Government asserts is that this Court does not have the authority to direct this matter to the settlement judge. However, it is clear from this Court's previous orders that in fact it does have the authority to order mediation. Due to the fact that the evidence that supports this matter being ordered to mediation is confidential under Fed.Evid.R. 408, this Court should direct additional briefing to be provided to the settlement judge and grant the settlement judge specific authority to order mediation if he deems it necessary. Therefore, M.A. DeAtley's motions should be granted.

## I. ARGUMENT

### A. A Protective Order Should Be Entered Preventing The Government's Taking Of Mr. Gifford's Deposition On February 28, 2006, And Conference Call Should Be Scheduled.

The Government states in its brief that it "never suggested that Mr. Gifford need to interrupt his vacation in order to be deposed," but it noted Mr. Gifford's deposition because that was the last day prior to the expert discovery cutoff. (Government's Response, p. 1). The Government further states that it is not opposed to taking Mr. Gifford's deposition after his return from his prior two-month commitment, with Mr. Leathers and Mr. Schwotzer to follow. Therefore,

this Court should enter a protective order preventing the deposition of Mr. Gifford on February 28, 2006.

In addition, the Government does not object to a conference call. M.A. DeAtley therefore requests that this Court schedule a conference call to set the deposition schedule for the experts, as well as to discuss a limited extension on expert discovery for the sole purpose of completing these last three depositions. Based upon the admissions in the Government's Response, this Court should grant M.A. DeAtley's Motion for a Protective Order and Motion for a Conference Call.

**B. This Court Does Have The Authority To Order Mediation.**

Despite the Government's assertions that it entered into settlement negotiations with the intent that the case would be resolved as efficiently and expeditiously as possible, M.A. DeAtley believes otherwise. The Government's reluctance to mediate this matter or even enter into settlement negotiations shows why an independent third party is necessary to help resolve this dispute.

As discussed at length in M.A. DeAtley's initial Memorandum, this Court ordered this matter to Settlement Judge Bruggink in order to develop a framework for possible alternative dispute resolution. (See Court's Order dated December 17, 2004). Judge Bruggink analyzed this issue and entered an Order that stated he would be available for mediation upon joint request of the parties or by request of

this Court. (See Judge Bruggink's Order dated April 5, 2005). Therefore, this Court does have the authority to order this matter to mediation.

However, the basis for ordering this matter to mediation is based, in large part, upon evidence and representations made that are confidential and barred by Fed.Evid.R. 408. Therefore, in the interest of justice, this Court should enter an Order directing additional briefing to Settlement Judge Bruggink for his determination, as well as grant Judge Bruggink the authority to order mediation if deemed appropriate. Therefore, M.A. DeAtley's Motion to Direct Additional Briefing to Settlement Judge should be granted.

## II. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion for Protective Order, Motion to Direct Additional Briefing to the Settlement Judge, and Motion for Conference Call should be granted.

DATED this 13th day of February, 2006.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of February, 2006, a copy of the foregoing *Reply To Defendant's Opposition To Plaintiff's Motion For A Protective Order, Motion For Order Directing Additional Briefing To Settlement Judge, And Motion For Conference Call* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK