# In the United States Court of Federal Claims

No. 04-1052 C
(Filed: February 16, 2006)

*******************************************
| |
M.A. DeATLEY CONSTRUCTION, INC., | *
| *
            Plaintiff, | *
| *
      v. | *
| *
THE UNITED STATES, | *
| *
            Defendant. | *
| *
*******************************************

## OPINION and ORDER

On January 9, 2006, Plaintiff filed its Motion for Leave to Amend Complaint ("Pl.'s Mot."), accompanied by its memorandum in support of that motion ("Pl.'s Mem."). These filings were followed by Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Def.'s Opp'n") on January 27, 2006, and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Pl.'s Reply") on February 10, 2006.

Pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff requests leave to amend its complaint, asserting that it needs to "include facts that have been discovered during the discovery phase . . . and a more specific statement of jurisdiction," in addition to asking for leave to remove its unjust enrichment/quantum meruit claim and relabel its claim currently entitled "Failure to Mitigate Damages." Pl.'s Mot. at 1-2. Plaintiff may only file an amended complaint in three situations: (1) "once as a matter of course at any time before a responsive pleading is served," (2) "by written consent of the adverse party," or (3) "by leave of court." The first responsive pleading (the answer) was filed October 6, 2004, and Defendant has not consented in writing to Plaintiff's request, but instead has opposed Plaintiff's motion. Therefore, the only option left to Plaintiff is filing with leave of this Court.

The appropriate standard for amending a complaint is that "leave [to amend] shall be freely given *when justice so requires*." RCFC 15(a) (emphasis added). The Supreme Court has interpreted

this language as permitting amendment unless the amendment will cause, among other things, "undue delay, . . . undue prejudice to the opposing party . . . , [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting the language of Rule 15(a) of the Federal Rules of Civil Procedure, which is identical to RCFC 15(a)); *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1404 (Fed. Cir. 1989); *see also* Def.'s Opp'n at 2-3.

Plaintiff seeks to add facts to the complaint that were learned during discovery.  However, Plaintiff seems to admit in its briefing of this motion that there is no actual *need* to include these facts in its complaint.  *See* Pl.'s Mem at 2 (The proposed facts would "provide *additional* support" to its causes of action.) (emphasis added); *Id.* at 3 ("[T]he facts alleged in the original Complaint are sufficient to state claims upon which relief can be granted."); Pl.'s Reply at 1-2 ("Federal courts are notice pleading jurisdictions which only require a short plain statement showing that the claimant is entitled to relief.  Thus, M.A. DeAtley's original Complaint is sufficient to overcome the Government's Motion to Dismiss [filed November 28, 2005]."); *Id*. at  8 ("M.A. DeAtley's original Complaint sufficiently states the facts that show M.A. DeAtley is entitled to relief and meets the pleading rules of RCFC 8(a).").

In addition, Plaintiff asserts that Defendant will not be prejudiced by adding this new information.  Pl.'s Reply at 5-6.  However, since fact discovery closed on December 16, 2005, *see* Pl.'s Mem. at 10, Defendant argues that it would be prejudiced by the addition of facts, as it might need to gather more information to refute those facts.  *See* Def.'s Resp. at 6-7 (listing the facts that Plaintiff proposes to add to the complaint, and how Defendant has not had an opportunity to conduct discovery regarding those facts).  Without deciding whether Defendant would need more information to refute these facts, the Court recognizes that it is a form of prejudice for Defendant to have to use time and expense to make a motion to reopen discovery.

Furthermore, Plaintiff had the opportunity to include any additional facts in its response to Defendant's motion to dismiss, as discovery closed on December 16, 2005, while Plaintiff's response to Defendant's motion to dismiss was filed on January 9, 2006.  Pl.'s Mot. at 2.  Plaintiff also has the opportunity to respond to Defendant's counterclaims under RCFC 12(a).  Since it is futile to allow Plaintiff to amend its complaint to include these facts (as Plaintiff itself even admits), and since Defendant will likely be prejudiced by such an amendment, Plaintiff's motion to amend its complaint to add facts would be inappropriate.

It is also unnecessary to amend the complaint based on a desire to remove one claim and relabel another.  Plaintiff argues that removal of the unjust enrichment claim from the complaint will obviate the necessity of presenting argument to the Court on that claim.  Pl.'s Reply at 2.  However, Plaintiff has already withdrawn this claim in its Memorandum of Points and Authorities in Response to Defendant United States' Motion to Dismiss at 1 n.1, filed January 9, 2006.  Therefore, an amendment to the complaint based on this rationale would accomplish nothing.  Amending the complaint for the purpose of relabeling a claim also would be futile, as relabeling cannot change the essence of the claim

itself. *See FCC v. ITT Communications, Inc.*, 466 U.S. 463, 468 (1984) (stating that litigants may not avoid certain procedures simply by changing the name of the cause of action); *Pacific Power & Light Co. v. Bonneville Power Admin.*, 795 F.3d 810, 816 (9th Cir. 1986) (holding that jurisdiction should rest on the actions challenged and not the cause of action asserted).

Finally, Plaintiff seeks to amend its complaint to add a more specific jurisdictional statement. This, also, is unnecessary, since the briefing on Defendant's motion to dismiss has already addressed this issue. In Defendant's motion, it states that the Court has no jurisdiction to grant prejudgment interest at a higher rate than the one established in the Contract Disputes Act ("CDA"). Defendant's Motion to Dismiss ("Def.'s Mot.") at 9. Defendant also argues that the Court has no jurisdiction over Plaintiff's request for attorneys fees until there is a final judgment in this case. *Id*. Finally, Defendant argues that the Court has no jurisdiction over Plaintiff's quantum meruit/unjust enrichment claim. *Id*. at 7-8. Plaintiff's response acknowledges that it is only entitled to interest at the statutory rate if it recovers, and that the Court cannot award attorneys fees until judgment is entered. Pl.'s Resp. at 20-21. Furthermore, Plaintiff withdraws its unjust enrichment claim in its response. *Id*. at 1 n.1. As a result, there is clearly no need for Plaintiff to amend its complaint to supplement its statement of jurisdiction.

Thus, it is hereby ORDERED that Plaintiff's motion is DENIED.

s/ Edward J. Damich
Edward J. Damich
Chief Judge