# In the United States Court of Federal Claims

No. 04-1052 C
(Filed: February 16, 2006)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **M.A. DeATLEY CONSTRUCTION, INC.,** | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| **THE UNITED STATES,** | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPINION and ORDER**

On January 26, 2006, Plaintiff filed its Motion for Protective Order; Motion for Order Directing Additional Briefing to Settlement Judge and Motion for Conference Call ("Pl.'s Mot."), accompanied by a memorandum in support of its motion ("Pl.'s Mem."). Defendant's opposition ("Def.'s Opp'n") and Plaintiff's reply ("Pl.'s Reply") followed on February 1, 2006, and February 13, 2006, respectively.

**I.  Protective Order**

Plaintiff requests a protective order, pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has alleged that it has tried to work with Defendant's counsel to set a reasonable schedule for the deposition of Allen Gifford, one of Plaintiff's experts. Pl.'s Mot. at 1-2. Plaintiff's counsel, John Black, states in his affidavit that he entered into an agreement with Defendant's counsel, Leslie Ohta, that expert reports would be exchanged on January 6, 2006. The agreement also stated that Mr. Gifford's deposition would be taken on January 13, 2006, as Mr. Gifford would be unavailable from January 15, 2006, through March 15, 2006. Affidavit of John C. Black ¶¶ 3-4 (Jan. 26, 2006) ("Black Aff."). Mr. Black alleges that Ms. Ohta advised him on January 9, 2006, that she could not take Mr. Gifford's deposition on the agreed-upon date. *Id*. ¶ 7. According to Mr. Black, Ms. Ohta refused Plaintiff's offer to extend expert discovery and move Mr. Gifford's

deposition until after he returned from vacation. *Id*. ¶ 8. Plaintiff next alleges that Defendant scheduled Mr. Gifford's deposition for February 28, 2006, without asking Plaintiff first. *Id*. ¶ 9, Ex. C. In response, Defendant has stated that the date of February 28, 2006, was chosen simply because it is the last day before March 1, 2006, the deadline for completion of expert discovery. Ms. Ohta claims that setting the date was necessary, as Mr. Black was unwilling to postpone Mr. Gifford's deposition until after his vacation, unless the government would agree to further settlement negotiations. Def.'s Resp. at 2.

Most of Plaintiff's facts are substantiated by the email correspondence record set forth in Exhibits A and B of the affidavit of Plaintiff's counsel. However, the emails also show that Defendant's counsel offered to change the deposition date of her expert until after Mr. Gifford's deposition could be held in March. Black Aff. Ex. B, at 2. She later suggested a conference call, to which Plaintiff's counsel responded that he would see her on the original deposition date and would be moving for a protective order. Black Aff. Ex. B, at 1.

Although both sides could have been more flexible while working out a schedule for deposing their experts, Plaintiff has met the standard for receiving a protective order. RCFC 26(c) states that,

> Upon motion by a party . . . , accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .
>
> (2)   that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place . . . .

Plaintiff has included with its motion a certification of its attempts to resolve the issue without court intervention and the burden and expense it would suffer if Mr. Gifford's deposition is held on February 28, 2006. Therefore, even though Defendant's counsel has stated that her understanding was that Mr. Gifford's deposition would take place after he returned from vacation, Def.'s Resp. at 2, a protective order must be issued since the deposition notice has already been served. As a result, Plaintiff's motion for a protective order to prevent the February 28, 2006, deposition of Mr. Gifford is granted.

## II.   Settlement

Next, Plaintiff asks this Court to order the parties to submit additional briefing to Senior Judge Eric Bruggink, the appointed settlement judge in this case. Plaintiff also requests that Judge Bruggink be given authority to order mediation if appropriate, stating that evidence of Defendant's lack of good faith during prior settlement negotiations cannot be presented to this Court. Pl.'s Mem. at 8; Black Aff.

¶ 11. Plaintiff seems to be missing the point of Senior Judge Bruggink's order dated December 17, 2004, in which Judge Bruggink stated that he "remains available at the joint request by the parties or by the Chief Judge if settlement discussions with a mediator are appropriate in the future."  Plaintiff interprets the language as indicating that this Court can "*order* this matter to mediation."  Pl.'s Mem. at 4 (emphasis added).  The language instead suggests that Judge Bruggink *is available* if the parties are ready to negotiate – and negotiation is impossible if only one side will participate

In addition, as Defendant points out, this Court has no authority to force the government into an unwanted settlement process.  RCFC App. H, ¶ 2(d) defines "mediation" as "a flexible and *voluntary* dispute-resolution procedure in which a settlement judge . . . facilitates negotiations to reach a mutually agreeable resolution" (emphasis added); *see also* Def.'s Opp'n at 3.  Therefore, this part of Plaintiff's motion must be denied.

### III.   Conference Call

Finally, Plaintiff requests a conference call to discuss the scheduling of expert depositions.  Pl.'s Mot. at 2.  Defendant does not believe that this is necessary but has agreed to participate in a call if the Court so orders.  Def.'s Opp'n at 4.  Since Defendant raises no objection to the requested conference call, this portion of Plaintiff's motion is granted.

### IV.   Conclusion

It is hereby ORDERED that:

1. Plaintiff's motion for a protective order to prevent the deposition of Mr. Gifford on February 28, 2006, is GRANTED, and the close of discovery will be postponed until after the conference call is held.

2. Plaintiff's motion to order Judge Bruggink to accept settlement briefs and to permit Judge Bruggink to order mediation is DENIED.

3. Plaintiff's motion for a conference call to set a schedule for the deposition of expert witnesses is GRANTED.  As a result, the Court ORDERS that the conference call shall be held on **March 2, 2006**, at 2:00 pm ET.  The call will be held off the record unless a party requests otherwise at least five business days in advance.  One business day before the conference, counsel shall call the judicial assistant to Chief Judge Damich, Ms. Shirley Scott, at (202) 357-6483 to provide the number where he or she can be reached.

s/ Edward J. Damich
Edward J. Damich
Chief Judge
