IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C (Judge Edward J. Damich) |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| vs. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

Plaintiff M.A. DeAtley Construction, Inc. ("M.A. DeAtley"), by and through its attorneys of record, Dunn & Black, P.S., has moved this Court pursuant to RCFC 59 for reconsideration of its Order dated February 16, 2006 denying M.A. DeAtley's Motion to Amend its Complaint.

## I. FACTS

1. On November 28, 2005, the Government filed a Motion to Dismiss the majority of M.A. DeAtley's causes of action by attempting to limit M.A. DeAtley to only one theory of recovery. In its Motion, the Government failed to

present **all** the facts relevant for determination. Instead, the Government argued that M.A. DeAtley could not assert different theories for recovery because the crux of its claim was under the differing site conditions clause. (Docket No. 26). However, this is clearly not the case.

2. To date, the Government's Motion to Dismiss has not been decided.

3. In an effort to present all the relevant facts gained through discovery and withdraw a cause of action, M.A. DeAtley moved this Court for an Order Granting Leave to Amend its Complaint. (Docket No. 28). M.A. DeAtley's counsel also filed an Affidavit in response to the Government's Motion to Dismiss and in support of M.A. DeAtley's Motion to Amend. (Docket No. 38).

4. On January 2, 2006, the United States moved to amend its Answer to add counterclaims against M.A. DeAtley. (Docket No. 33). On January 3, 2006, this Court ordered these motions to be corrected and refiled by January 9, 2006.

5. On January 24, 2006, the Court then granted the United States' Motion to Amend its Answer despite the fact that the Government was adding three new counterclaims and all fact discovery had been completed. (Docket No. 42).

6. On February 16, 2006, this Court denied M.A. DeAtley's Motion to Amend its Complaint based upon a perceived prejudice suffered by the

Government. However, the Government did not demonstrate how it would actually suffer prejudice. In fact, the Government will not suffer any prejudice because no new claims are being added. (Docket No. 52); (Docket No. 37).

## II. ARGUMENT

### A. This Court's February 16, 2006 Order Should Be Reconsidered.

While a trial court has the discretion to grant or deny a motion to amend a pleading, this Court should nonetheless reconsider its decision denying M.A. DeAtley's Motion for Leave to Amend its Complaint. Holland v. United States, 62 Fed. Cl. 395, 406 (2004). Motions to amend should be freely given, especially when there has not been undue delay, bad faith, dilatory motives, or unsuccessful attempts to cure any deficiencies or prejudice. Id. Here, M.A. DeAtley's Motion to Amend its Complaint was not done in bad faith or with a dilatory motive. It was merely made to provide this Court with a complete statement of the facts gained through discovery, as well as to withdraw the claim for unjust enrichment/quantum meruit. The Government will not suffer any prejudice because no new causes of action were asserted.

Remarkably, the Government has not demonstrated or even explained how it would suffer any prejudice. Moreover, the mere allegation of prejudice is insufficient to deny a motion to amend. Dole v. Arco Chemical Co., 921 F.2d

484, 488 (3rd Cir. 1990). See also RCFC 15(a). In Dole, the Court reversed the denial of a motion to amend as an abuse of discretion because the chemical company did not demonstrate that it was unfairly disadvantaged or deprived of the opportunity to present evidence at trial because of the proposed amendment. Id. at 488-89. The court reasoned that in order to defeat a motion to amend based upon prejudice, regardless of the stage of the proceedings, the complaining party is required to show that its ability to present its case would be seriously impaired. Id. at 488.

Here, the Government did not and cannot show prejudice. It did not show that its ability to present its case would be impaired if the amendment would have been granted. Thus, this Court should have granted M.A. DeAtley's Motion for Leave to Amend its Complaint.

In contrast, this Court granted the Government's Motion to Amend its Answer despite the fact that the Government's Amended Answer alleges three new counterclaims. There has been no discovery whatsoever conducted with regard to these counterclaims. Furthermore, unless the court reopens fact discovery for these counterclaims, M.A. DeAtley will be unable to discover the facts that allegedly support these claims and its ability to present its case will be

impaired. Therefore, M.A. DeAtley urges this Court to reconsider its Order dated February 16, 2006 and grant M.A. DeAtley's Motion to Amend its Complaint.

**B. The Government Will Suffer No Prejudice As A Result Of This Amendment.**

The Government has not demonstrated how or why it would suffer prejudice if the amendment was ultimately allowed. Instead, it merely offers conclusory statements that it would have to perform discovery. This is insufficient. Dole, 921 F.2d at 488.

However, the additional facts contained in the proposed Amended Complaint are all facts that have been discovered through the discovery process; a process in which the Government actively participated. There is no discovery that can be performed by the Government that has not already been done. There are no new theories presented in M.A. DeAtley's Motion to Amend its Complaint, nor would there be any need on behalf of the Government to perform any new discovery. Therefore, the Government's ability to present its case will not be impaired. In the interest of justice, this Court should not deny M.A. DeAtley's Motion based upon the Government's stilted argument that it will suffer prejudice.

## III. CONCLUSION

Pursuant to the foregoing, this Court should grant M.A. DeAtley's Motion for Reconsideration and allow M.A. DeAtley leave to amend its Complaint.

DATED this 24th day of February, 2006.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of February, 2006, a copy of the foregoing *Memorandum in Support of Motion for Reconsideration* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK