IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C |
| | ) | (Judge Edward J. Damich) |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION TO** |
| vs. | ) | **REOPEN FACT DISCOVERY** |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

M.A. DeAtley Construction, Inc. ("M.A. DeAtley"), by and through its attorneys of record, Dunn & Black, P.S., has moved this Court, pursuant to RCFC 16 and 26, to reopen fact discovery for the limited purpose of discovering the facts that surround, support or refute the Government's three new counterclaims and affirmative defense. This Court granted the Government's Motion to Amend its Answer to include these three new counterclaims and affirmative defense despite the fact that M.A. DeAtley has not

had any opportunity to perform discovery with regards to these allegations. Therefore, good cause exists to reopen fact discovery for the limited purpose of allowing M.A. DeAtley to gain the relevant information about the counterclaims in order to present an adequate defense at trial with regards to these three counterclaims and affirmative defense.

## II. FACTS

1. On December 16, 2005, fact discovery in this matter closed.

2. On January 2, 2006, the Government filed a Motion to amend its Answer to include three new counterclaims. These counterclaims were under the False Claims Act, the Forfeiture of Fraudulent Claims, and the Anti-Fraud Provision of the Contract Dispute Act. In addition, the Government alleged an affirmative defense of forfeiture of claim. (Docket No. 33).

3. On January 24, 2006, this Court granted the Government's Motion to amend its Answer to allege these counterclaims and affirmative defense. However, M.A. DeAtley has been precluded from doing any fact discovery with regards to these three new counterclaims and the affirmative defense. (Docket No. 42).

4. Unless fact discovery is reopened, M.A. DeAtley will be unable to adequately prepare a defense to these claims. Thus, good cause exists to reopen fact discovery.

## III. ARGUMENT

RCFC 16 authorizes the court to modify scheduling orders with regards to discovery for good cause shown. RCFC 16. The rules also state that the Court for good cause may order discovery of any matter relevant to the subject matter involved in the action. RCFC 26(b)(1).

Here, the Court allowed an amendment after the discovery deadline passed. M.A. DeAtley is barred from discovering any information about the Government's counterclaims and affirmative defense, unless this Court reopens fact discovery. Without discovery on the Government's counterclaims and affirmative defense, M.A. DeAtley will be unable to prepare a defense to the Government's allegations. Thus, good cause exists to reopen fact discovery for the limited purpose of discovering the facts that surround, support or refute the counterclaims and affirmative defense.

Moreover, the purpose behind discovery, in general, is to provide an opportunity for a fair trial and elimination of surprise. See Stonybrook Tenants Asso. v. Alpert, 29 F.R.D. 165, 168 (D. Conn. 1961). Here, if M.A. DeAtley is unable to conduct discovery with regard to the Government's counterclaims and affirmative defense, then it will be forced into a trial by ambush. Therefore, good cause exists to reopen fact discovery.

## IV. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion To Reopen Fact Discovery should be granted.

DATED this 1st day of March, 2006.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of March, 2006, a copy of the foregoing *Memorandum in Support of Motion to Reopen Fact Discovery* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK