IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C |
| | ) | (Judge Edward J. Damich) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY** |
| vs. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

M.A. DeAtley Construction, Inc. ("M.A. DeAtley") hereby submits this reply to the Government's brief in opposition to M.A. DeAtley's Motion to Reopen Fact Discovery. Based on the following reasons, M.A. DeAtley's Motion to Reopen Fact Discovery should be granted.

## II. ARGUMENT

The Government asserts three arguments why M.A. DeAtley's Motion should be denied. First, the Government argues that its three new causes of action and its

affirmative defense is based on M.A. DeAtley's certified claim, thus all information is in M.A. DeAtley's control. However, this argument must fail.

M.A. DeAtley submitted an accurate certified claim. To this day, this claim remains accurate. M.A. DeAtley knows of no witness, testimony, document or other evidence in M.A. DeAtley's possession or control that would support the Government's position. In fact, M.A. DeAtley believes that the Government has no evidence to even support the allegations of its counsel. However, these allegations must have a good faith factual basis; otherwise the Government would violate RCFC 11 by filing a frivolous counterclaim.

M.A. DeAtley is entitled to discover this factual basis prior to trial. To this end, M.A. DeAtley must be allowed to conduct fact discovery with regard to the Government's counterclaims and affirmative defense.

The second and third arguments advanced by the Government are that M.A. DeAtley has failed to demonstrate the nature of the information it hopes to obtain and who in the government would have that information. These arguments must also fail because M.A. DeAtley is only required to show that good cause exists to reopen fact discovery. RCFC 16.

The nature of the information that DeAtley seeks is simple. DeAtley seeks to obtain a clear understanding of the basis of the Government's claims including what

calculations or documentation submitted by DeAtley allegedly form the basis of a false claim and what evidence the Government has of DeAtley's intent to submit a false claim.

In order to prevail on its claims, the Government must prove that M.A. DeAtley intentionally submitted a false claim with the intent to defraud the Government. Here, it is clear that someone in the Government has information upon which the Government based its counterclaims and affirmative defense. At this time, M.A. DeAtley does not know who has this information, but a Rule 30(b)(6) deposition and/or simple interrogatories will identify the witness[es] in question, thus the need to reopen fact discovery. M.A. DeAtley expects to discover the facts and information that support the Government's counterclaims. In an effort to efficiently conduct this discovery, M.A. DeAtley generally proposes the following:

- Written interrogatories and requests for production to the Government requesting the identity of all facts that support their three counterclaims including the allegations contained in support of the counterclaims; the people with knowledge of those facts; the identity of any documents that support these allegations and consequently production of those documents.
- Depositions of the individuals identified in the Government's interrogatories to further explore the depth and breadth of knowledge of each individual.

Alternatively, M.A. DeAtley would need:

- Request for production of documents.
- A 30(b)(6) deposition of the Government in order to ascertain the facts supporting its counterclaims and affirmative defense, as well as the individuals with knowledge of those facts.

- Follow-up depositions with the individuals identified in the 30(b)(6) deposition.

The Government's attempts to dissuade this Court from reopening fact discovery, despite the fact it has been recently allowed to assert three new counterclaims and an affirmative defense, are fundamentally unfair. It is clear that M.A. DeAtley needs to conduct discovery in order to discover the facts that support the Government's allegations. Therefore, M.A. DeAtley's Motion to Reopen Fact Discovery should be granted.

## III. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion to Reopen Fact Discovery should be granted.

DATED this 16th day of March, 2006.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of March, 2006, a copy of the foregoing *Plaintiff's Reply To Defendant's Opposition To Plaintiff's Motion To Reopen Discovery* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK