IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DEATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Defendant, the United States, respectfully submits this status report pursuant to this Court's Special Procedures Order, requiring the parties to submit a status report within 15 days of the completion of discovery. The content of this report have been discussed with counsel for M. A. DeAtley Construction, Inc. ("DeAtley'), who has indicated that DeAtley has no objection to the filing of this status report.

Pursuant to this Court's March 9, 2006 order, the depositions of the experts have been completed.

The following issues remain to be resolved prior to the commencement of the trial of this matter.

On March 1, 2006, DeAtley filed a motion seeking to reopen fact witness discovery "for the sole purpose of discovering facts that surround or refute the Government's counterclaims and affirmative defense." DeAtley's memorandum in support of motion to reopen discovery at 1. In the Government's March 2, 2006 opposition to DeAtley's motion, the Government argued that DeAtley's motion should be denied because our counterclaims are premised entirely upon DeAtley's certified claim. In its reply to the Government's opposition, DeAtley argues that it seeks to "obtain a clear understanding of the basis of the Government's claims . . . ." DeAtley's

reply to defendant's opposition to DeAtley's motion to reopen discovery at 2. In the Governemnt's March 22, 2006 sur-reply, Government counsel indicated that she is willing to outline for DeAtley's counsel the basis of the counterclaims, counterclaims that were in fact drafted by Government counsel and for which Government counsel is responsible. It is the Government's position that Deatley's counsel has not availed itself of this opportunity. DeAtley's motion has been fully briefed. The Court's ruling upon that motion may impact the need for additional discovery.

In addition, the Government filed a motion to dismiss on November 11, 2005. DeAtley filed its opposition to that motion on January 9, 2006. The Government filed its reply to DeAtley's opposition on January 20, 2006. The Court's ruling upon the Government's motion to dismiss should not impact discovery but may impact the conduct of the trial.

DeAtley anticipates filing a motion for summary judgment with regard to the Government's counterclaim after any additional discovery, if permitted by the Court, is completed.

The parties have an ongoing dispute regarding the production of materials generated by the experts in this case. In response to DeAtley's discovery request pertaining to the Government's expert, the Government indicated that it would provide only those materials required to be produced under Rule 26(a)(2)(B) of the Rules of the Court of Federal Claims, that is, the expert's report, containing a complete statement of all opinions to be expressed and the basis and reasons therefor, the data and information considered by the expert in forming the opinions expressed in the report, the exhibits to be used as a summary of or support for those opinions, the expert's qualifications, a list of the expert's publications, the compensation paid to

the expert, and a list of other cases in which the expert has testified within the preceding four years. DeAtley has not filed a motion to compel the Government to produce additional materials.

Approximately three days prior to the April 27, 2006 deposition of Frank Leathers, the Government's expert, DeAtley served upon Mr. Leathers a Rule 45 subpoena duces tecum requesting the production of documents that the Government contends exceeded the scope of Rule 26. Mr. Leathers's attorney served upon counsel for DeAtley his written objection to that subpoena. Upon the advice of his counsel, Mr. Leathers did not produce the requested documents at his deposition. It is the Government's position that because a written objection was made to the production of the additional documents, under Rule 45(c)(1)(b) DeAtley is required to file a motion to compel the production of such documents and that DeAtley has not filed such a motion.

While it is the Government's position that DeAtley is not entitled under the applicable rules to any documents that exceed the scope of Rule 26, the Government is willing to attempt to reach a reasonable resolution of this matter with counsel for DeAtley. If the parties are not able to reach a resolution, DeAtley intends to file a motion to compel.

Finally, DeAtley believes there is still a possibility of settlement. However, according to DeAtley the possibility of settlement has not been discussed between the parties. DeAtley believes that this matter should be ordered to mediation in an attempt to resolve this dispute prior to incurring additional expense.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
ATTN: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972

May 17, 2006

Attorneys for Defendant