# In the United States Court of Federal Claims

No. 04-1052 C

(Filed: July 10, 2006)

| | | |
|---|---|---|
| **M.A. DeATLEY CONSTRUCTION, INC.,** Plaintiff, v. **THE UNITED STATES,** Defendant. | * | Motion to reopen discovery; RCFC 16 and 26 |

## ORDER ON MOTION

*John C. Black*, Spokane, WA, counsel of record for Plaintiff.

*Leslie Cayer Ohta*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel of record for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Bryant G. Snee*, Assistant Director.

**DAMICH**, Chief Judge.

## I. Introduction

On March 1, 2006, pursuant to Rules 16 and 26 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff M.A. DeAtley Construction, Inc. ("DeAtley") filed a Motion to Reopen Fact Discovery. Plaintiff asserts that it seeks to discover facts relating to Defendant's counterclaims and affirmative defense contained in its amended answer of January 31, 2006. Defendant opposes Plaintiff's motion, arguing that its counterclaims and its affirmative defense are based solely upon Plaintiff's certified claim and, thus, Plaintiff is in possession of all relevant facts. Because the Court does not have sufficient information upon which to issue an informed ruling on Plaintiff's motion, the Court **ORDERS** that the parties file supplemental statements in accordance with the Court's instructions below and **DEFERS** ruling on Plaintiff's motion pending the Court's review of the parties' supplemental statements.

## II. Background

This is a breach of contract case concerning reconstruction of a portion of the Flowery Trail Road in the state of Washington. Familiarity with the substance of Plaintiff's allegations is presumed**.** Fact discovery in this case closed on December 16, 2005. Defendant filed, by leave of the court on January 31, 2006, an amended answer. The amended answer includes an affirmative defense of illegality as a result of submission of a false claim. *Id.* ¶ 52. In addition, the amended answer includes three counterclaims arising under (1) the forfeiture of fraudulent claims statute, 28 U.S.C. § 2514; (2) the anti-fraud provision of the Contract Disputes Act, 41 U.S.C. § 604; and (3) the presentation of false claims provision of the False Claims Act, 31 U.S.C. § 3729(a)(1). Am. Answer ¶¶ 71-83. The counterclaims are premised on Defendant's allegation that "plaintiff fraudulently inflated the amount of the [certified] claim that it presented to the contracting officer." Def.'s Resp. at 1; Def.'s Sur-reply at 1. Defendant argues that Plaintiff's certified claim for $277,843.55 is overstated by $63,164.98. Am. Answer ¶ 68.

Specifically, Defendant alleges that Plaintiff's certified claim is overstated to the extent it included:

a. "amounts for both the initial production and placement of the rejected aggregate totaling $23,767,34, and for the production and placement of the replacement aggregate;"

b. "labor and equipment costs for placing aggregate on sections of the roadbed on which none of the rejected aggregate had been placed;"

c. "testing costs that were already paid for by the Government under the contract;"

d. "testing costs that were incurred solely to establish its claim."

Def.'s Am. Answer ¶¶ 63, 64, 65, 66.

In its Answer to Defendant's Counterclaims, Plaintiff categorically denies these allegations. Pl.'s Answer ¶¶ 11-14.

## III. Discussion

### A. The Arguments of the Parties

In its motion, Plaintiff argues that because the court allowed Defendant to amend its answer after fact discovery closed, discovery should be reopened "for the limited purpose of discovering the facts that surround, support or refute the counterclaims and affirmative defense."

Pl.'s Mot. at 3. Plaintiff contends that without additional discovery, "it will be forced into a trial by ambush." *Id.*

In its opposition, Defendant argues that, as its counterclaims and affirmative defense are "premised entirely upon the certified claim" that Plaintiff submitted to the contracting officer, any relevant documents or witnesses are already in Plaintiff's control. Def.'s Resp. at 1. Defendant also asserts that Plaintiff has failed to demonstrate the "nature of the information" it seeks or who in the Government would have such information. *Id.* at 1-2.

In its reply, Plaintiff asserts that "it knows of no witness, testimony, document or other evidence in M.A. DeAtley's possession or control that would support the Government's position." Pl.'s Reply at 2. Plaintiff further asserts that either Defendant has no evidence to support its allegations of fraud or any such evidence is within its exclusive possession. *Id.*

As to the nature of the information sought, Plaintiff asserts that it "seeks to obtain a clear understanding of the *basis* of the Government's claims including *what calculations or documentation* submitted by DeAtley allegedly form the basis of a false claim and what evidence the Government has of DeAtley's intent to submit a false claim." *Id.* at 2-3 (emphases added). Consequently, Plaintiff proposes additional discovery through interrogatories, production of documents, and depositions. *Id.* at 3.

With leave of the court, Defendant filed a sur-reply on March 22, 2006, asserting that it does not believe additional discovery is warranted for the reasons stated above, but that it "is willing to outline for DeAtley's counsel the *basis* of the counterclaims. . . ." Def.'s Sur-reply at 2 (emphasis added).

### B. Analysis

Two rules are relevant to Plaintiff's motion–RCFC 16(b)(7) and 26(b)(1). RCFC 16(b)(7) provides that a "schedule shall not be modified except upon a showing of good cause and by leave of the judge." RCFC 26(b)(1) further states that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Hence, the moving party bears the burden of establishing "good cause," and the decision rests within the court's discretion. The court is further guided by the overarching principle that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." RCFC 1.

Of critical importance to the resolution of Plaintiff's motion is the fact that Defendant has not provided in its response a copy of the certified claim upon which its counterclaims are premised. As a result, the Court has no means by which to determine whether Defendant's claims are limited solely to materials contained within the certified claim. However, as explained above, Defendant states that it is willing to "outline" for Plaintiff the basis of its counterclaims. *See* Def.'s Sur-Reply at 2. Defendant's offer to provide such an outline is helpful and constructive. A supplemental statement that provides a more definitive explanation of the

basis for its counterclaims and affirmative defense may provide the Court with a more substantive basis upon which to issue an informed ruling on Plaintiff's motion.

Accordingly, the Court **ORDERS** Defendant to file a supplemental statement, no later than **July 28, 2006**, that describes the basis for each of the allegations underlying its counterclaims and its affirmative defense. In so doing, Defendant shall cite to the specific source relied upon and attach the source as an exhibit to its supplemental statement. If Defendant has relied upon statements made by an individual in formulating its allegations, Defendant shall state the name of the individual. To the extent Defendant's allegations are conclusions drawn from a particular source, Defendant shall provide its reasoning. Before filing its supplemental statement, Defendant shall confer with Plaintiff to determine whether Plaintiff is in possession of each and every source underlying Defendant's allegations. In its statement, Defendant shall indicate whether Plaintiff is in possession of each source relied upon.

The Court further **ORDERS** Plaintiff to file a supplemental statement, no later than **August 7, 2006**, that informs the Court whether it still wishes to pursue its motion to re-open discovery and, if so, provides specific reasons for re-opening fact discovery. While the Court prefers not to re-open fact discovery, it may nonetheless permit limited discovery provided that Plaintiff gives the Court sufficient reason.

In light of the Court's finding that it needs additional information, the Court **DEFERS** ruling on Plaintiff's Motion to Reopen Discovery at this time.

s/ Edward J. Damich
Edward J. Damich
Chief Judge