IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. A. DeATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss part of count one and all of counts two, four, and five of M. A. DeAtley Construction, Inc.'s ("DeAtley") complaint for lack of jurisdiction.

STATEMENT OF THE ISSUE

Whether this Court possesses jurisdiction over the counts in the complaint alleging breach of contract for failing to conduct source testing and failing to cooperate, defective specifications, constructive change, and economic waste.[1]

[1] This Court, in denying, in part, defendant's November 28, 2005 motion to dismiss counts one, two, four, and five of DeAtley's complaint, found that DeAtley's complaint was not limited to the differing site condition claim. June 22, 2006 Opinion. With respect to count one, this Court noted that it included claims that the Government breached its duty to conduct source testing and breach of the implied covenant of good faith and fair dealing. Id. at 5. With respect to count two, this Court found that DeAtley's "argument does appear to constitute a defective specifications claim, distinct from its differing site conditions claim." Id. at 7. With respect to counts four and five, this Court found that those counts "are not part and parcel of a differing site condition, nor do they involve a common nucleus of facts with a differing site condition claim." Id. at 8 and 9.

## STATEMENT OF THE CASE

### I. Nature of the Case

The case arises out of a contract to construct or re-pave approximately 14 kilometers of the Flowery Trail Road in the state of Washington. In its complaint, DeAtley alleges that the Government breached the contract by failing to provide a suitable source material for the aggregate,[2] that the Government breached its duty to conduct source testing, and that the Government breached the implied covenant of good faith and fair dealing (count one); that the contract contained defective specifications (count two); that a differing site condition was encountered (count three); that the Government constructively changed the contract (count four); that the Government failed to mitigate damages (count five)[3]; and that the Government has been unjustly enriched by DeAtley's performance (count six).[4]

The gravamen of DeAtley's complaint is that the rock crushed for aggregate from the Government-provided source was not suitable for its intended purpose.

### II. Statement Of The Facts

On February 9, 2001, the Federal Highway Administration awarded a contract to DeAtley. The contract provided that rock at a specified location was suitable for the production of the aggregate needed for the roadbed. DeAtley crushed aggregate for the project using rock

---

[2] Based upon this Court's June 22, 2006 order, the Government acknowledges that so much of count one of DeAtley's complaint that alleges a breach of contract based upon the Government's alleged failure to provide a suitable source material for the aggregate is not subject to dismissal.

[3] In its June 22, 2006 opinion, this Court found that count five set forth a claim for economic waste.

[4] Count six has been withdrawn by DeAtley.

from the Government-provided source. The aggregate placed in the roadbed failed to meet the contract gradation specifications and was, therefore, rejected. The Government required that DeAtley remove the aggregate and replace it with aggregate that met the contract specifications. DeAtley used rock from another source and completed the project.[5]

By letter dated September 18, 2003, DeAtley presented a claim to the contracting officer. for "the costs incurred due to the removal of unaccepted Aggregate D Base, reproduction, and replacement with accepted Aggregate D Base."[6] DeAtley contended that "the failing tests were a result of the [agency's] designated source which subsequently caused the Aggregate D Base material to break down in the stockpile . . . " Id. DeAtley also contended that the Government's Geotechnical Report's findings pertaining to the source were in error, and that the degradation was a result of a poor material source. Id. In short, the only claim advanced by DeAtley in its certified claim was that the Government's designated source of material for the necessary aggregate to construct the roadway was of poor quality, a classic differing site condition claim. Nowhere in its claim does DeAtley assert that the Government was liable to it for damages incurred as the result of the Government breaching the contract, of providing defective specifications, of constructively changing the terms of the contract, or for economic waste.

---

[5] In its September 18, 2003 certified claim, DeAtley sought $164,223.55 for DeAtley and $113,610.00 for DeAtley Crushing for damages due to the costs incurred to remove and replace the rejected aggregate. DeAtley's claim was denied on December 11, 2003.

[6] The certified claim and its attachments were previously provided to the Court as attachments to Defendant's July 21, 2006 Supplemental Statement Concerning Plaintiff's Motion To Reopen Discovery, docket entry 72.

## SUMMARY OF THE ARGUMENT

Given that the gravamen of DeAtley's certified claim is a differing site condition, that is, that the rock from the Government-provided source was unsuitable for its intended purpose, those counts alleging that the Government breached its duty to conduct source testing and that the Government breached the implied covenant of good faith and fair dealing, defective specifications, constructive change, and economic waste should be dismissed for failing to meet the jurisdictional requirement of presenting these claims to the contracting officer. Because the jurisdiction of this Court in this matter is premised upon the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq., this Court is without jurisdiction to entertain DeAtley's complaint to the extent it seeks damages based upon claims not presented to the contracting officer.

## ARGUMENT

### I. Standard of Review For Dismissal for Lack of Subject Matter Jurisdiction

Plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

The United States is immune from suit unless it has specifically waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must

be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted).
A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. This Court Does Not Possesses Jurisdiction To Entertain DeAtley' Causes Of Action For Damages Arising From Claims Not Presented To The Contracting Officer.

This Court does not possess jurisdiction over DeAtley's causes of action based upon the Government's alleged breach of its duty to conduct source testing, the Government's alleged breach of the implied covenant of good faith and fair dealing, constructive changes, defective specifications, and economic waste. DeAtley, having entered into a contract with the Government, covered by the Contract Disputes Act, must allege that it met the jurisdictional prerequisite of the Act. That is, DeAtley, as a jurisdictional prerequisite to suit, was required to submit a claim to the contracting officer setting forth these claims. DeAtley failed to do so. It is clear beyond cavil that DeAtley' claims alleging that the agency breached the contract,

constructively changed the contract, provided defective specifications, and was guilty of economic waste arise, if at all, under the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 et seq.

With respect to disputes arising pursuant to the CDA, Congress has granted this court "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the CDA See § 1491(a)(2). Pursuant to section 6 of the CDA, "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). Under section 10(a)(1) of that Act, the court's jurisdiction encompasses actions filed in the appropriate forum within a specified time period triggered by the date of the receipt by the contractor of the decision of the CO concerning the claim. 28 U.S.C. § 1491(a)(2); 41 U.S.C. §§ 605(a), 609(a)(3).

The CDA sets forth a detailed process that the contractor must comport with prior to instituting suit in this Court. 41 U.S.C. §§ 605(a)-(c). As the court in Witherington Construction Corp. v. United States, 45 Fed. Cl. 208, 211 (1999), stated: "[T]o gain a jurisdictional foothold in this [C]ourt, a plaintiff pursuing a contract claim must satisfy two fundamental jurisdictional requirements--it must submit a claim for money presently due and must obtain a 'final decision' on that claim, either actual or deemed." Thus, this Court lacks jurisdiction to entertain any of DeAtley's causes of action except for the differing site condition claim that was presented to the contracting officer. See CDA, 41 U.S.C. § 601 et seq. Because DeAtley failed to submit a certified claim based upon the allegations made in counts one (except for the allegation that the Government failed to provide a suitable source), two, four, and five of its complaint, DeAtley failed to comply with the CDA; therefore, DeAtley's causes of action premised upon those

claims should be dismissed.

CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant our motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL

TIMOTHY BINDER
Division Counsel
U.S. Dept. of Transportation
Federal Highway Administration
610 East Fifth Street
Vancouver, WA 98661-3801

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

September 1, 2006

Attorneys for Defendant