IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C |
| | ) | (Judge Edward J. Damich) |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF MOTION SUMMARY JUDGMENT** |
| vs. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

M.A. DeAtley Construction, Inc. ("M.A. DeAtley"), by and through its attorneys of record, Dunn & Black, P.S., has moved this Court for Summary Judgment dismissing the Government's counterclaims under the False Claims Act, the Anti-Fraud Provision of the Contracts Dispute Act, and the Forfeiture of False Claims. It is undisputed that the Government cannot present any evidence to support its counterclaims. Therefore, M.A. DeAtley's Motion for Summary Judgment should be granted.

## II. FACTS

1. On February 9, 2001, M.A. DeAtley was awarded the Flowery Trail Project contract. This contract was to reconstruct a portion of Flowery Trail Road in Northeastern Washington. (See Complaint, Docket No. 1).

2. Throughout the Project various disputes arose with regards to the aggregate Class D base and the contract specifications. (See Complaint, Docket No. 1).

3. On September 18, 2003, M.A. DeAtley submitted this dispute for final determination to the contracting officer. The contracting officer reviewed the information presented by M.A. DeAtley and denied the claim. On June 22, 2004, M.A. DeAtley filed the instant lawsuit in this Court for recovery of damages. (See Complaint, Docket No. 1).

4. Eighteen months after this lawsuit was filed, the Government was granted leave to amend its Answer to include counterclaims under the False Claims Act, the Forfeiture and Fraud Act, and the Anti-Fraud Provision under the Contract Dispute Act. (See Amended Answer and Counterclaims, Docket No. 48).

5. During the discovery phase of this litigation, the Government has acquired no evidence to support its counterclaims. Fact discovery was closed on December 16, 2005. In fact, when M.A. DeAtley moved to re-open discovery on these counterclaims the Government opposed that Motion. (Docket No. 58 and 67). Thus, the Government cannot present the requisite evidence to establish its essential elements. On July 21,

2006, in response to this Court's request for Supplemental Statements concerning re-opening fact discovery, the Government set forth, in the record, what evidence supports its allegations for its counterclaims. In the Government's Supplemental Statement, it states:

> *It is the understanding of the Government counsel that counsel for DeAtley has accepted her* ***representations*** *that the Government's counterclaims are based upon DeAtley's certified claim and related contract documents and that the Government will* ***not be calling any Government employee to testify about the merits of the counterclaim****, other than, perhaps, agency counsel, whose testimony will be limited to outlining the facts as contained in DeAtley's certified claim. Any testimony elicited regarding this matter from DeAtley's employees will be done through cross-examination.*

(Docket No. 72) (emphasis added).

## III. ARGUMENT

### A. Standard Of Review.

RCFC 56(c) states that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. RCFC 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Jay v. Secretary of EHHS, 998 F.2d 979, 982 (Fed. Cir. 1993).

Summary Judgment is appropriate against the party who fails to make a showing sufficient to establish an essential element to that party's case where that party will bear

the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, the court resolves any doubts regarding factual issues in favor of the non-moving party. See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc., 145 F.3d 1303, 1307 (Fed. Cir. 1998). In order for a factual dispute to be genuine, the evidence must be such that a reasonable jury or trier of fact could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

Here, the United States cannot present any evidence to support the essential elements of its counterclaims. It states that the only evidence relied upon is the certified claim. (Docket No. 72) (stating "*the Government's counterclaims are based upon DeAtley's certified claim and related contract documents*"). However, the certified claim itself cannot show intent. The Government bears the burden of proof with regards to these counterclaims at trial and, therefore, summary judgment must be granted. See Celotex Corp., 477 U.S. at 322.

**B. The Government's False Claims Act Counterclaim Must Be Dismissed.**

To prevail on a claim under the False Claims Act, 31 U.S.C. § 3729, the Government must show that a person knowingly presents or causes to be presented to an officer or employee of the United States Government a false or fraudulent claim for payment or approval or knowingly makes, uses, or causes a false record or statement to get a false or fraudulent claim paid or approved by the Government. See 31 U.S.C. § 3729. The False Claims Act was designed to remedy actual false or fraudulent claims

made with a requisite level of knowledge against the Government. United States, ex rel. Garibaldi v. Orleans Parish School Bd., 21 F.Supp.2d 607, 618 (E.D. La 1998).

Negligence is not sufficient to establish liability under the False Claims Act. United States, ex rel. Aflatooni v. Kitsap Physician Services., 163 F.3d 516, 526 (9th Cir. 1999). Likewise, merely submitting an inaccurate claim does not show the necessary intent for fraud. Garibaldi, 21 F.Supp.2d at 618.

Here, the Government has no evidence that M.A. DeAtley submitted a false or fraudulent claim. (Aff. of DeAtley); (Aff. of Owens). The only facts alleged to support this cause of action is that the United States Government believes M.A. DeAtley is not entitled to recover certain damages. There is no evidence that M.A. DeAtley submitted a false claim with the **intent** to defraud the United States Government. (Aff. of DeAtley); (Aff. of Owens) (Docket No. 72). The Government cannot produce any evidence as to these essential elements and, therefore, its claim must be dismissed and M.A. DeAtley's Motion for Partial Summary Judgment on this issue should be granted. See Celotex, 477 U.S. at 322.

**C. The Government's Counterclaim Under The Anti-Fraud Provision Of The Contract Disputes Act, Section 41 U.S.C. § 604 Must Be Dismissed.**

The anti-fraud provision of the Contract Disputes Act states:

> *If a contractor is unable to support any part of its claim and it is determined that such inability is attributable to misrepresentation of fact or fraud on the part of the contractor, he shall be liable to the government for an amount equal to such unsupported part of the claim in addition to all*

> *costs to the government attributable to the costs of reviewing said part of his claim.*

41 U.S.C. § 604. A misrepresentation of fact is a false statement of substantive fact or any conduct, made with the intent to deceive or mislead, which leads to a belief of a substantive fact material to a proper understanding of the matter at hand. 41 U.S.C. § 601(7). In order to prevail on this claim, the court will look to the contractor's intent at the time the claim is submitted and determine whether or not the requisite intent to deceive or mislead is present. See Commercial Contractors, Inc. v. The United States, 154 F.3d 1357, 1362 (Fed. Cir. 1998).

Here, the United States cannot establish the essential element that M.A. DeAtley intended to deceive or mislead the Government. (Aff. of DeAtley); (Aff. of Owens). Moreover, the Government cannot present any evidence that M.A. DeAtley committed a fraud upon the Government. (Aff. of DeAtley); (Aff. of Owens). Because the Government cannot support an essential element of its claim, summary judgment must be granted in favor of M.A. DeAtley. Celotex, 477 U.S. at 322. Therefore, the Government's claim under the anti-fraud provision of the Contract Disputes Act must be dismissed.

**D. The Government's Counterclaim Under The Forfeiture Of Fraudulent Claims, 28 U.S.C. § 2514, Must Be Dismissed.**

In order for the United States to prevail on a claim of Forfeiture of Fraudulent Claims, 28 U.S.C. § 2514, the Government must show that M.A. DeAtley corruptly

practiced or attempts to practice a fraud against the United States in the proof, statement, establishment or allowance of a claim. 28 U.S.C. § 2514. In such cases, the Federal Court of Claims will specifically find such fraud or attempt of fraud and render a judgment of forfeiture. Id.

Mere discrepancies or exaggerated statements are not sufficient to constitute fraud, nor is the fact that a part of the claim is based on a mistaken theory. Corkle v. United States, 94 F.Supp. 908, 910-11 (E.D. S.C. 1951).

Here, the Government cannot present any evidence that substantiates an essential element of a claim, namely that M.A. DeAtley practiced or attempted to practice a fraud upon the United States. (Aff. of DeAtley); (Aff. of Owens); (Docket No. 72). As Corkle describes, a mere discrepancy or exaggerated statement is not sufficient to render M.A. DeAtley liable under the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2154. However, M.A. DeAtley's claim is accurate. (See **Exh. A** to Aff. of DeAtley); (Aff. of DeAtley); (Aff. of Owens). Therefore, the Government's counterclaim must be dismissed and M.A. DeAtley's Motion for Partial Summary Judgment on this issue should be granted.

## IV. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion for Summary Judgment dismissing the Government's counterclaims should be granted.

DATED this 13th day of September, 2006.

s/ JOHN C. BLACK

JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of September, 2006, a copy of the foregoing *Memorandum in Support of Motion for Summary Judgment* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK

1742\1806\Memo.SJ