IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DEATLEY CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 04-1052C (Chief Judge Edward J. Damich) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT SEEKING DISMISSAL OF DEFENDANT'S COUNTERCLAIMS

1. On February 9, 2001, M.A. DeAtley was awarded the Flowery Trail Project contract. This contract was to reconstruct a portion of Flowery Trail Road in Northeastern Washington. (See Complaint, Docket No. 1).

RESPONSE:

Agreed.

2. Throughout the Project various disputes arose with regards to the aggregate Class D base and the contract specifications. (See Complaint, Docket No. 1).

RESPONSE:

Agreed.

3. On September 18, 2003, M.A. DeAtley submitted this dispute for final determination to the contracting officer. The contracting officer reviewed the information presented by M.A. DeAtley and denied the claim. On June 22, 2004, M.A. DeAtley filed the instant lawsuit in this Court for recovery of damages. (See Complaint, Docket No. 1).

RESPONSE:

Agreed.

4. Eighteen months after this lawsuit was filed, the Government was granted leave to amend its Answer to include counterclaims under the False Claims Act, the Forfeiture and Fraud Act, and the Anti-Fraud Provision under the Contract Dispute Act. (See Amended Answer and Counterclaims, Docket No. 48).

RESPONSE:

Agreed.

5. During the discovery phase of this litigation, the Government has acquired no evidence to support its counterclaims. Fact discovery was closed on December 16, 2005. In fact, when M.A. DeAtley moved to re-open discovery on these counterclaims the Government opposed that Motion. (Docket No. 58 and 67). Thus, the Government cannot present the requisite evidence to establish its essential elements. On July 21, 2006, in response to this Court's request for Supplemental Statements concerning reopening fact discovery, the Government set forth, in the record, what evidence supports its allegations for its counterclaims. In the Government's Supplemental Statement, it states:

> *It is the understanding of the Government counsel that counsel for DeAtley has accepted her representations that the Government's counterclaims are based upon DeAtley's certified claim and related contract documents and that the Government will not be calling any Government employee to testify about the merits of the counterclaim, other than, perhaps, agency counsel, whose testimony will be limited to outlining the facts as contained in DeAtley's certified claim. Any testimony elicited regarding this matter from DeAtley's employees will be done through cross-examination.*

RESPONSE:

Agreed with respect to the second, third, and fifth sentences. Disagree with the first and fourth sentences, for the reasons set forth in our brief filed in opposition to DeAtley’s motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

Attorneys for Defendant

<u>OF COUNSEL</u>

TIMOTHY BINDER
Division Counsel
U.S. Dept. of Transportation
Federal Highway Administration
610 East Fifth Street
Vancouver, WA 98661-3801

October 12, 2006