IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DEATLEY CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 04-1052C (Chief Judge Edward J. Damich) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF"'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this reply to the opposition filed by M. A. DeAtley Construction, Inc. ("DeAtley") to our September 1, 2006 motion to dismiss.

DeAtley's opposition to our motion is wholly lacking in merit.

The linchpin of the Government's motion to dismiss a portion of Count 1, and Counts 2, 4, and 5, of the Deatley's complaint, is our contention that those claims had not been presented to the contracting officer ("CO"). DeAtley, in its opposition, contends that each of these counts are premised upon the same set of operative facts, claim essentially the same relief, and merely assert differing legal theories for recovery as does the differing site condition claim presented to the CO and, therefore, are cognizable under the factors set forth in Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003). DeAtley's Opposition ("Opp.") at 9. DeAtley's position is not well taken.

On November 28, 2005,we moved, pursuant to RCFC 12(b)(6), for the dismissal of counts one, two, four, and five of the complaint, counts sounding in breach of contract, defective specifications, constructive change, and failure to mitigate, for failure to state claims upon which

relief may be granted. In opposition to that motion, DeAtley argued that those counts were not premised upon the same operative factors as its differing site condition claim. For example . DeAtley stated that "[a]pplication of [the decision in] Comtrol to this case is inapposite because M.A. DeAtley's claim for defective specifications is not based solely on differing site conditions." Memorandum of Points And Authorities In Response To Defendant United States's Motion to Dismiss, filed on January 9, 2006 ("Memorandum")(docket 38) at 26 (emphasis added). DeAtley also stated that its defective specification count is based upon the gradation specification, id. at 27, and, therefore, not based upon the same operative facts as its differing site condition claim. In addition, DeAtley argued that its count that the Government constructively changed the contract is based upon the Government's failure to allow tolerances in the gradation specification, id., again, a claim that is not premised upon the same operative facts as is DeAtley's differing site condition count. In Deatley's breach of contract claim, DeAtley alleges that the Government failed to adequately test the rock in the Government provided source and alleges that the Government breached its duty to cooperate and act in good faith. Id. at 23. Those counts also are clearly not premised upon the same operative facts as is DeAtley's differing site condition count.

In reliance upon DeAtley's assertions, this Court held, in ruling upon our November 28, 2005 motion to dismiss, that DeAtley's breach of contract claim included additional claims "including breach of the duty to conduct source testing and breach of the implied covenant of good faith and fair dealing." Opinion and Order, dated June 22, 2006, denying the Government's motion to dismiss counts 1, 2, 4, and 5 of DeAtley's complaint (docket entry 71) at 5. With respect to DeAtley's defective specification claim, this Court found that DeAtley was asserting

other matters that were outside of the differing site condition claim. Id. at 6.

It is patently absurd for DeAtley to contend that it is legally or factually appropriate to assert contradictory positions in opposition to different motions. DeAtley cannot have it both ways. Either the counts in the complaint at issue in our both our November 28, 2005 motion, and in our September 1, 2006 motion, arise out of the same operative facts, or they do not. It is legally and factually untenable to contend that the counts in DeAtley's complaint, that were the subject of the Government's November 28, 2004 motion to dismiss, arose out of different facts than its differing site condition did in order to defeat the Government's motion, and now to contend, to the contrary, that those same counts arise out of the identical operative facts as its differing site condition does in order to defeat our Septenevber1, 2006 motion.

DeAtley does not dispute that the only claim presented to the contracting officer was a differing site condition claim, as we assert in our pending motion to dismiss. See September 1, 2006 motion to dismiss (docket entry 76). Moreover, in the two affidavits DeAtley submitted to the Court in support of its motion for summary judgment, seeking the dismissal of the Government's counterclaims (docket entry 77), DeAtley explicitly acknowledged that its certified claim was premised upon the existence of a differing site condition. Mark DeAtley, the president of DeAtley, and Craig T. Owens, DeAtley's project manager who prepared DeAtley's certified claim, both stated, under oath, that DeAtley "only claimed those expenses that we felt were caused by the Government's unsuitable quarry source." See attachments to DeAtley's September 13, 2006 motion (docket entry 77). The existence of an "unsuitable quarry source" is the gravamen of DeAtley's claim, that is, that the Government provided source for rock, from which the required aggregate was initially produced, was unsuitable for its intended purpose.

As we argue in our September 1, 2006 motion, a contractor is precluded from presenting a new claim in this Court that was not previously presented to a contracting officer. AAB Joint Venture v. United States, 68 Fed. Cl. 363, 365 (2005). To be presented, the claim must be one that a reasonable contracting officer would recognize as a claim. As the Ninth Circuit Court of Appeals stated,

> When reading [plaintiff's] brief, one wonders if [plaintiff], in its own version of the "spaghetti approach," has heaved the entire contents of a pot against the wall in hopes that something would stick. We decline, however, to sort though the noodles in search of [plaintiff's] claim. As the Seventh Circuit observed in its now familiar maxim, "[j]udges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).

Further, contrary to DeAtley's current position, the counts in the complaint at issue do not arise from the same operative facts underlying DeAtley's differing site condition count. A differing site condition claim depends upon whether the condition set forth in the contract differed materially from the condition encountered during contract performance, whether the condition encountered was reasonably unforeseeable, and whether the contractor reasonably relied upon the information provided in the contract. HB Mac, Inc. v. United States, 153 F.3d 1338, 1345 (Fed. Cir. 1998). A breach of contract claim, on the other hand, involves a judicial determination as to whether the Government breached a provision of the contract. A differing site condition claim and a breach of contract claim are separate causes of action. See, e. g. Renda Marine, Inc. v. United States, No. 02-306C (June 29, 2006)(such causes of actions do not involve the same facts or similar legal theories; CO in addressing the differing site condition claim was

not put on notice of a breach of contract claim or a claim for breach of the duty of good faith). See also, J. Cooper & Assocs., Inc. v. United States, 47 Fed. Cl. 280, 286 (2000) (distinguishing between claims asserted to the CO and the breach claim brought in the Court).

Likewise, a defective specifications claim requires a judicial determination as to whether the specification at issue is a design or a performance specification, and whether it is defective. As noted in Kiewit Construction Co. v. United States, 56 Fed. Cl. 414, 419-420 (2003), "[g]overning case law mandates that differing site condition claims and defective specification claims depend upon varying sets of operative facts. Operative facts are the essential facts that give rise to a cause of action."

Further, when a defective specification claim involves the same facts as the differing site condition claim, it collapses into the differing site condition claim. Comtrol, Inc. v. United States, 294 F.3d 1357, 1362 (Fed. Cir. 2002). If the defective specification claim does not involve the same facts, then it does not fit within the Scott Timber rubric of being a similar cause of action arising from the same operative facts and seeking essentially the same relief. See Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003).

Similarly, a construction change claim requires the Court to determine whether there was a change ordered by the Government. Big Chief Drilling Co. v. U.S., 15 Cl. Ct. 295, 300 (1988). These are different operative facts than that needed for a differing site condition claim. Id.

Finally, in an economic waste claim, the Court determines whether there was substantial performance; whether the work performed was otherwise adequate for its intended purpose; and whether the cost of correction was economically wasteful. Granite Constr. Co. v. United States, 962 F.2d 998, 1007 (Fed. Cir. 1992), cert. denied, 506 U.S. 1048 (1993). A differing site

condition claim is premised upon wholly different operative facts.

DeAtley's reliance upon Croman Corp. v. United States, 44 Fed. Cl. 796 (1999), is misplaced. In Croman, the Court found that the plaintiff was relying upon operative facts in its complaint that were different than those upon which it relied it the claim presented to the CO and that, therefore, the claim was not properly before the Court.

Similarly, DeAtley's reliance upon the Scott Timber Co. decision is misplaced. As the Renda Marine Court noted, the Scott Timber Co. case is bounded by its facts, and must be read in conjunction with Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991). When so read, Scott Timber Co. does not stand for the proposition that the Court has jurisdiction over a claim that involves a totally different legal theory and that relies upon different operative facts than those presented to the CO.[1] In addition, DeAtley's reliance upon In Peterson v. United

[1] All of the cases upon which DeAtley relies are easily distinguishable. In Cerberonics, Inc. v. United States, 13 Cl. Ct. 415 (1987), the plaintiff sought a "fair an equitable fee" from the CO without identifying any legal theory upon which its claim was based, and an "equitable adjustment" from the Court based upon the changes clause, and upon a constructive change. The Court found the claim and the complaint arose out of the same operative facts and that there was no change in the essence of the claim. Here, in contrast, the operative facts upon which DeAtley's claim was based, and the operative facts upon which the counts at issue are based are completely different.

In Ace Constructors, Inc. v. United States, 70 Fed. Cl. 253, 266 (2006), the Court found that there was no difference between the claims presented to the CO and the claims made before the Court, but only a sharpening of the legal argument. Id. at 267. By way of contrast, in the present matter, one reads the Plaintiff's claim to the contracting officer in vain in trying to discover a breach claim, a defective specification claim, a constructive change claim, or an economic waste claim. There is no basis for the Court to make the same finding under the facts of this case.

In Manuel Brothers, Inc. v. United States, 55 Fed. Cl. 8, 34 (2002), aff'd, 95 Fed. Appx. 344 (Fed. Cir. April 9, 2004), the contractor in its claim to the CO maintained that the Government had knowledge that it withheld from the contractor; its complaint was premised upon the Government's withholding of superior knowledge. The Court properly held that both

States, 68 Fed. Cl. 773, 777 (2005), is misplaced. In Peterson, this Court held that a claim seeking an increase in rent is "a different type of claim, which requires a different kind of proof" than a claim for breach of the lease agreement and, accordingly, the Court did not have jurisdiction over the claim. Finally, in Armour of America v. United States, 69 Fed. Cl. 587 (2006), relied upon by DeAtley, this Court held that a default claim and a breach claim were separate types of claims and because only the default claim was presented to the CO, the Court did not have jurisdiction over the breach claims.

It is clear beyond cavil that a contractor cannot present a claim to the CO and then include in its complaint before this Court a count that is premised upon entirely different operative facts than those relied upon before the CO.[2] In summary, nothing in DeAtley's opposition to our motion warrants the denial of that motion. For the above reasons, and for the reasons stated in our motion to dismiss, the Government respectfully requests that the Court grant out motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

---

claims were based upon the same operative facts, sought the same relief, and involved the same claim of breach of contract. Again, there is no basis for the Court to make the same finding under the facts of this case.

[2] The damages DeAtley claimed before the CO are the same as the damages sought in this Court. The mere fact that a plaintiff in its complaint seek the same damages as sought in its certified claim is legally insufficient to render an otherwise different claim into the same claim. See Foley Co. v. United States, 26 Cl. Ct. 936, 940 (1992), aff'd, 11 F.3d 1032 (Fed. Cir. 1993).

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL

TIMOTHY BINDER
Division Counsel
U.S. Dept. of Transportation
Federal Highway Administration
610 East Fifth Street
Vancouver, WA 98661-3801

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

October 13, 2006

Attorneys for Defendant