IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C |
| | ) | (Judge Edward J. Damich) |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION TO** |
| vs. | ) | **STRIKE DECLARATION OF** |
| | ) | **BRENT L. COE** |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Pursuant to Rule 37(c), M.A. DeAtley Construction, Inc. ("M.A. DeAtley"), by and through its attorneys of record, Dunn & Black, P.S., hereby files this motion requesting that this Court issue an order preventing the use of the Declaration of Brent L. Coe submitted by the United States in support of its Response to Plaintiff's Motion for Summary Judgment. The declaration of this "surprise" witness after the close of discovery to support the Government's counterclaims is both unfair and prejudicial to Plaintiff. As the Court may well remember, when the Government moved to amend its answer to add the counterclaims after discovery closed, Plaintiff specifically asked for additional discovery of Government witnesses on which Defendant would rely to support

its claims. Plaintiff dropped its request after repeated representations from Government Counsel that it would rely solely on Plaintiff's documents and witnesses to try to prove its counterclaims. Specifically, Defendant represented that it would not rely on any government employee for support. Now, those representations appear to have been misleading and will result in prejudice to Plaintiff if the Coe declaration is allowed in the record. As such, Defendant's use of the declaration in response to the motion for summary judgment violated RCFC 37(c). Therefore, M.A. DeAtley's Motion for Order Striking the Declaration of Brent L. Coe should be granted or, in the alternative, the Court allow the Plaintiff the opportunity to depose Mr. Coe and amend its motion for summary judgment on the counterclaims as needed.

## II. FACTS

1. On December 15, 2005, fact discovery in this matter closed.

2. On January 2, 2006, Defendant sought leave of court to amend its answer to include three new counterclaims based on the False Claims Act, the Forfeiture of Fraudulent Claims, and the Anti-Fraud Provision of the Contract Disputes Act. In addition, the Government alleged the affirmative defense of forfeiture.

3. On January 24, 2006, the Court granted leave to the Government to amend its answers to include the counterclaims.

4. On March 1, 2006, Plaintiff filed a Motion to Reopen Fact Discovery seeking to conduct discovery for the limited purpose of discovering the facts that would support or refute the Government's counterclaims.

5. In defense of the motion to reopen discovery, Defendant asserted that its counterclaims were based "entirely upon the certified claim" and that "[A]ll witnesses and documents, therefore, are entirely within the control of plaintiff, not the Government." Document 58 at 1.

6. In its reply to the motion to reopen discovery, Defendant again argued that "there are no 'facts' of which any Government employee is aware that are not contained in DeAtley's own documents." Document 67 at 1.

7. On July 21, 2006 in response to this Court's request for supplemental statements concerning reopening fact discovery, the Government set forth in the record the evidence upon which it would support its allegations for its counterclaims. The Government's supplemental statement states:

> *It is the understanding of the government counsel that counsel for DeAtley has accepted her* ***<u>representations</u>*** *that the government's counterclaims are based upon DeAtley's certified claims and related contract documents and that the government* ***<u>not be calling any government employee to testify about the merits of the counterclaim</u>****, other than, perhaps, agency counsel, whose testimony will be limited to outlining the facts as contained in DeAtley's certified claim. Any testimony elicited regarding this matter from DeAtley's employees will be done through cross-examination.*

(Document 72 at 1) (emphasis added).

8. Based upon this affirmative representation in the record, M.A. DeAtley and ultimately this Court, found M.A. DeAtley's Motion to Reopen Fact Discovery moot.

9. Now, in response to M.A. DeAtley's Motion for Summary Judgment seeking dismissal of these counterclaims, the Government, against its affirmative

representations, introduces the testimony of Brent Coe to testify about the merits of the counterclaim.

10. M.A. DeAtley has been extremely prejudiced by the Government's misrepresentations. If the Government would have simply told M.A. DeAtley that it would be calling Brent Coe to testify on behalf of its counterclaims, proper discovery could have been had regarding this matter and M.A. DeAtley would not be prejudiced. However, the Government chose to represent they would call nobody thereby inducing M.A. DeAtley to withdraw its Motion to Reopen Fact Discovery as moot.

11. Consequently, M.A. DeAtley requests that the Court issue an order striking the Declaration of Brent Coe from the record and from this Court's consideration or, in the alternative, stay this Motion pending the deposition of Brent Coe.

## III. ARGUMENT

As demonstrated by the facts enumerated above, the Government affirmatively represented that it would not call or have any witnesses testify as to the merits of the counterclaim. Here, Brent Coe's Declaration does just that. Brent Coe is not merely outlining the facts as contained in DeAtley's certified claim. Mr. Coe is providing the agency's analysis of M.A. DeAtley's claim and is, in sum, providing the testimony that will allegedly support the Government's counterclaims. Mr. Coe is giving his opinion and, therefore, the agency's opinion regarding Plaintiff's claim. For instance, Mr. Coe provides his reading of the contract and analysis of which costs the Government claims were included in the base contract, a key allegation to the Government's counterclaims.

Such a last minute switch to designate a Government employee as its counterclaim witness by the United States harms the Plaintiff. Based on Government counsel's representations and the fact that it did not raise its counterclaims until after the close of discovery, DeAtley never had the opportunity to depose Mr. Coe with regard to the basis of his knowledge or the facts asserted in his Declaration, nor what steps he took to ascertain the veracity of the statements contained in his declaration.

In accordance with RCFC 37(c), "A party that without substantial justification fails to disclose information required by RCFC 26(a) or 26(e)(1), or to amend a prior response to discovery as required by RCFC 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witnesses or information not so disclosed."

As set forth above, Mr. Coe was never identified as a possible witness for the Defendant's counterclaims. And, in fact, Defendant represented that it would not rely on government witnesses to support its claims. Accordingly, Defendant's tactics violate the letter and spirit of this Court's rules to cooperate in discovery and to disclose Mr. Coe as a possible witness. According to RCFC 37(c)(1), the sanctions found in RCFC 37(b)(2)(A,) (B), or (C) are available to Plaintiff. Therefore, Defendant should not be allowed to rely on Mr. Coe's Declaration and the Court should strike the declaration and all facts supported thereby in accordance with RCFC 37(b)(2)(C). In the alternative, the Court should order that Mr. Coe be made available for Plaintiff to depose Mr. Coe and to amend its Motion for Summary Judgment as proper.

## IV. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion to Strike Declaration of Brent L. Coe should be granted.

DATED this 26th day of October, 2006.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

Of Counsel:
J. Michael Littlejohn
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
(703) 790-8750 - phone
(703) 448-1801- fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of October, 2006, a copy of the foregoing *Memorandum in Support of Motion to Strike Declaration of Brent L. Coe* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK

wpdocs\1742\1806\Memo.StrikeCoeDecl