IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., Plaintiff, vs. THE UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No.: 041052C (Judge Edward J. Damich) **AFFIDAVIT OF JOHN COOPER** |

STATE OF Washington )
: ss
County of Asotin )

I, JOHN COOPER, being first sworn upon oath, depose and say:

1. I am over the age of 18, competent to testify to the matters contained herein and make this Affidavit based upon personal knowledge.

2. I ~~was responsible for estimating and calculating M.A. DeAtley's bid for~~ the ~~Flowery Trail Project~~. In calculating M.A. DeAtley's bid, I studied the Project Plans, geotechnical reports, bore logs and even visited the site.

3. On the Flowery Trail Project, the quarry source was designated by the Government. The Government tested and approved the source, as qualified for crushing and



I assisted M.A. DeAtley's estimator in estimating and calculating M.A. DeAtley's bid. John Cooper

production of grade D aggregate. At bid time, we anticipated removing an overburden of only 3.5 meters based upon the contract documents and geotechnical reports. Based upon the geotechnical reports, we also anticipated minimal reject material. See **Exhibit A**, attached hereto. But when we began to pioneer the site in preparation for production of the aggregate in June 2001, we immediately began to question whether the quarry was a competent source. Our Project Superintendent, Sam Stamper, met at the Project site on June 5, 2001, with Linda Persoon, the Project Engineer representing the Government. The two were present to inspect 20 –foot deep test pits that we had dug to confirm the nature of the material. Ms. Persoon's daily report of June 5, 2001, confirms that the test pits showed little or no useable material. See **Exhibit B**.

4. On October 25, 2001, I notified the Government of this changed condition:

> Please note that with the excess material we have encountered we have had to haul to the 49 Degrees North ski area (refer to your letter of October 11, 2001). This added haul has caused M.A. DeAtley Construction, Inc. a significant delay in bringing in our crushing subcontractor. We have currently hauled over 21,000 m3 to the ski area with the majority of this material coming from the area where we had planned to place the crusher… .

See **Exhibit C** attached hereto.

5. After removing the overburden, we began to selectively feed material through the crusher. But the designated material was highly variable and weathered quartzite that basically disintegrated when it was fed into the crusher. This condition caused our crushing subcontractor additional work and delay by requiring a significant amount more material to

be fed into the crusher in an effort to achieve an acceptable product. In turn, a large unanticipated volume of reject material was discarded into a stockpile which then needed to be hauled away from the project.

6. We informed the Government of the problems we were encountering. On November 7, 2001, our daily report (which Federal Highways reviewed and approved) states: "***material source seems to be very dirty still. Crusher is producing a lot of rejects. Our trucks can hardly keep up!***" See **Exhibit D**. During meetings with the Government, DeAtley estimated that it was rejecting approximately 70% of the material fed into the crusher. See **Exhibit E** hereto. While we anticipated a small percentage of reject material, we never anticipated that 70% of the material we were feeding through the crusher would be rejected, and have to be hauled away. The Government did not pay M.A. DeAtley for this added change in scope, thus, the Government's accusation that we have already been paid for this work is incomplete.

John P Cooper
JOHN COOPER

SUBSCRIBED AND SWORN to before me this 26th day of October, 2006.

DENISE L PEARSON COMMISSION EXPIRES NOTARY PUBLIC AUG. 29, 2007 STATE OF WASHINGTON

Denise Pearson
Printed Name: Denise Pearson
Notary Public in and for the State
of WA., Residing at Pomeroy.
My Appointment Expires: 8/29/2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of October, 2006, a copy of the foregoing *Affidavit of John Cooper* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK

wpdocs\1742\1806\Aff.Cooper