IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DEATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DECLARATION OF BRENT L. COE

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully files this opposition to the motion of M. A. DeAtley Construction, Inc.,("DeAtley") to strike the declaration of Brent L. Coe.

In its motion, DeAtley seeks to strike the declaration of Brent Coe, filed in support of our opposition to DeAtley's motion for summary judgment, seeking the dismissal of the Government's counterclaims sounding in fraud. In the alternative, DeAtley seeks an extension of the discovery schedule in order to take the deposition of Mr. Coe.

The uncontroverted facts, in our view, clearly establish that DeAtley included amounts in its certified claim for work that does not constitute additional work caused by the alleged differing site condition. All of the facts that support our position are contained in contemporaneously generated documents, that is, documents that were generated during the performance of the contract and in the claim documents. Mr. Coe's declaration is entirely devoted to setting forth those facts, found in the contemporaneously generated documents and the claim, that support the Government's position. Mr. Coe offers nothing of substance that is not derived from such documents.

In fact, the facts recited in Mr. Coe's declaration are the same facts we set forth in our

motion to amend our answer to the compliant, docket entry 33, our amended answer to the complaint, docket entry 48, and in our response to DeAtley's motion to amend the schedule, docket entry 72. Mr. Coe, in his declaration, offered no opinions as to the falsity of DeAtley's certified claim, and no opinion with respect to whether DeAtley acted with the requisite intent at the time the certified claim was filed. In fact, the only tangential statement regarding DeAtley's intent can be inferred from the wholly factual, and undisputed, statement that DeAtley was informed in March 2005 that Government counsel believed that DeAtley's claim was overstated. Further, the Government's proposed findings of uncontroverted facts are based upon, and derived from, Mr. Coe's declaration. DeAtley, in response to that filing, has indicated that DeAtley does not dispute the accuracy of facts numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29. See DeAtley's Response to Government's Proposed Findings of Uncontroverted Fact, docket entry 91. While DeAtley disputes facts 30, 31, and 32; DeAtley appears not to dispute the accuracy of those facts, but only that additional facts should have been included. Id. Thus, it is unclear to the Government how DeAtley could be prejudiced by Mr. Coe's declaration, or what purpose would be served by striking Mr. Coe's declaration.

DeAtley has moved to strike Mr. Coe's declaration pursunat to RCFC 37(c). Rule 37(c), however, deals only with a failure to disclose information required by RCFC 26(a) or 26(e)(1), or a failure to amend a prior response under 26(e)(2). See RCFC 37(c)(1). The Government has fully disclosed to DeAtley the bases upon which it is relying to support its counterclaims in fraud. Mr. Coe's declaration was provided to summarize that documentary evidence in order to succinctly demonstrate that there are material issues in dispute, namely, whether DeAtley's certified claim is false, and whether DeAtley acted, and continues to act, with the requisite

intent, thereby precluding this Court from granting DeAtley's motion for summary judgment and dismissing the Government's counterclaims in fraud. In short, DeAtley has utterly failed to demonstrate how the Government has violated RCFC 26. Without a violation of Rule 26(a) or (e), there is no basis for Rule 37(c) sanctions.

In any event, even if this Court found that the filing of Mr. Coe's declaration constituted a violation of Rule 26(a) or (e), DeAtley has failed to demonstrate prejudice that would support striking Mr. Coe's declaration. See Zoltek Corporation v. United States, 71 Fed. Cl. 160, 168 (2006). Factors to be considered are that none of the information provided by Mr. Coe is disputed by DeAtley; that none of evidence that has been proffered by the Government in opposition to DeAtley's motion for summary judgement is a surprise to DeAtley since the Government's position has been set forth early and often, and there is no likelihood of disruption at trial. DeAtley, therefore, can not demonstrate it has been prejudiced by Mr. Coe's declaration. In summary, even if there was a violation of the Rule 37(c), it would be harmless. See Zoltek, 71 Fed. Cl. at 168.

For the foregoing reasons, the United States respectfully requests that DeAtley's Motion to Strike be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

<u>OF COUNSEL</u>

TIMOTHY BINDER
Division Counsel
U.S. Dept. of Transportation
Federal Highway Administration
610 East Fifth Street
Vancouver, WA 98661-3801

November 1, 2006

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, Room 8012
1100 L Street, NW
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

Attorneys for Defendant