IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., | ) | Case No.: 041052C<br>(Judge Edward J. Damich) |
| Plaintiff, | ) | **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE COE DECLARATION** |
| vs. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

The Government's response to Plaintiff's Motion to Strike the Declaration of Brent Coe not only supports Plaintiff's request to exclude the declaration but it also confirms that Plaintiff's Motion for Summary Judgment should be granted. Defendant now contends that Mr. Coe's declaration provided no evidence of any sort to support its claims that DeAtley attempted to defraud the Government in any way in its claim. Defendant states:

> *Mr. Coe, in his declaration, offered no opinions as to the falsity of DeAtley's certified claim, and no opinion with respect to whether DeAtley acted with the requisite intent at the time the certified claim was filed. In fact, the only tangential statement regarding DeAtley's intent can be inferred from the wholly factual, and undisputed, statement that DeAtley was informed in March 2005 that Government counsel believed that DeAtley's claim was overstated.*

Response (Document 92) at 2. In sum, these statements mean that Defendant's response to the Motion for Summary Judgment had no basis on which to oppose the motion, other than the contentions of counsel. Accordingly, it does not suffice to defeat summary judgment pursuant to Rule 56(e) which states:

> *[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

Therefore, the Court should strike the declaration and grant the motion for summary judgment.

While we agree with Defendant that Mr. Coe's declaration does not show any evidence of fraud or intent on Plaintiff's part, Defendant still relied on it to support statements in its brief to support its response. And, while Plaintiff did respond to Defendant's findings of fact as required by RCFC 56(h)(2) and agree with many of them, this does not mean that the Coe declaration is proper. Despite Defendant's statements to the contrary, it still uses Mr. Coe's declaration to raise questions in the Court's mind about Plaintiff's claims through Mr. Coe's interpretation of Plaintiff's documents. To the extent that Mr. Coe's declaration makes such insinuations through his opinions and interpretations of DeAtley's documents, it is improper and should be disregarded by the court. Only those statements or affidavits "made on personal knowledge" can support a summary judgment response, and statements of mere belief must be disregarded. See, e.g., Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1200 (10th Cir.

2006) (finding that witness could not have had personal knowledge of information to support portions of affidavit).

The overriding objection with Defendant's use of Mr. Coe's declaration, however, is the manner in which Defendant surprisingly decided to rely on a government witness after representations to the contrary. Plaintiff was never provided the opportunity to depose Mr. Coe or any other government witness on the counterclaims that were raised after the close of discovery. Defendant's use of the declaration now falls squarely into a surprise situation that RCFC 37(c)(1) seeks to prevent.

The Court's decision in Zoltek Corporation v. United States, 71 Fed. Cl. 160, 167-68 (2006) squarely puts the burden on Defendant to show that the violation was justified or harmless. Defendant has not done so in its response. More importantly, Defendant's reliance on Zoltek is misplaced for showing that there is no prejudice to Plaintiff in this situation. In Zoltek, fact discovery had not closed and the Court found that any prejudice could be cured by allowing the Plaintiff to depose the witness to overcome the potential for a "trial by ambush."[1] Id. at 169. In this case, Plaintiff will be prejudiced if the Court accepts Mr. Coe's opinions without the benefit of cross examination. If the Court accepts Defendant's only evidence to support its claims -- the declaration of Mr. Coe -- then Plaintiff will be forced to defend the counterclaims at trial. And, it will go to trial without the opportunity to depose this witness on whom the Government has relied to

[1] Despite finding that the violation of the rule could be cured, the Court still awarded Plaintiff costs of bringing the motion and the costs associated with the deposition taken because of the late production of documents. Id. at 171.

support its counterclaims. The Court should not allow Defendant to extend its chances to pursue its counterclaims at trial by circumventing the rules on summary judgment.[2]

For the reasons stated above and in its motion, Plaintiff respectfully requests that the court grant its Motion to Strike the Declaration of Mr. Coe and grant Plaintiff such relief as it deems proper.

DATED this 3rd day of November, 2006.

DUNN & BLACK

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

Of Counsel:
J. Michael Littlejohn
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
Phone: (703) 790-8750
Fax: (703) 448-1801

[2] We also note that Defendant attempts to rely heavily on its Motion to Amend its Answer to support its response to the Motion for Summary Judgment. See Response (Document 92) at 1-2. Even if that reliance were proper to defeat summary judgment, none of those pleadings included affidavits or other reliable evidence to support Defendant's counterclaims. See Docket Entry 33, 48, and 72. In those filings, the only sworn testimony relied on by Defendant are a few passages in the deposition of Mr. Michael Osborn to support is counterclaim regarding testing, but those passages cannot be reasonably read to support any claim that DeAtley intended to defraud the Government.

It is also important to note that, in defending the motion for summary judgment, Defendant could have tried to rely on deposition testimony from Plaintiff's witnesses as it says will do at trial to support its counterclaims. It did not. The fact that it did not rely on any testimony from Plaintiff should be a strong indication to the court that Defendant does not have such proof and will not have any at trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of November, 2006, a copy of the foregoing *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Strike Coe Declaration* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK

wpdocs\1742\1806\replystrike