IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., Plaintiff, | ) | Case No.: 041052C (Judge Edward J. Damich) |
| vs. | ) | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADDITIONAL AUTHORITY** |
| THE UNITED STATES, Defendant. | ) | |

Plaintiff respectfully files this opposition to Defendant's additional authority. For the reasons given below, the Federal Circuit's recent decision in Long Island Savings Bank FSB v. United States, No. 2006-5029, 2007 WL 269433 (Fed. Cir. Feb. 1, 2007) has no discernable impact on the Court's pending decision of Plaintiff's Motion for Summary Judgment. Accordingly, we request that the Court grant Plaintiff's Motion for Summary Judgment. Alternatively, if the Court deems it necessary, Plaintiff requests a conference with the Court to discuss the status of the case and the impact of the Long Island case on this matter.

Impliedly by its Motion, Defendant seeks to advise the Court that the Long Island case has, in some manner, made the Government's proof of a forfeiture counterclaim easier. Long Island does not stand for that proposition. Defendant suggests that the

standard of proof for the Government to prove a counterclaim under 28 U.S.C. § 2514 has changed. The Federal Circuit is clear, however, that the Government must still prove by "clear and convincing evidence" that "the contractor knew that its submitted claims were false, and that it intended to defraud the government by submitting those claims." Id. at *8, citing Glendale Fed. Bank, FSB v. United States, 239 F.3d 1374, 1379 (Fed. Cir. 2001). Defendant fails to point out to the Court the substantial differences in Long Island and this case that would prevent the Court from making any conclusions in this case based on "circumstantial evidence." First, in Long Island, the Government moved for summary judgment on its counterclaim. The Government has no such motion pending in this case. Second, in Long Island, the "circumstantial evidence" in the record that led to the Court's findings was substantial. The Government has no evidence – direct or circumstantial – in this case that Plaintiff has submitted any false claim or committed any fraud. It certainly has nothing that comes close to the evidence against Long Island Bank which included the following.

* Long Island's former Chairman of the Board had pled guilty to criminal violations of federal law, which the Court found significant. Id. at *14.

* The record showed that the Chairman of the Board had knowledge of the falsity of the certification when it made it. Id. at *13.

* The Chairman of the Board ignored two legal opinions advising him that the certifications the bank would make would be false. Id. at *13.

* The record showed that the Government would have considered the "active breaching of fiduciary duties" as material to its agreement with Plaintiff. Id. at *14.

* The record established that the Bank failed to disclose the illegal compensation when asked about it by the government. Id. at *14.

* The record showed the Bank Chairman of the Board attempted a cover-up by trying to enjoin the law firm he hired to review the bank's operations from disclosing its findings to other bank personnel. Id. at *15.

It makes sense that the Federal Circuit was able to glean from all of this undisputed evidence of egregious behavior that "no reasonable jury could return a judgment in [Plaintiff's] favor." Id. at *15. While the Federal Circuit had no "direct" evidence from any particular witness that exposed their true motives and intent, the Circuit was able to find from all the damning and practically incontrovertible surrounding facts and circumstances (including a guilty plea), that there was no other credible conclusion but that the Bank's Chairman of the Board and, therefore, the Bank intended to defraud the United States.

Accordingly, there are no real parallels between the Federal Circuit's decision in Long Island and this case. In the instant case, the Government has no evidence from which the Court could make any conclusions that Plaintiff submitted false claims or ever had an intent to defraud the United States. More importantly, the Government does not believe it has such evidence given that it has not moved for summary judgment on its counterclaims. For this reason, the Long Island decision adds nothing to this Court's resolution of Plaintiff's Motion for Summary Judgment.

Based on the foregoing, Plaintiff urges the Court to grant its Motion for Summary Judgment. Plaintiff respectfully requests a hearing should the Court desire further argument on the Motion for Summary Judgment or to address the Long Island decision.

DATED this 12th day of March, 2007.

DUNN & BLACK, P.S.

s/ JOHN C. BLACK

JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

Of Counsel:
J. Michael Littlejohn
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
(703) 790-8750 - phone
(703) 448-1801- fax

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of March, 2007, a copy of the foregoing *Plaintiff's Opposition to Defendant's Additional Authority* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK

S:\WPDOCS\1742\1806\Opp.Add.Auth