# In the United States Court of Federal Claims

No. 04-1052 C

(Filed: March 30, 2007)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **M.A. DeATLEY CONSTRUCTION, INC.,** * | Contracts; equitable adjustment and/or damages; Motion to Strike; RCFC 37(c); Motion for Summary Judgment; RCFC 56(c); False Claims Act, 31 U.S.C. § 3729; Contract Disputes Act, 41 U.S.C. § 604; Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514; whether a party has made a showing sufficient to establish the essential elements of its claim. |
| Plaintiff, * | |
| v. * | |
| **THE UNITED STATES,** * Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____

**OPINION**
_____

*John C. Black*, Spokane, WA, counsel of record for Plaintiff.

*Leslie C. Ohta*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel of record for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Bryant G. Snee*, Assistant Director.

**DAMICH**, Chief Judge.

This case is before the Court on Plaintiff's motion for summary judgment with respect to the Defendant's three counterclaims in its amended answer, filed by leave of the Court on January 31, 2006. Plaintiff alleges that Defendant has acquired no evidence during discovery to support its three counterclaims–which arise under the False Claims Act, the anti-fraud provision

of the Contract Disputes Act, and the Forfeiture of Fraudulent Claims Act. The gravamen of Plaintiff's motion is that Defendant's counterclaims should not survive because it has failed to make a showing sufficient to establish the "essential elements" of its counterclaims. For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND[1]

On February 9, 2001, the United States Department of Transportation, Federal Highway Administration, Western Federal Lands Highway Division ("Government"or "WFLHD"), awarded Plaintiff a contract (the "Contract") to reconstruct a portion of the Flowery Trail Road in the state of Washington. Compl. ¶ 4. Part of the reconstruction process required Plaintiff to lay crushed rock, known as aggregate D base ("aggregate"), which was to serve as a foundation beneath the road's asphalt pavement. Def.'s Resp. at 1-2. Plaintiff chose to use a Government-designated source and began laying the aggregate in August 2002. Compl. ¶¶ 6, 8. Plaintiff soon discovered that the aggregate failed to satisfy contract standards. *Id.* ¶¶ 8, 9. After informing the Government of the aggregate's deficiency, Plaintiff offered to provide the Government with a credit in the amount of $21,425.00, or 25% of the Contract price, rather than replace the deficient aggregate. Compl. ¶ 10. The Government declined Plaintiff's offer and instructed Plaintiff to remove the aggregate and replace it with new aggregate. *Id.* After completing the replacement, Plaintiff filed a certified claim with the contracting officer ("CO") on September 18, 2003, seeking $277,833.55 in "additional compensation" for the costs associated with the added work.[2] Aff. of Mark DeAtley, App. A at 2-3. The CO denied Plaintiff's claim on December 11, 2003. Compl. ¶ 15.

On June 22, 2004, Plaintiff filed its complaint against the Government seeking damages and/or an equitable adjustment of an amount to be determined at trial. *See* Compl. ¶¶ 18-51. Following the close of fact discovery on December 16, 2005, Defendant filed an amended answer by leave of the Court. The amended answer includes an affirmative defense of illegality due to the submission of a false claim as well as three counterclaims pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), the anti-fraud provision of the Contract Disputes Act, 31 U.S.C. § 604, and the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514. Am. Answer ¶¶ 52, 71-83. Defendant alleges that Plaintiff overstated its certified claim for $277,843.55 by $63,164.98. Am. Answer ¶ 68. Specifically, Defendant alleges that Plaintiff's certified claim is false to the extent it includes:

---

[1] The recitations that follow do not constitute findings of fact by the Court. Rather, the recited factual elements are taken from the parties' filings and are either undisputed or alleged and assumed to be true for the purposes of the pending motion.

[2] Plaintiff sought $164,223.55 for itself and additionally sponsored the claim of its subcontractor, DeAtley Crushing, for $113,610.00.

> a. "amounts for both the initial production and placement of the rejected aggregate totaling $23,767.34, and for the production and placement of the replacement aggregate"
>
> b. "labor and equipment costs for placing aggregate on sections of the roadbed on which none of the rejected aggregate had been placed"
>
> c. "testing costs that were already paid for by the Government under the contract"
>
> d. "testing costs that were incurred solely to establish its claim."

Def.'s Am. Answer ¶¶ 63, 64, 65, 66.  Plaintiff categorically denies these allegations.  Pl.'s Answer ¶¶ 11-14.

On March 1, 2006, Plaintiff filed a motion to re-open fact discovery for the purpose of discovering facts concerning Defendant's counterclaims.  On July 10, 2006, the Court deferred ruling on this motion and ordered Defendant to file a supplemental statement which required it to

> cite to the specific source relied upon and attach the source as an exhibit to its supplemental statement.  If Defendant has relied upon statements made by an individual in formulating its allegations, Defendant shall state the name of the individual.  To the extent Defendant's allegations are conclusions drawn from a particular source, Defendant shall provide its reasoning.  Before filing its supplemental statement, Defendant shall confer with Plaintiff to determine whether Plaintiff is in possession of each and every source underlying Defendant's allegations.  In its statement, Defendant shall indicate whether Plaintiff is in possession of each source relied upon.

Court's July 10, 2006 Order at 4.  Defendant filed its supplemental statement on July 21, 2006, together with each source document it has relied upon for its counterclaims.  In addition, Defendant made the following assertion in its supplemental statement:

> As a preliminary matter, the parties have conferred regarding M. A. DeAtley Construction, Inc.'s ("DeAtley") pending motion to re-open discovery for the limited purpose of discovering the facts underlying defendant's counter-claims.  It is the understanding of Government counsel that counsel for DeAtley has accepted her representations that the Government's counterclaims are based upon DeAtley's certified claim and related contract documents and that the Government will not be calling any Government employee to testify about the merits of the counterclaim, other than, perhaps,

3

> agency counsel, whose testimony will be limited to outlining the facts as contained in DeAtley's certified claim. Any testimony elicited regarding this matter from DeAtley's employees will be done through cross-examination.

Def.'s July 21, 2006, Supp. Statement at 1. Plaintiff filed its own supplemental statement on August 7, 2006, stating that it did not seek any additional discovery based upon Defendant's representations. On August 8, 2006, Plaintiff filed a status report stating that it intended to file a motion for summary judgment on Defendant's counterclaims. The Court found as moot Plaintiff's motion to re-open discovery on August 16, 2006. On September 13, 2006, Plaintiff filed its motion for summary judgment as to Defendant's counterclaims.

### DISCUSSION

**I.      Standard of Review**

Pursuant to Rule 56(c) of the Rules of the Court of Federal Claims ("RCFC"), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RCFC 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court's function is not to weigh the evidence, but rather to determine whether there is a genuine issue as to a material fact–that is, one that would change the outcome of the litigation. *Anderson*, 477 U.S. at 248-49. A genuine issue exists if the evidence is such that a reasonable [trier of fact] could find for the nonmoving party. *Anderson*, 477 U.S. at 242. The Court shall "deem the material facts claimed and adequately supported by the moving party to be established, except to the extent that such material facts are controverted by affidavit or other written or oral evidence." RCFC 56(h)(3). Any doubt as to whether a genuine issue of material fact exists must be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998). When the moving party has met its initial burden,[3] "an adverse party may not rest upon the mere allegations or denials in the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." RCFC 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

---

[3] The burden on the moving party may be discharged by "showing"–that is, merely pointing out to the Court–that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**II.     Analysis**

In support of its argument opposing the motion for summary judgment, Defendant has furnished an affidavit of Brent Coe ("Coe Declaration"), who currently serves as the Contract Administration Engineer for WFLHD, and previously held the position of Construction Operations Engineer for WFLHD construction work performed in the State of Washington during the events which led to Plaintiff's claim.  Coe Decl. ¶¶ 1, 2.  Defendant submitted the Coe Declaration for the purpose of raising genuine issues of material fact that would preclude the Court from granting Plaintiff's motion for summary judgment with respect to Defendant's counterclaims.[4]  On October 26, 2006, Plaintiff moved, pursuant to RCFC 37(c), to strike the entire affidavit.  Because the motion to strike raises a threshold issue, the Court initially addresses that motion here.

**A.     Plaintiff's Motion to Strike the Coe Declaration**

Mr. Coe explains that he served as the supervisor of the Government's project engineer who oversaw the road reconstruction Contract at issue in this case, and worked closely with her concerning Plaintiff's performance of the Contract.  *Id.* ¶ 7.  According to Coe, he executed most of the 25 contract modifications on the project.  *Id.* ¶ 6.  Additionally, he claims that "[t]he information contained within this declaration is based upon my personal knowledge or upon documents contained within the contract file, including DeAtley's certified claim." *Id.* ¶ 8.  Coe then goes on to recite a series of facts which serves as the basis for Defendant's opposition to Plaintiff's motion for summary judgment as to the counterclaims.  Such facts include, among others, that Plaintiff hired Budinger and Associates to take samples from a roadside rock cut from which aggregate was produced to perform quality tests that were not required to be performed under the Contract and included these costs in its certified claim.  *Id.* ¶ 21-23.  In addition, Mr. Coe alleges that he participated at a settlement meeting between the parties at which Plaintiff was informed that its claim contained false statements with respect to certain items.  *Id.* ¶¶ 50-51.

In its motion to strike, Plaintiff claims that the Coe Declaration violates Defendant's representation that it would not call or have any witnesses testify as to the merits of its counterclaim.  Plaintiff argues that, in addition to reciting the facts contained in its certified claim, Coe's affidavit provides the agency analysis of Plaintiff's certified claim and provides the testimony that supports the Government's counterclaims.  Plaintiff claims that Coe was never identified as a witness for Defendant's counterclaims.  Plaintiff argues that, pursuant to RCFC 37(c), which governs the failure to disclose information in discovery, the Court should strike Coe's Declaration insofar as Coe's identity was never disclosed and Defendant represented that it

---

[4] The Coe Declaration was formally filed by Defendant on October 17, 2006, by leave of the Court.  An un-executed version of the Coe Declaration was filed on October 12, 2006 with its Proposed Findings of Uncontroverted Facts In Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment with respect to Defendant's counterclaims.

would not be calling any agency employees to testify.  RCFC 37(c) provides that "[a] party that without substantial justification fails to disclose information required by RCFC 26(a) or 26(e)(1) or to amend a prior response to discovery as required by RCFC 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witnesses or information not so disclosed."[5]  In the alternative, Plaintiff asks the Court to order that Coe be made available to Plaintiff for a deposition and to allow Plaintiff to amend its motion for summary judgment, should such an amendment be necessary.

Defendant counters that the Coe Declaration consists of facts that are contained in contemporaneously generated documents during the course of the Contract and in Plaintiff's certified claim documents, and that he offers nothing of substance that is not derived from such documents.  Defendant further notes that the facts recited in Coe's affidavit are the same facts that Defendant contained in its amended answer and its July 21, 2006, supplemental statement.  Additionally, Defendant observes that Plaintiff does not dispute the accuracy of any facts contained in Defendant's proposed findings of fact–based largely on the Coe Declaration–except for a few facts which Plaintiff alleges were incomplete recitations.  Hence, Plaintiff was not prejudiced by anything contained within the Coe Declaration.  *See Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 168 (2006).  Moreover, Defendant argues that a motion to strike under RCFC 37(c) is proper only when a party has failed to disclose information required by RCFC 26(a) or 26(e)(1), or failed to amend a prior response under RCFC 26(e)(2).  Defendant asserts that it has fully disclosed to Plaintiff the bases upon which it relies to support its fraud counterclaims.  The purpose of the Coe Declaration, so Defendant argues, was to summarize the documentary evidence to demonstrate that there are material issues in dispute.

As explained above, RCFC 37(c) provides that "[a] party that without substantial justification fails to disclose information required by RCFC 26(a) or 26(e)(1) or to amend a prior response to discovery as required by RCFC 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witnesses or information not so disclosed."  This Court has held that a failure to disclose information under RCFC 26 requires the granting of a motion for the imposition of the above sanction unless the violation was justified or harmless.  *Tritek Technologies, Inc. v. United States*, 63 Fed. Cl. 740, 750 (2005).  The burden is on the violating party to prove that the violation was harmless.  *Id*.

The Court finds that the Defendant has carried its burden here.  The facts contained in the Coe Declaration can be found in Defendant's July 21, 2006, supplemental statement and its amended answer, which outlines in detail the facts that underlie the Government's counterclaims and the sources upon which it relies.  Indeed, Plaintiff points to no evidence that the Government failed to disclose to it any information contained within the Coe Declaration.  The sole issue is the non-disclosure of the fact that Mr. Coe–or any other agency official for that matter–would be providing any testimony whatsoever on the counterclaims.

---

[5] RCFC 26(a) governs initial disclosures and the disclosure of expert testimony and RCFC 26(e)(1) regards the supplementation of those disclosures.

While it is obvious that the Government did not make such a disclosure, the Court reads Defendant's counsel's representation that it would not call any Government employee to testify about the merits of the counterclaim to be referring to trial, not an affidavit submitted to oppose a summary judgment motion that, if granted, would dismiss its counterclaims. This reading is supported by the fact that Plaintiff's intention to file a summary judgment motion on Defendant's counterclaims was not disclosed until a status report was filed on August 8, 2006, a few weeks after the Government's representation. There is no evidence that Defendant was aware that Plaintiff was planning to file a dispositive motion on its counterclaims, and so the Court cannot find that the scope of Defendant's counsel's representation included this summary judgment motion. Aside from the issue of the scope of the Defendant's representation and its knowledge of Plaintiff's litigation strategy, Defendant is entitled to submit proposed genuine issues of material fact that would preclude summary judgment because Plaintiff alleges that the Government cannot present any evidence to support the essential evidence of its counterclaims. Perhaps, in lieu of submitting Mr. Coe's Declaration, counsel for Defendant could have executed a sworn affidavit attaching documents already contained or cited on the record that stand for each of the facts recited by Mr. Coe. That approach might have been a more thorough and rigorous one, but Defendant's more streamlined approach of submitting an affidavit by Mr. Coe, summarizing and reciting previously disclosed material, is acceptable in this particular instance.

Moreover, the Court sees no purpose in allowing Plaintiff to depose Mr. Coe since the Plaintiff does not seriously dispute Mr. Coe's personal knowledge of the contents of the official file pertaining to the Contract at issue, including Plaintiff's certified claim, but only seeks to examine Coe's "opinions and interpretation of DeAtley documents." Pl.'s Resp. at 2. The Court's consideration of the Coe Declaration would not consist of weighing the credibility of Coe's interpretation or opinion of contract documents, but only determining whether the evidence submitted by the Plaintiff sufficiently raises a genuine issue of material fact.[6] Accordingly, the Court finds that the submission of the affidavit of Brent Coe was both justified and harmless to Plaintiff.

Therefore, the Court **DENIES** Plaintiff's motion to strike.

---

[6] The Court, of course, is mindful of Defendant's counsel's representation that she intends, at most, to only call agency counsel for a recital of facts contained in Plaintiff's certified claim and not any other Government employee to testify about the merits of the Government's counterclaims. Fact discovery is closed. In the event of a trial, the Court will closely scrutinize any attempt by Defendant, counter to its representations, to call Mr. Coe or any other Government employee to testify about the merits of the counterclaims.

## B.  Plaintiff's Motion for Summary Judgment

Analysis of Plaintiff's motion for summary judgment requires some initial background on the statutes governing each of Defendant's counterclaims.

The False Claims Act ("FCA") provides that any individual who "knowingly presents . . . a false or fraudulent claim for payment" to the Government shall be liable "for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . ." 31 U.S.C. § 3729(a) (2000). In the absence of actual knowledge, a contractor is deemed to have known of the falsity of an act if it is either in "deliberate ignorance" or in "reckless disregard" of the truth or falsity of the information–"no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b) (2000). In order for the Government to prevail under the FCA, the elements of this cause of action must be proven by a preponderance of the evidence. 31 U.S.C. § 3731(c) (2000); *see also Commercial Contractors, Inc. v. United States*, 154 F.3d 1357, 1362 (Fed. Cir. 1998).

The anti-fraud provision of the Contract Disputes Act ("CDA") provides that a contractor who is unable to support any part of its claim due to a misrepresentation of fact or fraud on the part of the contractor shall be liable to the Government for an amount equal to the unsupported part of the claim in addition to all costs incurred by the Government in reviewing the claim. 41 U.S.C. § 604 (2000). The Government must prove the elements of this cause of action by a preponderance of the evidence. *Commercial Contractors*, 154 F.3d at 1362.

The Forfeiture of Fraudulent Claims Act ("FFCA") provides that "[a] claim against the United States shall be forfeited" when a contractor "corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance thereof." 28 U.S.C. § 2514 (2000). For the purposes of the FFCA, the Government bears the burden of proving, by clear and convincing evidence, that the contractor knew of the falsity of its claim and intended to deceive the Government by submitting its claim. *Commercial Contractors*, 154 F.3d at 1362 (citing *Young-Montenay, Inc. v. United States*, 15 F.3d 1040, 1042 (Fed. Cir. 1994)).

In sum, all three of Defendant's counterclaims have two common, essential elements that it must ultimately satisfy for recovery. First, each claim necessitates a showing that the contractor's claim was somehow false. Second, each counterclaim requires some degree of knowledge of the claim's falsity on the part of the contractor. Should the case proceed to trial, the Government would bear the burden of proving these elements.

The gravamen of Plaintiff's motion for summary judgment is that, following the close of discovery, the Government lacks evidence to support the "essential elements" of its counterclaims. Pl.'s Mot. at 4. Plaintiff's argument is based on the Supreme Court's finding, in *Celotex Corp. v. Catrett*, that granting summary judgment is appropriate

> after adequate time for discovery and upon motion, against a party
> who fails to make a showing sufficient to establish the existence of
> an element essential to that party's case, and on which that party
> will bear the burden of proof at trial. In such a situation, there can
> be 'no genuine issue as to any material fact,' since a complete
> failure of proof concerning an essential element of the nonmoving
> party's case necessarily renders all other facts immaterial.

477 U.S. 317 (1986). In response to Plaintiff's motion, Defendant furnishes an affidavit of Brent L. Coe, discussed at length, supra. The Coe Declaration is consistent with the alleged bases for Defendant's counterclaims, set forth in its amended answer and, again, here in response to Plaintiff's principal brief. Indeed, the Coe Declaration tends to controvert Plaintiff's allegation that Defendant lacks evidence to support the essential elements of its counterclaims and that this case presents no genuine issue of material facts.[7]

---

[7] Plaintiff challenges the Coe Declaration in briefing of the instant motion, just as it did in its motion to strike. Plaintiff claims that the affidavit does not meet the requirements of RCFC 56. Pl.'s Reply at 2-3. The rule states in, pertinent part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." RCFC 56(e). Specifically, Plaintiff argues that Mr. Coe has insufficient personal knowledge to comment on a spreadsheet Plaintiff included as part of its certified claim because, inter alia, he has "no familiarity with Plaintiff's accounting system or billing practices" and "no personal insight into Plaintiff's relationships with its subcontractors or suppliers." Pl.'s Reply at 3. The level of personal knowledge that Plaintiff would require, however, exceeds the requirement of RCFC 56(e). While "[p]ersonal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience is a sufficient foundation for lay opinion testimony," *see Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004-05 (8th Cir. 1986), Mr. Coe has not only acquired personal knowledge through a review of records in the WFLHD case file and based on his industry experience working for WFLHD. *See* Coe Declaration ¶¶ 1-3, 7-8. Indeed, he claims personal knowledge of the issues regarding the Government's rejection of the initial aggregate because he "drafted letters, attended meetings, and worked closely with" a subordinate associate in connection with the issue. Coe Declaration ¶¶ 3, 7-8. The Court finds that Coe's statements satisfy RCFC 56(e) because they are properly based upon his own first-hand observations and not impermissibly "upon information and belief" of secondary sources. *See* Wright, Miller & Kane, 10B Fed. Prac. & Proc. Civ. 3d §2738, n. 34 (2007); *see also Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (an affidavit is inadmissible if the witness "could not have actually perceived or observed that which he testifies to" or if the witness makes statements "in mere belief").

9

### i.     Whether Plaintiff's Claim was False

Defendant and Coe both claim that DeAtley's certified claim was false because it wrongfully included costs that should not have been considered additional work. Def.'s Resp. at 4-6; *see* Coe Declaration at 3-6. Specifically, Defendant alleges that DeAtley "included costs for equipment and labor that were incurred for hauling and stockpiling in connection with the initial crushing of the aggregate" in addition to costs claimed "in connection with the re-crushing of the aggregate to replace the rejected aggregate. . . ." Def.'s Resp. at 4; Coe Declaration at 5. Moreover, Defendant alleges that Plaintiff's certified claim includes "labor and equipment costs for placing aggregate on sections of the roadbed on which none of the rejected aggregate has been placed." Def.'s Resp. at 4; *see* Coe Declaration ¶ 47. Finally, Defendant contends that DeAtley's claim includes gradation testing costs for which it has already been paid, as well as testing costs that were not required, but that were incurred only for the purposes of presenting its claim to the CO. Def.'s Resp. at 5-6; Coe Declaration ¶¶ 21-23, 42-43, 45-46.

In its reply brief, Plaintiff discusses at length the reasons why its certified claim is accurate. Unfortunately for Plaintiff, this recitation of purported facts only confirms for the Court that there are indeed genuine issues of material fact regarding the accuracy of its claim. As required by RCFC 56(e), the Court finds that Defendant, via its response to Plaintiff's motion and the Coe Declaration, has set forth "specific facts showing that there is a genuine issue for trial" on whether the DeAtley's certified claim was overstated. Based on the evidence Defendant has presented, a reasonable possibility exists that the Court could find for Defendant on this issue should the case proceed to trial on its counterclaims.

### ii.    Whether Plaintiff had Knowledge that its Claim was False

A finding by the Court that there is a genuine issue of material fact as to whether Plaintiff's claim was false does not preclude the Court from granting Plaintiff's instant motion if there has been "a complete failure of proof concerning an essential element" of Defendant's counterclaims, which "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Plaintiff argues that summary judgment is proper because Defendant has presented no evidence of any intent to defraud the Government and, therefore, cannot present any evidence to support an essential element of its counterclaims. *See* Pl.'s Mot. at 4. Defendant counters that summary judgment is inappropriate here because the fact that Plaintiff has been apprised of Defendant's position since a settlement meeting held on March 22, 2005, and has failed to act is "highly relevant to the issue of intent." Def.'s Resp. at 9; Def.'s Proposed Findings of Uncontroverted Facts, ¶¶ 42-43. Defendant offers the Coe Declaration in support of its position, in which Mr. Coe claims that he was present at a settlement meeting attended by the parties at which Plaintiff was informed that the Government "considered its claim to contain false statements with respect to certain items because those costs were not incurred as the result of the alleged differing site condition." Coe Declaration ¶¶ 50-51. In addition, Defendant alleges that "the issue of intent is intensely fact intensive and depends in large part upon the credibility of the witnesses" and, thus, is not suitable for disposition by summary judgment. Def.'s Resp. at 10.

Defendant's position is well-taken. While it cannot be disputed that no direct evidence has been presented to support Defendant's counterclaims on the knowledge issue, the Federal Circuit recognizes the following:

> Intent need not be proven by direct evidence; it is most often proven by a showing of acts, the natural consequences of which are presumably intended by the actor. Generally, intent must be inferred from the facts and circumstances surrounding the applicant's conduct.

*Long Island Savings Bank, FSB v. United States*, 2007 WL 269433, *13 (Fed. Cir. 2007) (citing *Molins FLC v. Texton, Inc.*, 48 F.3d 1172, 1180-81 (Fed. Cir. 1995)). Indeed, specifically on the issue of fraudulent intent, the Federal Circuit has found that "misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was fraudulent intent." *Long Island Savings Bank*, *FSB*, 2007 WL 269433 at *13.

Here, Defendant has set forth specific facts in its response brief, which are supported by the affidavit it produces of Mr. Coe, that serve as the basis for its assertion that Plaintiff's claim is overstated. Assuming this case proceeds to trial, there is a reasonable possibility that the Court could find, first, that Plaintiff's claim was indeed false, and, second, that the requisite level of knowledge–whether it is reckless disregard for the truth or intent–could be inferred because Plaintiff has been aware of Defendant's allegations and represents that it has "painstakingly reviewed its records and its certified claim is accurate." Pl.'s Reply at 15. Thus, the Court finds that there has not been a "complete failure of proof" as to the knowledge issue on each of Defendant's counterclaims.

### III.   Conclusion

Defendant has set forth specific facts in its response to Plaintiff's motion, which are supported by an affidavit it has produced, that are sufficient to establish that genuine issues of material fact remain with regard to its three counterclaims. For the foregoing reasons, Plaintiff's motion for summary judgment is hereby **DENIED**.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge