IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| M.A. DeATLEY CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No.: 041052C<br>(Judge Edward J. Damich)<br><br>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: MARCH 23, 2005 SETTLEMENT MEETING** |

M.A. DeAtley Construction, Inc. ("M.A. DeAtley"), by and through its attorneys of record, Dunn & Black, P.S., has moved this Court for a Motion in Limine preventing any evidence, documents, testimony, or argument about the conversations, statements, discussions or activities that surrounded or occurred in the March 23, 2005 settlement meeting. The meeting and the conversations surrounding the meeting were confidential and in anticipation of settlement. Under Fed. R. Evid. 408, such evidence is inadmissible. In addition, this evidence is irrelevant as it has no bearing on any issue before the Court.

M.A. DeAtley also requests an expedited hearing to resolve this evidentiary issue because its outcome will control what witnesses need to testify against the Government's

counterclaims, as well as what facts will need to be presented in M.A. DeAtley's Response to the Government's Proposed Findings of Fact.

## I. FACTS

1. On September 18, 2003, M.A. DeAtley submitted this dispute for final determination to the Contracting Officer. The Contracting Officer reviewed the information presented by M.A. DeAtley and denied the claim. On June 22, 2004, M.A. DeAtley filed its Complaint in this Court. (See Complaint, Docket No. 1).

2. The parties arranged a settlement meeting in lieu of formal ADR proceedings to occur after the close of discovery of fact witnesses. On December 13, 2004, Leslie Ohta, Government counsel, sent an email to Dunn & Black detailing the terms of the settlement meeting. In that email Ms. Ohta states:

> *I would like to discuss settlement of this matter in Vancouver on January 27 and 28, 2005. I have attached a very preliminary draft agenda for your review and comments. This meeting is contingent upon your agreement that the meeting and all writings, conversations, and discussions leading up to it are conducted under the parameters of "settlement discussion" and as such are not subject to discovery or for impeachment purposes.*

(**Exh. A** to Aff. of Black).

3. M.A. DeAtley and the Government agreed that all discussions and negotiations pursuant to Ms. Ohta's terms at the settlement meetings would be settlement negotiations and would be inadmissible under Fed. R. Evid. 408. On March 23, 2005, the parties met and engaged in settlement negotiations. (Aff. of Black).

4. After the settlement meeting and the close of fact witness discovery, the Government sought leave of the Court to amend its Answer to include counterclaims

under the False Claims Act, the Forfeiture and Fraud Act, and the Anti-Fraud Provision of the Contract Disputes Act. (See Amended Answer and Counterclaims, Docket No. 48). The Court granted the motion.

5. The basis of these three counterclaims center on discussions that allegedly occurred during the March 23, 2005 settlement meeting. In paragraph 67 of its Answer the Government alleges as follows:

> ***67. On March 22, 2005, [sic] a settlement meeting was held in Spokane, WA.***
>
> ***a. In attendance were representatives from DeAtley and DeAtley Crushing and their attorneys.***
>
> ***b. During that meeting, DeAtley was informed that we considered that its claim contained false statements with respect to certain items because those costs were not incurred as a result of the alleged differing site condition.***
>
> ***c. DeAtley has not revised the amount of its claim.***

(See Docket No. 72, p. 9) (emphasis added). The Government relied on this fact as support for each count of its counterclaims.

6. In its answer to the Government's Counterclaims, M.A. DeAtley denied the allegations that the Government had ever "informed [DeAtley] that we considered that its claims contained false statements." (See Docket No. 54).

7. Government counsel took the position during expert witness depositions that information surrounding the settlement meeting was not discoverable. In fact, when Plaintiff's counsel attempted to inquire regarding documents prepared by the Government expert, Government counsel objected that the information was protected settlement information. During Mr. Leathers' deposition, the Government objected as follows:

*MS. OHTA: I object to the use of this document. This was prepared by Mr. Leathers for the purpose of the settlement meeting.*

*MR. BLACK: Objection noted.*

*Q: Mr. Leathers, Exhibit No. 7 is a document that you prepared and provided, I think, via Ms. Ohta to our office in March of 2005; do you recall that?*

*A: Yes.*

*MS. OHTA: Again, I am going to object. We had an agreement that all documents prepared for or used in preparation or during the settlement meeting were to be protected from further disclosure or use as having been provided for settlement purposes only.*

*Questioning Mr. Leathers about this document is a clear violation of that agreement.*

*MR. BLACK: Well, counsel, that agreement, first of all, you have violated that agreement. You have violated all ethical rules concerning disclosing confidential settlement discussions to the court.*

*You have accused my client of fraud based upon settlement discussions that occurred during the settlement meetings, so your objection is noted, but I'm going to ask him about this.*

*MS. OHTA: And I will direct him not to answer any questions. It's a clear violation of our agreement.*

*MR. BLACK: Well, there is no such agreement in the way that you characterize it, it is just written documents: it was all discussions. Counsel, you have alleged fraud against my client and you have based it upon discussions in the settlement conference, and, therefore, I am entitled to ask this witness concerning that.*

*MS. OHTA: You will have to bring it up with the court and get a court order directing Mr. Leathers to answer questions.*

(**Exh. B** to Aff. of Black).

8. Because of the Government's objections and upon the agreement of the parties at the deposition, Counsel for plaintiff did not ask further questions of Mr.

Leathers regarding the settlement meeting. Later, in its Supplemental Statement filed with the Court on July 21, 2006, the Government explained how the allegations tied to the Settlement Meeting form the basis of its counterclaims. (See Docket No. 72, p. 9) (emphasis added). In that Supplemental Statement, Defendant asserts that agency counsel will be called to testify as to the discussions contained in those settlement meetings. Id.

9. In its Response to Plaintiff's Motion for Summary Judgment, the Government again rested on allegations of discussions at the settlement meeting. It stated:

> *42. On March 22, 2005, the Government and M.A. DeAtley participated in a settlement meeting in Spokane, Washington, that was attended by representatives of DeAtley and DeAtley Crushing and their attorneys.*
>
> *43. During that meeting, DeAtley was informed that the Government considered that its claim contained statements with respect to certain items because those costs were not incurred as a result of the alleged differing site condition. DeAtley has not revised the amount of its claim.*

10. M.A. DeAtley denied that the statements that its claims "contained false statements" were ever made at the settlement meeting, and it challenged the admissibility of such facts. See Response to Government's Proposed Findings of Uncontroverted Facts ¶ 43. ("*This fact attempts to admit confidential settlement negotiations. Without waiving said objection, DeAtley disputes this fact as the Government never informed DeAtley that its claim was false.*").

11. Because these negotiations were conducted under the auspices of settlement negotiation they are inadmissible under Fed. R. Evid. 408.

12. Additionally, allowing testimony about the settlement meeting would unnecessarily increase the length of trial as it would necessarily require M.A. DeAtley to call individuals who were also present in that settlement meeting to refute the Government's testimony. Therefore, M.A. DeAtley's Motion in Limine should be granted.

## II. ARGUMENT

Fed. R. Evid. 408 states:

> ***(a) Prohibited Uses.*** *Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:*
>
> > *(1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and*
> >
> > *(2) conduct or statements made in compromised negotiations regarding the claim, except when offered in a criminal case and in negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.*

Fed. R. Evid. 408.

It is clear that this rule is intended to bar any discussions pertaining to settlement. See First Nationwide Bank v. United States, 56 Fed. Cl. 438, 444 (2003); Kemp v. Pfizer, Inc., 851 F.Supp. 269, 274-75 (E.D. Mich. 1994) vacated on other grounds 91 F.3d 143 (1996).

In Kemp, plaintiffs attempted to use discussions between defense counsel and plaintiff's counsel that occurred in the context of settlement negotiations to support its

claim. Kemp, 351 F.Supp. at 274. The court held that evidence of such discussions is not admissible under Rule 408. Id. at 274-75. The court reasoned that a plaintiff cannot rely upon any statements by defense counsel during negotiations to prove the substance of their claims. Id. at 275.

Here, the Government has repeatedly attempted to prove its false claims allegations relying heavily on the argument that M.A. DeAtley has acted with reckless disregard by not withdrawing its claim after the March 2005 settlement meeting. The premise of its argument is legally flawed, but more importantly, it is based on inadmissible evidence.

Even more remarkable is the Government's attempt to use these discussions to prove its claim, while at the same time objecting during Mr. Leathers' deposition and refusing to allow him to answer questions regarding the meeting. (**Exh. B** to Aff. of Black).

Clearly, any discussions that occurred in the March 23, 2005 meeting or surrounding that meeting is barred by F.R.E. 408. The Government cannot use discussions that occurred during that meeting to prove the elements of its claim. Kemp, 851 F.Supp. at 274-75.

Motions in Limine are favored as a means of "*increasing trial efficiency and promoting improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial.*" See International Graphics, Division of Moore Business Forms, Inc. v. United States, 5 Cl.Ct. 100, 104 (1984) (citing Zenith Radio Corp. v. Matsushita Electric Industrial Co.,

Ltd., 505 F.Supp. 1125, 1140 (E.D. Pa. 1980)). This policy would be undermined if the Government is allowed to offer testimony of what occurred during that settlement meeting.

Moreover, allowing evidence of the settlement meeting would only create other evidentiary issues. For instance, if the conversations at the settlement meeting are deemed admissible, then the Government's Attorney of Record, Ms. Ohta, would likely have to testify as to the statements made by the Government at the meeting, especially given the Department of Justice's role as the authorized representative of the United States in this litigation pursuant to 28 U.S.C. § 516. This would raise serious issues regarding counsel's continued role as the Attorney of Record in this matter and would probably result in a motion to disqualify. ABA Rule 3.7.

Moreover, if evidence of the settlement meeting is deemed admissible, Plaintiff would also likely call other Government attendees as witnesses, including the Government's expert, Mr. Leathers, whom Plaintiff was prevented from deposing on certain issues during discovery relating to the settlement meeting.

Likewise, M.A. DeAtley would have to call numerous other attendees of the settlement meeting to refute Ms. Ohta's testimony. Such additional testimony would necessarily lengthen the trial and be a waste of time. These added witnesses would likewise require an additional day of testimony pushing the trial into a second week.

Moreover, the discussions surrounding or allegedly made in the March 23, 2005 settlement meeting by Defendant would be irrelevant to proving any element of the Government's counterclaim. The Government's statements at a settlement meeting

would provide no insight into Plaintiff's actions when it submitted its claim. It would certainly not demonstrate that Plaintiff knowingly submitted a false claim pursuant to any of the Government's counterclaim theories. See Commercial Contractors, Inc. v. United States, 154 F.3d 1357, 1362 (Fed. Cir. 1998)(setting forth the elements the Government must prove for each of its counterclaim).

Accordingly, Plaintiff's Motion in Limine preventing the Government from introducing any evidence regarding the discussions surrounding or during the March 23, 2005 settlement meeting should be granted.

## III. CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion in Limine preventing any evidence of discussions surrounding or occurring during the March 23, 2005 settlement meeting should be granted.

DATED this 31st day of May, 2007.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

Of Counsel:
J. Michael Littlejohn
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
(703) 790-8750 - phone
(703) 448-1801- fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of May, 2007, a copy of the foregoing *Memorandum In Support Of Motion In Limine Re: March 23, 2005 Settlement Meeting* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK

1806\Mem.Limine