IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DEATLEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1052C |
| | ) | (Chief Judge Edward J. Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
IN LIMINE RE: MARCH 23, 2005 SETTLEMENT MEETING

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims, the United States respectfully files this opposition to the Motion In Limine Re: March 23, 2005 Settlement Meeting filed by plaintiff, M. A. DeAtley Construction, Inc. ("DeAtley"). For the reasons stated below, the Government requests that the Court deny the motion.

## BACKGROUND

The case arises out of a February 9, 2001 contract awarded by the Western Federal Lands Highway Division of the Federal Highway Administration to M. A. DeAtley Construction, Inc. ("DeAtley") for work on the Flowery Trail Road project. The contract required DeAtley to place a layer of aggregate base grading D on the prepared surface of the roadbed, prior to paving the road with asphalt. The gravamen of DeAtley's complaint is that the rock crushed for that aggregate, from the Government-provided source, was not suitable for its intended purpose.

On January 4, 2006, after being granted leave to do so, the Government filed an amended answer to DeAtley's complaint, asserting affirmative defenses and counterclaims based upon the False Claims Act, 31. U.S. C. § 3729 et seq., the anti-fraud provision of the Contract Disputes Act ("CDA"), 41 U.S.C. § 604, and the Special Pleas in Fraud, pursuant to 28 U.S.C. § 2514. In our motion to amend, we stated that, during a March 2005 settlement meeting, the Government

put DeAtley on notice that the Government believed that DeAtley's certified claim overstated the additional costs incurred by DeAtley in connection with the allegedly differing site condition. No other references to the settlement meeting were made.

After our motion to amend was granted, and our amended answer asserting counterclaims in fraud was filed, DeAtley moved for partial summary judgement seeking the dismissal of our counterclaims. In our opposition, we filed a statement of proposed findings of fact. Proposed findings numbered 42 and 43 provided as follows:

> 42. On March 22, 2005, the Government and DeAtley participated in a settlement meeting held in Spokane, Washington, that was attended by representatives of DeAtley and DeAtley Crushing and their attorneys.
>
> 43. During that meeting, DeAtley was informed that the Government considered that its claim contained false statements with respect to certain items because those costs were not incurred as the result of the alleged differing site condition. DeAtley has not revised the amount of its claim.

In response to proposed finding 42, DeAtley admitted that attorneys and representatives of DeAtley and DeAtley Crushing attended a settlement meeting with the Government in March 2005. DeAtley's Response to Government's Proposed Findings of Uncontroverted Facts, Docket number 91. In response to proposed finding 43, DeAtley asserted that the information contained in the Government's proposed finding was "confidential" and that DeAtley was not informed that its claim was considered to be "false." Id.

On May 31, 2007, DeAtley filed a motion in limine seeking to prohibit the Government from introducing into evidence any information concerning the March 2005 settlement meeting. The legal basis for DeAtley's motion is Rule 408 of the Federal Rules of Evidence (" Fed. R. Evid.") and the asserted lack of relevancy of such information. DeAtley's motion is wholly

lacking in factual and legal merit. The only evidence concerning the March 2005 settlement meeting that the Government intends to offer into evidence during the December 2007 trial of this matter is the statement made by Government counsel, and others, to the effect that DeAtley's claim contained false statements with respect to certain items because those costs were not incurred as the result of the alleged differing site condition. This statement will be offered to establish that as early as March 2005 DeAtley was on notice that the Government believed that DeAtley's certified claim contained material misrepresentations. This evidence is relevant to DeAtley's intent with respect to the filing of its certified claim and its tenacity in refusing to amend. Moreover, Rule 408 does not prohibit the use of such evidence.

## ARGUMENT

There is no authority for the proposition that the Government should be prohibited from introducing at trial evidence that DeAtley was on notice as early as March 2005 that the Government was of the opinion that DeAtley's certified claim was overstated. In our motion to amend our answer to assert counterclaims sounding in fraud, we contend that DeAtley acted with reckless disregard for the accuracy of its claim at the time it was submitted, and continues to act in reckless disregard, or with deliberate ignorance, of its falsity in the months since the overstating of its claimed damages was pointed out to DeAtley, and to DeAtley's attorneys, by the Government. In addition, we stated the fact that, in the more than two years since the complaint was filed, DeAtley has refused to amend the complaint to seek only those damages to which it would be entitled if it prevails is highly relevant to the issue of intent. In our motion to amend, and in our amended answer asserting the counterclaims at issue here, as well as in our July 21, 2006 supplemental statement concerning plaintiff's motion to reopen discovery, docket entry 72, we provided a detailed explanation of the bases upon which we base our counterclaims.

While Fed. R. Evid. 408 prohibits the admission of evidence of the results of settlement negotiations and of conduct or statements made during such negotiations, it does nor bar the use of a statement made in connection with such negotiations for the purpose of establishing notice. Under the former Federal Rules of Evidence Rule 408, courts have consistently held that Rule 408 does not bar a party from introducing evidence from a settlement meeting for the purpose of proving knowledge or notice. Kraft v. St. John Lutheran Church of Seward, Neb., 414 F.3d 943, 947 (8th Cir. 2005)(evidence allowed to show knowledge of claim relating to application of equitable tolling issue); United States. v. Austin, 54 F.3d 394, 400 (7th Cir. 1995) (evidence showed that defendant was on notice that works were forgeries); United States v. Hauert; 40 F.3d 197, 200 (7th Cir. 1994), cert. denied, 514 U.S. 1095 (1995); Bituminous Constr. Inc. v. Rucker Enterprises, Inc., 816 F.2d 965, 968-969 (4th Cir. 1987) (evidence admissible to show owner's understanding of its obligations); see, Power Authority of New York v. U.S., 62 Fed. Cl. 376, 378-379 (2004) (review of law on Rule 408 admissibility).

The 2006 amendment to Rule 408 does not affect this established case law. The Advisory Committee Notes relating to the amendment expressly states: "The amendment does not affect the case law providing that Rule 408 is inapplicable when evidence of the compromise is offered to prove notice." See, Brady v. Wal-Mart Stores, Inc., 455 F. Supp.2d 157, 180 (E.D.N.Y. 2006) (evidence allowed to show that employer was aware of its obligations under the statute).

Because the Government proposes to use evidence from the March 23, 2005 settlement meeting solely for the purpose of showing that DeAtley was placed on notice that the Government viewed its claim as being fraudulent, such notice, together with DeAtley's failure to amend its claim, is relevant in deciding whether there was the requisite intent to defraud. Riley

Construction Company v. United States, 65 Fed. Cl. 264, 270 (2005) (plaintiff continued to pursue its claim during the years the case was pending). It is clear beyond cavil that the use of a statement, made by Government counsel during a settlement meeting, solely for the purpose of establishing that as early as March 2005, plaintiff was on notice that it was the Government's position that DeAtley's claim was false, is not barred by Rule 408. The Government is not proposing to use evidence from the settlement meeting to show liability for, invalidity of, or the amount of a claim that was disputed, or to impeach any witness--the purposes expressly covered by Rule 408. Rather, as stated in our amended answer and counterclaims, paragraph 67.b., the use of the evidence is to show that DeAtley was on notice that the Government considered the claim to contain fraudulent elements.

For the foregoing reasons, the Government respectfully requests that DeAtley's motion be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Attorneys for Defendant

OF COUNSEL

TIMOTHY BINDER
Division Counsel
U.S. Dept. of Transportation
Federal Highway Administration
610 East Fifth Street
Vancouver, WA 98661-3801

June 18, 2007