IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC., Plaintiff, vs. THE UNITED STATES, Defendant. | ) | Case No.: 041052C (Judge Edward J. Damich) |

SUPPLEMENTAL AFFIDAVIT OF CRAIG OWENS

STATE OF WASHINGTON )
: ss
County of Spokane )

I, Craig Owens, being first sworn upon oath, say as follows:

1. I am over the age of 18, competent to testify to the matters contained herein and make this Affidavit based upon personal knowledge.

2. During the second year of the Flowery Trail Project, I was the Project Manager for M.A. Deatley Construction, Inc. ("Deatley"). I currently am the President and Owner of Owen's Construction, Inc.

3. On October 27, 2006, I signed an affidavit in relation to this case attempting to explain M.A. Deatley's claim based on my interpretation of the

Government's accusations that we had fraudulently prepared the claim. Recently, I reviewed my affidavit again and I wish to submit this affidavit to correct any misunderstandings caused by my prior affidavit.

4. It is my understanding that the Government claims that Deatley seeks costs in its claim for the "initial crushing of the aggregate incurred between November 2, 2001 and November 13, 2001". In my prior affidavit, I explained that the costs in the claim from November 2001 were the costs incurred by Deatley Construction associated with the hauling of excess reject material from the quarry source to a stockpile location several miles from the quarry site. To clarify that statement, the costs in the claim that I was referring to were actually costs incurred by Deatley Construction for hauling aggregate produced by our subcontractor to stockpiles along the roadway which was rejected. These 2001 hauling costs in our claim were not part of our original scope of work, nor were they in my opinion paid for by the Government. During 2001, Deatley also had an issue with the excessive amount of material from the Government source that Deatley and our crushing subcontractor had to deal with. While I do not believe Deatley was ever fully compensated for that issue, those costs were not in our claim.

5. The Government's second allegation appears to be that the claim includes labor and equipment for placing aggregate on sections of the roadway where rejected aggregate had not been placed. In our claim, we include the costs of hauling away the aggregate that was rejected by the Government and also the costs of placing new material on the roadway where the reject had been originally placed. Our intent in preparing the

claim was to specifically not include any costs for placing the newly crushed aggregate in locations where rejected aggregate had not been placed.

Craig Owens

SUBSCRIBED AND SWORN to before me this 28th day of June, 2007.

Karen C. Van Hees
Printed Name: Karen C. Van Hees
Notary Public in and for the State of
Washington, Residing at Spokane
My Appointment Expires: 04-04-09

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of June, 2007, a copy of the foregoing *Supplemental Affidavit of Craig Owens* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK