IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.A. DeATLEY CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 041052C<br>(Judge Edward J. Damich) |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE RE: MARCH 23, 2005 SETTLEMENT MEETING**

The Government's Response to Plaintiff's Motion in Limine provides no reason for the Court to open wide the gates of FRE 408 to allow the Government to try to prove its counterclaims through confidential settlement negotiations. Indeed, no proper purpose would be served in allowing Defendant to circumvent the boundaries of admissible evidence and have the court delve into the confidential conversations of the parties' settlement meeting. Despite its attempts in its brief to downplay the meeting as only showing notice, Defendant has clearly attempted to make the conversations at the

settlement meeting a central part of its counterclaims. It intends for the evidence to show liability.

Moreover, there is no plausible manner to introduce such evidence for such a limited purpose. Even to prove "notice" would require a full exposition of the communications in the settlement meeting – for Defendant to prove exactly what was said, in what context, what else was discussed, and how Plaintiff reacted to all of it. In other words, it will open the floodgates on these confidential discussions. This is exactly the type of evidentiary mischief FRE 408 attempts to prevent. Accordingly, because any evidence surrounding the March 23, 2005 settlement meeting is barred by FRE 408, M.A. DeAtley's Motion in Limine should be granted.

## ARGUMENT

**Evidence of the March 23, 2005 Settlement Meeting is Inadmissible Because the Government is Using That Evidence to Prove an Essential Element of Its Counterclaim.**

It is clear from the Government's acts and its pleadings that its counterclaims rest on an allegation that DeAtley acted with intent or with reckless disregard in pursuing its claim against the Government. Def.'s Counterclaim at ¶ 67. In order to prove its counterclaims, Defendant must show that Plaintiff acted with intent or, as to the False Claims Act allegations, with reckless disregard for the truth. See generally Commercial Contractors, Inc. v. United States, 154 F.3d 1357, 1362 (Fed. Cir. 1998) (discussing the Government's burden of proof under 31 U.S.C. § 3729, 28 U.S.C. § 2514, and 41 U.S.C. § 604). Accordingly, in this case, knowledge or intent on behalf of DeAtley is an

essential element of the Government's case. Based on its counterclaim, it intends to argue that that M.A. DeAtley acted with reckless disregard by not revising or dropping its claim after the settlement meeting. Id. Indeed, as Defendant argues in its brief, it intends to use the settlement meeting as evidence of "whether there was the requisite intent to defraud." Def.'s Resp. to Motion in Limine, Docket No. 102, at 4. Thus, contrary to the Government's arguments, it has made the settlement meeting an essential element of its counterclaim to support liability. Id. at 67(b).

FRE 408 prohibits admission of any communications made during settlement negotiations to prove an essential element of a claim. FRE 408 (a). The rule does allow a limited exception to prove a defendant's knowledge or intent, but only when that proof does not go to liability. Power Authority of New York v. U.S., 62 Fed. Cl. 376, 377 (2004). Characterization of the evidence as a "a mere ritual intonation of permissible purpose…[which] in substance does not establish an exception to Rule 408" is not enough to establish admissibility. Power Authority of New York v. U.S., 62 Fed. Cl. 376, 379 (2004). If the evidence set forth is "so 'obviously relate[d] to liability' that its proposed introduction for 'some other purpose'" cannot be established, it is inadmissible. Id. at 379, (citing Abundis v. U.S., 15 Cl. Ct. 619,621 (1988)). When faced with a "close call, the court should lean toward exclusion." Id. at 379.

The evidence being set forth by the Government is not to prove routine notice or any other purpose that might be allowed, but it is an attempt to prove liability. Using the evidence to show notice in this case actually "amounts more so to a step toward" trying to

prove intent reckless disregard as an essential element of its counterclaim. Power Authority, 62 Fed. Cl. at 379. See Def.'s Counterclaim at ¶ 67. Indeed, showing notice from the settlement meeting fits squarely within Defendant's plans to show intent to defraud. Def.'s Response at 4. By showing notice, Defendant wants to prove that Plaintiff left the settlement meeting with an understanding that the Government considered its claim false, but it continued to pursue the claim anyway. Id. Thus, the nexus between the questions of knowledge or reckless disregard and notice is sufficiently close and the factual inquiries are so closely intertwined that the purpose and spirit of Rule 408 would be contravened by the admission of statements made during settlement negotiations. 62 Fed. Cl. at 379.

Defendant's attempts to re-characterize the purpose of the meeting cannot overcome the ban on admissibility. None of the cases cited by the Government stand for the Government's position that settlement negotiations are admissible to prove the substance of the Government's claims. In Kraft, evidence of knowledge was used to prove the running of the statute of limitations and was completely unrelated to the party's claim of sexual abuse. Kraft v. St. John Lutheran Church of Seward, Neb., 414 F.3d 943, 947 (8th Cir. 2005). In Austin, the court allowed the evidence in to show that a previous settlement term between the defendant and the FTC expressly forbidding the defendant to continue selling forgeries was violated only a few days later when the defendant sold those paintings that both parties agreed were forgeries during the settlement agreement. U.S. v. Austin, 54 F.3d 394, 400 (7th Cir. 1995). Thus, instead of showing notice, this

evidence was set forth to show an undisputed stipulation in the agreement that was later breached. Id. In Bituminous, the statements from settlement negotiations were used to show that one of the parties had admitted that he knew of his obligation to pay a third party, while in Hauert the evidence was used to demonstrate that the defendant admitted knowledge of the law during an earlier tax audit so as to refute his "good-faith misunderstanding of the law" defense. Bituminous Constr., Inc. v. Rucker Enterprises, Inc., 816 F.2d 965, 969 (4th Cir. 1987); United States v. Hauert, 40 F.3d 197, 200 (7th Cir. 1994).

Allowing in the evidence of the settlement meeting will also present a litany of other issues. Even if the purpose of the evidence was appropriate, Defendant will have to show exactly what was stated at the meeting, the context of the discussions, and the reaction of Plaintiff's representatives. Plaintiff will need to present evidence to rebut and defend the testimony. Defendant's Attorney-of-Record will need to testify as a witness to the settlement meeting, as either called by Defendant or by Plaintiff to defend the allegations. Moreover, Defendant's introduction of the settlement meeting into evidence will place Plaintiff's Attorney-of-Record in the precarious ethical position of having to testify to counter Defendant's testimony and protect its client's interests. Placing the attorneys for M.A. DeAtley in that position could cause undue hardship upon DeAtley.

Allowing the Government to bring in evidence of the settlement meeting would also contravene this Court's attempts to encourage alternative dispute resolution and settlement discussions during litigation. Pursuant to the Court's Procedures for

Alternative Dispute Resolution (Appendix H), ¶ 3(d), the "communications within the scope of the proceedings…are confidential and will not be provided to a judge of the court who is not the settlement judge in the dispute." There is good reason for this rule. If parties thought that their discussions in compromise would be subject to later presentation as testimony, they would be wary of participating in such meetings or would be less willing to make any concessions for fear that it would be used against them at trial. Allowing such confidential discussions into evidence would have a chilling effect on the ability of the court to conduct any type of alternative dispute resolution proceedings in the future.

These issues are exactly the type that FRE 408 attempts to prevent. The statements made during the March 23, 2005 meeting are clearly inadmissible under FRE 408. The Government is attempting to use the meeting to prove an essential element of its counterclaim -- that DeAtley acted with a "requisite intent to defraud" – and, therefore, is liable under the counterclaims. See Def.'s Resp. at 4-5. The Government should not be allowed by the Court to contravene FRE 408 by asserting that it is using the statements from the meeting "solely for the purpose of showing that DeAtley was placed on notice" and ignoring its theory of the case. There is no proper purpose for allowing the evidence into the trial. Therefore, the Court should grant M.A. DeAtley's Motion in Limine.[1]

[1] We also note that the Government has never directly addressed Plaintiff's relevance argument. It has not shown how the evidence of the settlement meeting would be relevant to proving that Plaintiff acted with intent or with reckless disregard when it filed its claim.

## CONCLUSION

Pursuant to the foregoing, M.A. DeAtley's Motion in Limine preventing any evidence of discussions surrounding or occurring during the March 23, 2005 settlement meeting should be granted.

DATED this 2nd day of July, 2007.

s/ JOHN C. BLACK
JOHN C. BLACK
10 N. Post Street, Suite 200
Spokane, WA 99201-0653
Telephone: (509) 455-8711
Fax: (509) 455-8734

Of Counsel:

J. Michael Littlejohn
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
(703) 790-8750 - phone
(703) 448-1801- fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of July, 2007, a copy of the foregoing *Reply to Defendant's Response to Plaintiff's Motion In Limine Re: March 23, 2005 Settlement Meeting* was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ JOHN C. BLACK
JOHN C. BLACK